# EXHIBIT A

# SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF KING

WASHINGTON ELECTION INTEGRITY )
COALITION UNITED, a Washington State )
Nonprofit Corporation; DOUG BASLER; )
HOWARD FERGUSON; DIANA BASS; )
TIMOFEY SAMOYLENKO; AMY )
BEHOPE; MARY HALLOWELL; )
SAMANTHA BUCARI; RONALD )
STEWART; LYDIA ZIBIN; )
         CATHERINE DODSON, )
          )
          )
    Plaintiffs, )
          )
    v. )
          )
          )
JULIE WISE, Director of King County )
Elections; KING COUNTY, and DOES )
1-30, inclusive, )
          )
    Defendants. )
          )

Case No.

**21-2-12603-7 KNT**

VERIFIED COMPLAINT FOR
EQUAL PROTECTION; VIOLATION OF
CIVIL RIGHTS; EQUITABLE RELIEF;
INJUNCTIVE RELIEF; DECLARATORY
RELIEF; PUBLIC RECORDS ACTION TO
COMPEL BALLOT PRODUCTION

JURY DEMAND (6 PERSON)

Plaintiffs allege:

## I. PARTIES

    1.    Plaintiffs Doug Basler, Howard Ferguson, Diana Bass, Timofey Samoylenko, Amy

Behope, Mary Hallowell, Samantha Bucari, Ronald Stewart, Lydia Zibin,        and

Catherine Dodson ("Citizen Plaintiffs") are King County residents and lawful electors of

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Washington State who voted in the November 2020 General Election ("Election"). (Article VI, §1, Washington State Constitution).

2.     Plaintiff Washington Election Integrity Coalition United ("WEiCU") is a Washington State nonprofit corporation with its principal office in Pierce County, Washington.

3.     At all relevant times, Defendant Julie Wise is serving as the Director of King County Elections for the State of Washington, King County ("Director" and "County"), responsible for all Election procedures, elections staff, election workers, election observers, the accuracy of the County's Election vote tabulations, and certification of the County Election's tabulation results.

4.     Defendant King County is a municipal corporation.

## II. OVERVIEW

5.     The Director is responsible for conducting the County's Election in violation of, *inter alia*, Plaintiffs' equal protection, due process and free speech rights under the Washington State and United States Constitutions. Plaintiffs demand a jury trial and seek a judgment for damages for violations of their civil rights stemming from the Director using an uncertified voting system, allowing or facilitating vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification. Plaintiff WEiCU issued a records request for ballots to confirm or deny the conduct and seeks a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110, for a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots.

/ / /

/ / /

### III. JURISDICTION, VENUE, LIMITATIONS

6.      Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that: (1) A wrongful act has been performed or is about to be performed by any election officer; or (2) Any neglect of duty on the part of an election officer has occurred or is about to occur. (RCW 29A.68.013(1), (2).)

7.      Venue is proper in the County's Superior Court for Constitutional violations, wrongful acts and/or neglect of duty by Director during the County's Election. (RCW 29A.68.013(1), (2).) Given a troublesome recent trend of judges recusing themselves thereby forcing actions to more favorable venues, Plaintiffs request that the Court immediately disclose to the parties any direct or indirect communications with any third parties aimed at disrupting the Court's ability to administer this action in a fair and equitable manner.

8.      The narrow 10 day limitations period of RCW 29A.68.013 subsection (3) does not apply to Plaintiffs' claims, as Plaintiffs are not seeking de-certification of the Election.

9.      Plaintiffs do not know the true names of defendants Does 1 through 30, inclusive, who are therefore sued by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when they are ascertained.

/ / /

/ / /

/ / /

## IV. WRONGFUL ACTS: USE OF UNCERTIFIED VOTING SYSTEM

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

10.     Plaintiffs incorporate the allegations of paragraphs 1 through 9 above, as though fully set forth herein.

11.     Plaintiffs are informed and believe and thereon allege, that Director engaged in a wrongful act by using an uncertified voting system to tabulate votes for the Election.

12.     Director, who oversees all elections for the County, is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs). (Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

13.     No voting device or its component software may be certified unless it has been tested and approved by an EAC accredited VSTL. (*Id.*)

14.     Plaintiffs are informed and believe and thereon allege, that at the time of VSTL testing of the voting system used by Director for the Election, the VSTL was not accredited by the EAC. As a result, the EAC's and state level purported 'certifications' of the system in reliance on the non-accredited testing reports are null and void, and the Election was conducted by Director in violation of state and federal law. ("Uncertified Voting System"; 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

15.     Plaintiffs are further informed and believe, and thereon allege, that in November 2020, Director personally certified the County's tabulation results generated by the Uncertified

Voting System for the Election, and that such act was in further error and/or neglect under state and federal law.

## V. DECLARATORY RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Director)

16.     Plaintiffs incorporate the allegations of paragraphs 1 through 15 above, as though fully set forth herein.

17.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that any electronic voting system used by Director to tabulate votes must be properly and legally certified under state and federal law.

18.     Plaintiffs are informed and believe, and thereon allege, that Director disputes and denies the allegations of paragraphs 11 through 15 above.

19.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director as they pertain to the Uncertified Voting System used for the Election and future elections conducted by Director in the County.

## VI. EQUITABLE RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Director)

20.     Plaintiffs incorporate the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

21.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from conducting elections on the Uncertified Voting System, as any additional elections conducted using the Uncertified Voting System will be in further violation of state and federal law. In addition, Plaintiffs will suffer

irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

22.    Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from using the Uncertified Voting System or any uncertified voting system to tabulate votes in any election held in the County.

## VII. WRONGFUL ACTS: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS
### RCW 29A.68.013(1) and/or (2)
### (Citizen Plaintiffs v. Director)

23.    Plaintiffs incorporate the allegations of paragraphs 1 through 22 above, as though fully set forth herein.

24.    Prior to assuming the duties of overseeing elections for the County, Director entered into a solemn contract with the citizens of the County in the form of a publicly sworn oath to, *inter alia*, 'faithfully and impartially discharge the duties of his or her office to the best of his or her ability." (RCW 36.16.040; "Oath")

25.    Contrary to Director's Oath, Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

26.    Plaintiffs are informed and believe and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. Plaintiffs are informed and

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Director.

## VIII. DECLARATORY RELIEF: VOTE FLIPPING, ADDITIONS AND/OR DELETIONS

### (Citizen Plaintiffs v. Director)

27.     Plaintiffs incorporate the allegations of paragraphs 1 through 26 above, as though fully set forth herein.

28.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in a wrongful act, error and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

29.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the alleged vote flipping, additions and/or deletions before, during and/or after the Election.

## IX. EQUITABLE RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS

### (Citizen Plaintiffs v. Director)

30.     Plaintiffs incorporate the allegations of paragraphs 1 through 29 above, as though fully set forth herein.

31.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County. In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

32.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.

## X. WRONGFUL ACTS: PARTY PREFERENCE

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

33.     Plaintiffs incorporate the allegations of paragraphs 1 through 32 above, as though fully set forth herein.

34.     Contrary to Director's Oath of impartiality, Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

## XI. DECLARATORY RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

35.     Plaintiffs incorporate the allegations of paragraphs 1 through 34 above, as though fully set forth herein.

36.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in wrongful acts, errors and/or neglect of duty by: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

37.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the alleged party preference conduct.

## XII. EQUITABLE RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

38.     Plaintiffs incorporate the allegations of paragraphs 1 through 36 above, as though fully set forth herein.

39.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating party preference tracking and/or ballot identification.  In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

40.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

## XIII. WRONGFUL ACTS: BALLOT SECURITY

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

41.     Plaintiffs incorporate the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

42.     Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

## XIV. DECLARATORY RELIEF: BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

43.     Plaintiffs incorporate the allegations of paragraphs 1 through 42 above, as though fully set forth herein.

44.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

45.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the above alleged wrongful acts.

## XV. EQUITABLE RELIEF: BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

46.     Plaintiffs incorporate the allegations of paragraphs 1 through 45 above, as though fully set forth herein.

47.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots. In addition,

Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

48.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

## XVI. PUBLIC RECORDS ACTION

### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110

### (Plaintiff WEiCU v. Director and County)

49.     Plaintiffs incorporate the allegations of paragraphs 1 through 48 above, as though fully set forth herein.

50.     In order to prove (or disprove) Plaintiffs' allegations herein, WEiCU brings this Public Records Act action to compel Defendants to provide access to public records from the Election for a full forensic audit. (RCW 42.56.030, 42.56.550, 29A.60.110).

51.     In September 2021, Plaintiff WEiCU submitted a records request to Director requesting original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election. (RCW 42.56, "PRR"). The County denied one or more of the requested documents in WEiCU's PRR as exempt under RCW 42.56 citing RCW 29A.60.110 and/or White v. Clark County, 199 Wn.App. 929 (2017) ("PRR Denial"; "White Case").

52.     Contrary to the PRR Denial, RCW 29A.60.110 does not prohibit ballot review and expressly permits court ordered review of ballots. In addition, the White Case relies on WA State Constitution Article 6, Section 6 as grounds for refusing access to ballots, but that provision

actually guarantees secrecy <u>only</u> in the preparation and deposit of ballots, and says nothing about secrecy following an election: "The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in **preparing** and **depositing** his ballot." [WA State Const. Art. 6, § 6 [emphasis added].)

53.     Article 6, Section 6 does not prohibit public access to unidentifiable ballots after an election. Such interpretation of the State Constitution would prevent any ballot reviews relating to wrongful acts in an election and would be contrary to Article 1, Section 19 of the Washington State Constitution which ensures fair and free elections in our state: "All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

54.     Moreover, the State Constitution is consistent with Washington State law and administrative code, which provide that access to ballots or ballot images via court order is entirely appropriate to prove or disprove election irregularities, and that such review "shall be de novo." (RCW 42.56.030 [the people do not yield their sovereignty to the agencies and insist on remaining informed so that they may maintain control over the instruments they have created to assure public interest is fully protected]; RCW 42.56.550(3) [judicial review of all agency actions taken or challenged under the [PRA] "shall be de novo".]; RCW 29A.60.110 [allows unsealing of ballots "...by order of the superior court in a contest or election dispute."]; WAC 434-261-045 ["Voted ballots and voted ballot images may . . . be accessed in accordance with RCW 29A.60.110 [unsealing of ballots allowed by court order]).

55.     Numerous courts outside of Washington State have ruled that ballots are public records and subject to inspection: "Nothing could be more obvious than that a ballot becomes a public record once it is voted." (*Rogers v. Hood*, 906 So. 2d 1220, 1223 (Fla. Dist. Ct. App. 2005);

*Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) [ballot secrecy is not violated if "the identity of the voter cannot be discerned from the face of that ballot"]).

56.     Defendants must be compelled to comply with the PRR not only because the documents requested are public records, but also to prove (or disprove) the allegations herein. WEiCU further requests that the Court unseal the ballots under RCW 29A.60.110, as Plaintiff WEiCU stands ready, willing and able to conduct a full forensic audit of the requested public records in coordination with Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots.

## XVII. DECLARATORY RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS
## WA STATE CONSITUTION ART. I, § 1, § 2, § 3, § 12, §19, §29; ART. VI, §6,
## US CONSTITUTION AMENDMENTS I, XIV
### (Citizen Plaintiffs v. Director)

57.     Plaintiffs incorporate the allegations of paragraphs 1 through 56 above, as though fully set forth herein.

58.     The right to freely elect one's representatives and to influence the political direction of one's government is the democratic republic's indispensable political foundation. Without free elections, there is neither the possibility for citizens to express their will nor the opportunity for citizens to change their leaders, approve policies for the country, address wrongs, or protest the limitation of their rights afforded to them by the Constitution. (Article 1, §19 Washington State Constitution).

59.     Moreover, Constitutional requirements and mandates may not be ignored by Director or this Court. (Article 1, §2, §29, Washington State Constitution.) Elections establish the citizenry's and the individual's right to FREE SPEECH as depicted by the First Amendment of the

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Constitution of the United States of America. Accordingly, Plaintiffs hereby demand of the Superior Court that the state and federal Constitutions be followed so that free and fair elections may be held in the County consistent with the free speech will of the People.

60.     Article 1 § 3 of the Washington State Constitution states: "No person shall be deprived of life, liberty, or property without due process of law." The right to vote is a fundamental right to which all lawful citizens of Washington State who meet the requirements are entitled, and as such this right is a "liberty" protected under Article 1 Section 3 of the Washington State Constitution.

61.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend as follows:

a.     Director's wrongful acts as alleged herein infringed upon Plaintiffs' fundamental rights of equal protection, due process, and/or free speech under the Washington State Constitution and/or United States Constitution and amendments;

b.     Because Director failed to follow state and federal law, qualified electors were denied their fundamental right of suffrage without due process of law. Qualified electors who voted similarly had the value of their votes diluted, and the will of said voters denied, without due process of law;

c.     That the principles of equal protection require that Director abide by the process created by the Legislature to ensure uniform treatment of ballots regardless of who cast them, the manner in which they are cast, and/or who or what was voted for upon those ballots;

d.     That Director's conduct alleged herein abridged Plaintiffs' rights under the fourteenth amendment to the United States Constitution, which reads in relevant part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

United States; nor shall any state ... deny to any person within its jurisdiction the equal protection of the laws." The requirements of the special "privileges or immunities" prohibition of WA State Const. Art. 1, § 12 are in most cases at least as stringent as those of the federal equal protection clause. *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 819 n. 9, 539 P.2d 845 (1975);

  e.  That ballots from County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law; and,

  f.  That Plaintiffs' state and/or federal Constitutional rights have been abridged as a proximate result of Director's conduct as alleged herein.

  62.  Plaintiffs are informed and believe, and thereon allege, that Director disputes and denies the contentions set forth in subparagraphs (a) through (f) above.

  63.  It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director, as they pertain to the Election and future elections in the County.

## XVIII. INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

### (Citizen Plaintiffs v. Director)

  64.  Plaintiffs incorporate the allegations of paragraphs 1 through 63 above, as though fully set forth herein.

  65.  By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Unless Director is immediately and permanently restrained from taking any further actions in violation of Plaintiff's Constitutional rights, Plaintiffs will suffer irreparable injury in that, among other things, their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

66.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from:

a)  Using an Uncertified Voting System;

b)  Allowing or facilitating vote flipping, additions and/or deletions;

c)  Allowing or facilitating party preference tracking and/or ballot identification; and/or,

d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes.

## XIX. DAMAGES FOR CIVIL RIGHTS VIOLATIONS

### 42 USC §1983, §1988

### (Citizen Plaintiffs v. Director)

67.     Plaintiffs incorporate the allegations of paragraphs 1 through 66 above, as though fully set forth herein.

68.     Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (42 U.S.C. §1983).

69.     Director's actions as alleged herein were done under color of state law.

70.     While acting under color of state law, and as a proximate result of Director's conduct, Director deprived Plaintiffs of their federal rights under, *inter alia*, the First and/or Fourteenth Amendments to the United States Constitution.

71.     Plaintiffs have incurred and will incur expenses of suit as a result of this proceeding, in an amount that cannot yet be ascertained, and reserve all rights to recovery under 42 U.S.C. Sections 1983 and 1988.

## XX. DEMAND FOR JURY TRIAL

72.     Director's conduct alleged herein raises serious questions of fact. (RCW 4.44.090 [all questions of fact shall be decided by the jury].) Plaintiffs' right of trial by jury "shall remain inviolate". (Washington State Constitution, Art. 1, §21; US Constitution Amendment VII.) Plaintiffs hereby demand a jury trial.

## XXI. RELIEF SOUGHT

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. That Director be found in error and/or neglect for using an Uncertified Voting System during the Election;

2. That Director be found in error and/or neglect for allowing and/or facilitating vote flipping, additions and/or deletions before, during and/or after the Election;

3. That Director be found in error and/or neglect for allowing or facilitating party preference tracking and/or ballot identification for the Election;

4. That Director be found in error and/or neglect for allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes;

5. That Director be ordered to desist from the following errors and wrongful acts and facilitation thereof:

    a) Using an Uncertified Voting System;

    b) Allowing or facilitating vote flipping, additions and/or deletions;

c) Allowing or facilitating party preference tracking and/or ballot identification; and/or,

d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes.

6. That Director and/or Defendant County be compelled and ordered to comply with WEiCU's PRR, including a Court order unsealing ballots under RCW 29A.60.110, for the purpose, *inter alia*, of a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots;

7. For a declaration that Director's actions violated Plaintiffs' Constitutional Rights to Equal Protection, Due Process, and/or Free Speech Under the Law (WA State Const., Art I, § 1, § 2, § 3, § 12, §19, §29 ; Art. VI, §6, US Const. Amendments I and/or XIV);

8. For preliminary and permanent injunctive relief injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) enjoining Director, Director's agents, employees, and all persons acting in concert with Director, from any and all of the following actions, as Plaintiffs' remedies at law are inadequate, and Director's conduct will cause Plaintiffs to suffer irreparable injury through continued violations of their Constitutional rights:

a) Using an Uncertified Voting System;

b) Allowing or facilitating vote flipping, additions and/or deletions;

c) Allowing or facilitating party preference tracking and/or ballot identification; and/or,

VER. COMPLAINT FOR EQUAL PROTECTION     18

d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes.

9. For damages for violation of Plaintiffs' constitutional rights under color of law (42 U.S.C. Sections 1983); and/or,

10. For attorney's fees, for costs of suit, and for such other and further relief as the Court deems just and proper.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: _____ 9/17/2021 _____

*Tamborine Borrelli*

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
Gig Harbor, WA 98329-4215
Phone: 253-375-1255

Dated: _____ 9/16/2021 _____

*Doug Basler*

Doug Basler
Plaintiff, *Pro Se*
Address: 1851 Central Place S, Suite 123
Kent, WA 98032
Phone: (206) 601-3133

Dated: _____ 9/16/2021 _____

*Howard Ferguson*

Howard Ferguson
Plaintiff, *Pro Se*
Address: 4357 13th Ave. S.
Seattle, WA 98108
Phone: (206) 898-2696

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____9/16/2021_____

Diana Bass
Plaintiff, *Pro Se*
Address: P.O. Box 7364
             Bellevue, WA 98008
Phone: (425) 649-9765

Dated: _____9/17/2021_____

Timofey Samoylenko
Plaintiff, *Pro Se*
Address: 1921 R St. NE
             Auburn, WA 98002
Phone: (206) 305-3692

Dated: _____9/16/2021_____

Amy Behope
Plaintiff, *Pro Se*
Address: 507 SW 302nd St
             Federal Way, WA 98023
Phone: (206) 683-3122

Dated: _____9/17/2021_____

Mary Hallowell
Plaintiff, *Pro Se*
Address: 17505 462nd Ave SE
             North Bend, WA 98045
Phone: (425) 888-2208

Dated: _____9/17/2021_____

Samantha Bucari
Plaintiff, *Pro Se*
Address: 3546 S 244th St
             Kent, WA 98032
Phone: (253) 653-7553

VER. COMPLAINT FOR EQUAL PROTECTION    20

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____9/17/2021_____

Ronald Stewart
Plaintiff, *Pro Se*
Address: 29506 51st Avenue South
          Auburn, WA 98001
Phone: (206) 790-8187

Dated: _____9/16/2021_____

Lydia Zibin
Plaintiff, *Pro Se*
Address: 254 145th PL SE
          Bellevue, WA 98007
Phone: (425) 894-1467

Dated: _____9/16/2021_____

Catherine Dodson
Plaintiff, *Pro Se*
Address: 42131-212th Ave SE
          Enumclaw, WA 98022
Phone: (253) 709-3339

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

# VERIFICATIONS

I, Tamborine Borrelli, declare:

I am the Director of Washington Election Integrity Coalition United, a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in Thurston County, State of Washington, on this _____ day of _____, 2021.

9/17/2021

WASHINGTON ELECTION INTEGRITY COALITION UNITED, a WA State Nonprofit

*Tamborine Borrelli*

By: Tamborine Borrelli
Its: Director

I, Doug Basler, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of king, State of Washington, on this _____ day of _____, 2021.

9/16/2021

*Doug Basler*

Doug Basler

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Howard Ferguson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _KING_____, State of Washington, on this _____ day of ___9/16/2021_____, 2021.

DocuSigned by:

*Howard Ferguson*

—68GF5G8B2FFF46E...

Howard Ferguson

I, Diana Bass, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _King_____, State of Washington, on this _____ day of ___9/16/2021_____, 2021.

DocuSigned by:

*Diana Bass*

—FC3095CD8E54475...

Diana Bass

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Timofey Samoylenko, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of _____9/17/2021_____, 2021.

_____
Timofey Samoylenko

I, Amy Behope, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of _____9/16/2021_____, 2021.

_____
Amy Behope

VER. COMPLAINT FOR EQUAL PROTECTION     24

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Mary Hallowell, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/17/2021 _____, 2021.

DocuSigned by:

*Mary Hallowell*
B506C937E84C48D...

Mary Hallowell

I, Samantha Bucari, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/17/2021 _____, 2021.

DocuSigned by:

*Samantha Bucari*
B506B30E10E6414...

Samantha Bucari

VER. COMPLAINT FOR EQUAL PROTECTION      25

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Ronald Stewart, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of _____9/17/2021_____, 2021.

Ronald Stewart

I, Lydia Zibin, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of _____9/16/2021_____, 2021.

Lydia Zibin

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Catherine Dodson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King

_____, State of Washington, on this _____ day of 9/16/2021 _____, 2021.

DocuSigned by:

*Catherine Dodson*

266E0DE726EC4BB...

Catherine Dodson