# EXHIBIT A

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 001
# Complaint

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON,<br><br>       Plaintiffs,<br><br>       v.<br><br>JULIE WISE, Director of King County Elections; KING COUNTY, and DOES 1-30, inclusive,<br><br>       Defendants. | Case No.<br><br>**21-2-12603-7 KNT**<br><br>VERIFIED COMPLAINT FOR EQUAL PROTECTION; VIOLATION OF CIVIL RIGHTS; EQUITABLE RELIEF; INJUNCTIVE RELIEF; DECLARATORY RELIEF; PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION<br><br>JURY DEMAND (6 PERSON) |

Plaintiffs allege:

## I. PARTIES

1.      Plaintiffs Doug Basler, Howard Ferguson, Diana Bass, Timofey Samoylenko, Amy

Behope, Mary Hallowell, Samantha Bucari,  Ronald Stewart, Lydia Zibin,                    and

Catherine Dodson ("Citizen Plaintiffs") are King County residents and lawful electors of

VER. COMPLAINT FOR EQUAL PROTECTION      1

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Washington State who voted in the November 2020 General Election ("Election"). (Article VI, §1, Washington State Constitution).

2.      Plaintiff Washington Election Integrity Coalition United ("WEiCU") is a Washington State nonprofit corporation with its principal office in Pierce County, Washington.

3.      At all relevant times, Defendant Julie Wise is serving as the Director of King County Elections for the State of Washington, King County ("Director" and "County"), responsible for all Election procedures, elections staff, election workers, election observers, the accuracy of the County's Election vote tabulations, and certification of the County Election's tabulation results.

4.      Defendant King County is a municipal corporation.

## II. OVERVIEW

5.      The Director is responsible for conducting the County's Election in violation of, *inter alia*, Plaintiffs' equal protection, due process and free speech rights under the Washington State and United States Constitutions. Plaintiffs demand a jury trial and seek a judgment for damages for violations of their civil rights stemming from the Director using an uncertified voting system, allowing or facilitating vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification. Plaintiff WEiCU issued a records request for ballots to confirm or deny the conduct and seeks a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110, for a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots.

/ / /

/ / /

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

## III. JURISDICTION, VENUE, LIMITATIONS

6.      Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that: (1) A wrongful act has been performed or is about to be performed by any election officer; or (2) Any neglect of duty on the part of an election officer has occurred or is about to occur. (RCW 29A.68.013(1), (2).)

7.      Venue is proper in the County's Superior Court for Constitutional violations, wrongful acts and/or neglect of duty by Director during the County's Election. (RCW 29A.68.013(1), (2).) Given a troublesome recent trend of judges recusing themselves thereby forcing actions to more favorable venues, Plaintiffs request that the Court immediately disclose to the parties any direct or indirect communications with any third parties aimed at disrupting the Court's ability to administer this action in a fair and equitable manner.

8.      The narrow 10 day limitations period of RCW 29A.68.013 subsection (3) does not apply to Plaintiffs' claims, as Plaintiffs are not seeking de-certification of the Election.

9.      Plaintiffs do not know the true names of defendants Does 1 through 30, inclusive, who are therefore sued by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when they are ascertained.

/ / /

/ / /

/ / /

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

## IV. WRONGFUL ACTS: USE OF UNCERTIFIED VOTING SYSTEM

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

10.     Plaintiffs incorporate the allegations of paragraphs 1 through 9 above, as though fully set forth herein.

11.     Plaintiffs are informed and believe and thereon allege, that Director engaged in a wrongful act by using an uncertified voting system to tabulate votes for the Election.

12.     Director, who oversees all elections for the County, is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs). (Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

13.     No voting device or its component software may be certified unless it has been tested and approved by an EAC accredited VSTL. (*Id.*)

14.     Plaintiffs are informed and believe and thereon allege, that at the time of VSTL testing of the voting system used by Director for the Election, the VSTL was not accredited by the EAC. As a result, the EAC's and state level purported 'certifications' of the system in reliance on the non-accredited testing reports are null and void, and the Election was conducted by Director in violation of state and federal law. ("Uncertified Voting System"; 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

15.     Plaintiffs are further informed and believe, and thereon allege, that in November 2020, Director personally certified the County's tabulation results generated by the Uncertified

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Voting System for the Election, and that such act was in further error and/or neglect under state and federal law.

## V. DECLARATORY RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Director)

16.     Plaintiffs incorporate the allegations of paragraphs 1 through 15 above, as though fully set forth herein.

17.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that any electronic voting system used by Director to tabulate votes must be properly and legally certified under state and federal law.

18.     Plaintiffs are informed and believe, and thereon allege, that Director disputes and denies the allegations of paragraphs 11 through 15 above.

19.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director as they pertain to the Uncertified Voting System used for the Election and future elections conducted by Director in the County.

## VI. EQUITABLE RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Director)

20.     Plaintiffs incorporate the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

21.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from conducting elections on the Uncertified Voting System, as any additional elections conducted using the Uncertified Voting System will be in further violation of state and federal law. In addition, Plaintiffs will suffer

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

22.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from using the Uncertified Voting System or any uncertified voting system to tabulate votes in any election held in the County.

## VII. WRONGFUL ACTS: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS
### RCW 29A.68.013(1) and/or (2)
### (Citizen Plaintiffs v. Director)

23.     Plaintiffs incorporate the allegations of paragraphs 1 through 22 above, as though fully set forth herein.

24.     Prior to assuming the duties of overseeing elections for the County, Director entered into a solemn contract with the citizens of the County in the form of a publicly sworn oath to, *inter alia*, 'faithfully and impartially discharge the duties of his or her office to the best of his or her ability." (RCW 36.16.040; "Oath")

25.     Contrary to Director's Oath, Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

26.     Plaintiffs are informed and believe and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. Plaintiffs are informed and

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Director.

## VIII. DECLARATORY RELIEF: VOTE FLIPPING, ADDITIONS AND/OR DELETIONS
### (Citizen Plaintiffs v. Director)

27.    Plaintiffs incorporate the allegations of paragraphs 1 through 26 above, as though fully set forth herein.

28.    A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in a wrongful act, error and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

29.    It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the alleged vote flipping, additions and/or deletions before, during and/or after the Election.

## IX. EQUITABLE RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS
### (Citizen Plaintiffs v. Director)

30.    Plaintiffs incorporate the allegations of paragraphs 1 through 29 above, as though fully set forth herein.

31.    By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.   In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

32.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.

## X. WRONGFUL ACTS: PARTY PREFERENCE

## RCW 29A.68.013(1) and/or (2)

## (Citizen Plaintiffs v. Director)

33.     Plaintiffs incorporate the allegations of paragraphs 1 through 32 above, as though fully set forth herein.

34.     Contrary to Director's Oath of impartiality, Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

## XI. DECLARATORY RELIEF: PARTY PREFERENCE

## (Citizen Plaintiffs v. Director)

35.     Plaintiffs incorporate the allegations of paragraphs 1 through 34 above, as though fully set forth herein.

36.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in wrongful acts, errors and/or neglect of duty by: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

37.    It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the alleged party preference conduct.

## XII. EQUITABLE RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

38.    Plaintiffs incorporate the allegations of paragraphs 1 through 36 above, as though fully set forth herein.

39.    By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating party preference tracking and/or ballot identification.  In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

40.    Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

## XIII. WRONGFUL ACTS: BALLOT SECURITY

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

41.    Plaintiffs incorporate the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

42.     Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

## XIV. DECLARATORY RELIEF: BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

43.     Plaintiffs incorporate the allegations of paragraphs 1 through 42 above, as though fully set forth herein.

44.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

45.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the above alleged wrongful acts.

## XV. EQUITABLE RELIEF: BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

46.     Plaintiffs incorporate the allegations of paragraphs 1 through 45 above, as though fully set forth herein.

47.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots. In addition,

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

48.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

## XVI. PUBLIC RECORDS ACTION

### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110

### (Plaintiff WEiCU v. Director and County)

49.     Plaintiffs incorporate the allegations of paragraphs 1 through 48 above, as though fully set forth herein.

50.     In order to prove (or disprove) Plaintiffs' allegations herein, WEiCU brings this Public Records Act action to compel Defendants to provide access to public records from the Election for a full forensic audit. (RCW 42.56.030, 42.56.550, 29A.60.110).

51.     In September 2021, Plaintiff WEiCU submitted a records request to Director requesting original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election. (RCW 42.56, "PRR"). The County denied one or more of the requested documents in WEiCU's PRR as exempt under RCW 42.56 citing RCW 29A.60.110 and/or White v. Clark County, 199 Wn.App. 929 (2017) ("PRR Denial"; "White Case").

52.     Contrary to the PRR Denial, RCW 29A.60.110 does not prohibit ballot review and expressly permits court ordered review of ballots. In addition, the White Case relies on WA State Constitution Article 6, Section 6 as grounds for refusing access to ballots, but that provision

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

actually guarantees secrecy <u>only</u> in the preparation and deposit of ballots, and says nothing about secrecy following an election: "The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in **preparing** and **depositing** his ballot." [WA State Const. Art. 6, § 6 [emphasis added].)

53.     Article 6, Section 6 does not prohibit public access to unidentifiable ballots after an election. Such interpretation of the State Constitution would prevent any ballot reviews relating to wrongful acts in an election and would be contrary to Article 1, Section 19 of the Washington State Constitution which ensures fair and free elections in our state: "All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

54.     Moreover, the State Constitution is consistent with Washington State law and administrative code, which provide that access to ballots or ballot images via court order is entirely appropriate to prove or disprove election irregularities, and that such review "shall be de novo." (RCW 42.56.030 [the people do not yield their sovereignty to the agencies and insist on remaining informed so that they may maintain control over the instruments they have created to assure public interest is fully protected]; RCW 42.56.550(3) [judicial review of all agency actions taken or challenged under the [PRA] "shall be de novo".]; RCW 29A.60.110 [allows unsealing of ballots "...by order of the superior court in a contest or election dispute."]; WAC 434-261-045 ["Voted ballots and voted ballot images may . . . be accessed in accordance with RCW 29A.60.110 [unsealing of ballots allowed by court order]).

55.     Numerous courts outside of Washington State have ruled that ballots are public records and subject to inspection: "Nothing could be more obvious than that a ballot becomes a public record once it is voted." (*Rogers v. Hood*, 906 So. 2d 1220, 1223 (Fla. Dist. Ct. App. 2005);

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

*Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) [ballot secrecy is not violated if "the identity of the voter cannot be discerned from the face of that ballot"]).

56.     Defendants must be compelled to comply with the PRR not only because the documents requested are public records, but also to prove (or disprove) the allegations herein. WEiCU further requests that the Court unseal the ballots under RCW 29A.60.110, as Plaintiff WEiCU stands ready, willing and able to conduct a full forensic audit of the requested public records in coordination with Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots.

## XVII. DECLARATORY RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS
### WA STATE CONSITUTION ART. I, § 1, § 2, § 3, § 12, §19, §29; ART. VI, §6,
### US CONSTITUTION AMENDMENTS I, XIV
### (Citizen Plaintiffs v. Director)

57.     Plaintiffs incorporate the allegations of paragraphs 1 through 56 above, as though fully set forth herein.

58.     The right to freely elect one's representatives and to influence the political direction of one's government is the democratic republic's indispensable political foundation. Without free elections, there is neither the possibility for citizens to express their will nor the opportunity for citizens to change their leaders, approve policies for the country, address wrongs, or protest the limitation of their rights afforded to them by the Constitution. (Article 1, §19 Washington State Constitution).

59.     Moreover, Constitutional requirements and mandates may not be ignored by Director or this Court. (Article 1, §2, §29, Washington State Constitution.) Elections establish the citizenry's and the individual's right to FREE SPEECH as depicted by the First Amendment of the

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Constitution of the United States of America. Accordingly, Plaintiffs hereby demand of the Superior Court that the state and federal Constitutions be followed so that free and fair elections may be held in the County consistent with the free speech will of the People.

60.     Article 1 § 3 of the Washington State Constitution states: "No person shall be deprived of life, liberty, or property without due process of law." The right to vote is a fundamental right to which all lawful citizens of Washington State who meet the requirements are entitled, and as such this right is a "liberty" protected under Article 1 Section 3 of the Washington State Constitution.

61.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend as follows:

a.      Director's wrongful acts as alleged herein infringed upon Plaintiffs' fundamental rights of equal protection, due process, and/or free speech under the Washington State Constitution and/or United States Constitution and amendments;

b.      Because Director failed to follow state and federal law, qualified electors were denied their fundamental right of suffrage without due process of law. Qualified electors who voted similarly had the value of their votes diluted, and the will of said voters denied, without due process of law;

c.      That the principles of equal protection require that Director abide by the process created by the Legislature to ensure uniform treatment of ballots regardless of who cast them, the manner in which they are cast, and/or who or what was voted for upon those ballots;

d.      That Director's conduct alleged herein abridged Plaintiffs' rights under the fourteenth amendment to the United States Constitution, which reads in relevant part:  "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

United States; nor shall any state ... deny to any person within its jurisdiction the equal protection of the laws." The requirements of the special "privileges or immunities" prohibition of WA State Const. Art. 1, § 12 are in most cases at least as stringent as those of the federal equal protection clause. *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 819 n. 9, 539 P.2d 845 (1975);

      e.     That ballots from County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law; and,

      f.     That Plaintiffs' state and/or federal Constitutional rights have been abridged as a proximate result of Director's conduct as alleged herein.

62.     Plaintiffs are informed and believe, and thereon allege, that Director disputes and denies the contentions set forth in subparagraphs (a) through (f) above.

63.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director, as they pertain to the Election and future elections in the County.

## XVIII. INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

### (Citizen Plaintiffs v. Director)

64.     Plaintiffs incorporate the allegations of paragraphs 1 through 63 above, as though fully set forth herein.

65.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Unless Director is immediately and permanently restrained from taking any further actions in violation of Plaintiff's Constitutional rights, Plaintiffs will suffer irreparable injury in that, among other things, their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

66.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from:

   a)   Using an Uncertified Voting System;

   b)   Allowing or facilitating vote flipping, additions and/or deletions;

   c)   Allowing or facilitating party preference tracking and/or ballot identification; and/or,

   d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes.

## XIX. DAMAGES FOR CIVIL RIGHTS VIOLATIONS

### 42 USC §1983, §1988

### (Citizen Plaintiffs v. Director)

67.     Plaintiffs incorporate the allegations of paragraphs 1 through 66 above, as though fully set forth herein.

68.     Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (42 U.S.C. §1983).

69.     Director's actions as alleged herein were done under color of state law.

70.     While acting under color of state law, and as a proximate result of Director's conduct, Director deprived Plaintiffs of their federal rights under, *inter alia*, the First and/or Fourteenth Amendments to the United States Constitution.

71.     Plaintiffs have incurred and will incur expenses of suit as a result of this proceeding, in an amount that cannot yet be ascertained, and reserve all rights to recovery under 42 U.S.C. Sections 1983 and 1988.

## XX. DEMAND FOR JURY TRIAL

72.     Director's conduct alleged herein raises serious questions of fact. (RCW 4.44.090 [all questions of fact shall be decided by the jury].) Plaintiffs' right of trial by jury "shall remain inviolate". (Washington State Constitution, Art. 1, §21; US Constitution Amendment VII.) Plaintiffs hereby demand a jury trial.

## XXI. RELIEF SOUGHT

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. That Director be found in error and/or neglect for using an Uncertified Voting System during the Election;

2. That Director be found in error and/or neglect for allowing and/or facilitating vote flipping, additions and/or deletions before, during and/or after the Election;

3. That Director be found in error and/or neglect for allowing or facilitating party preference tracking and/or ballot identification for the Election;

4. That Director be found in error and/or neglect for allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes;

5. That Director be ordered to desist from the following errors and wrongful acts and facilitation thereof:

   a) Using an Uncertified Voting System;

   b) Allowing or facilitating vote flipping, additions and/or deletions;

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

    c) Allowing or facilitating party preference tracking and/or ballot identification; and/or,

    d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes.

6. That Director and/or Defendant County be compelled and ordered to comply with WEiCU's PRR, including a Court order unsealing ballots under RCW 29A.60.110, for the purpose, *inter alia*, of a full forensic audit conducted by Jovan  Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots;

7. For a declaration that Director's actions violated Plaintiffs' Constitutional Rights to Equal Protection, Due Process, and/or Free Speech Under the Law (WA State Const., Art I, § 1, § 2, § 3, § 12, §19, §29 ; Art. VI, §6, US Const. Amendments I and/or XIV);

8. For preliminary and permanent injunctive relief injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) enjoining Director, Director's agents, employees, and all persons acting in concert with Director, from any and all of the following actions, as Plaintiffs' remedies at law are inadequate, and Director's conduct will cause Plaintiffs to suffer irreparable injury through continued violations of their Constitutional rights:

    a) Using an Uncertified Voting System;

    b) Allowing or facilitating vote flipping, additions and/or deletions;

    c) Allowing or facilitating party preference tracking and/or ballot identification; and/or,

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage

boxes.

9.   For damages for violation of Plaintiffs' constitutional rights under color of law (42

U.S.C. Sections 1983); and/or,

10.   For attorney's fees, for costs of suit, and for such other and further relief as the Court

deems just and proper.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: _____ 9/17/2021

*Tamborine Borrelli*

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
            Gig Harbor, WA 98329-4215
Phone:  253-375-1255

Dated: _____ 9/16/2021

*Doug Basler*

Doug Basler
Plaintiff, *Pro Se*
Address: 1851 Central Place S, Suite 123
            Kent, WA 98032
Phone: (206) 601-3133

Dated: _____ 9/16/2021

*Howard Ferguson*

Howard Ferguson
Plaintiff, *Pro Se*
Address: 4357 13th Ave. S.
            Seattle, WA 98108
Phone: (206) 898-2696

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____ 9/16/2021

*DocuSigned by:*
*Diana Bass*
EC3085CD6E54475

Diana Bass
Plaintiff, *Pro Se*
Address: P.O. Box 7364
Bellevue, WA 98008
Phone: (425) 649-9765


Dated: _____ 9/17/2021

*DocuSigned by:*
085BCC574B4B470

Timofey Samoylenko
Plaintiff, *Pro Se*
Address: 1921 R St. NE
Auburn, WA 98002
Phone: (206) 305-3692


Dated: _____ 9/16/2021

*DocuSigned by:*
*Amy Behope*
33D63D4B04B74FE

Amy Behope
Plaintiff, *Pro Se*
Address: 507 SW 302nd St
Federal Way, WA 98023
Phone: (206) 683-3122


Dated: _____ 9/17/2021

*DocuSigned by:*
*Mary Hallowell*
B506C037F84C48D

Mary Hallowell
Plaintiff, *Pro Se*
Address: 17505 462nd Ave SE
North Bend, WA 98045
Phone: (425) 888-2208


Dated: _____ 9/17/2021

*DocuSigned by:*
D508B36E10E6444

Samantha Bucari
Plaintiff, *Pro Se*
Address: 3546 S 244th St
Kent, WA 98032
Phone: (253) 653-7553


VER. COMPLAINT FOR EQUAL PROTECTION      20

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____9/17/2021_____

Ronald Stewart
Plaintiff, *Pro Se*
Address: 29506 51st Avenue South
        Auburn, WA 98001
Phone: (206) 790-8187

Dated: _____9/16/2021_____

Lydia Zibin
Plaintiff, *Pro Se*
Address: 254 145th PL SE
        Bellevue, WA 98007
Phone: (425) 894-1467

Dated: _____9/16/2021_____

Catherine Dodson
Plaintiff, *Pro Se*
Address: 42131-212th Ave SE
        Enumclaw, WA 98022
Phone: (253) 709-3339

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

**VERIFICATIONS**

I, Tamborine Borrelli, declare:

I am the Director of Washington Election Integrity Coalition United, a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in Thurston County, State of Washington,

on this _____ day of _____, 2021.
9/17/2021

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a WA State Nonprofit

_Tamborine Borrelli_
PROCED0T01000482...

By: Tamborine Borrelli
Its: Director

I, Doug Basler, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of

king
_____, State of Washington, on this _____ day of _____, 2021.
9/16/2021

_Doug Basler_
70780A9CF733430...

Doug Basler

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Howard Ferguson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of KING, State of Washington, on this _____ day of 9/16/2021, 2021.

DocuSigned by:

*Howard Ferguson*

Howard Ferguson

I, Diana Bass, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King, State of Washington, on this _____ day of 9/16/2021, 2021.

DocuSigned by:

*Diana Bass*

Diana Bass

VER. COMPLAINT FOR EQUAL PROTECTION      23

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Timofey Samoylenko, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King_____, State of Washington, on this _____ day of ____9/17/2021_____, 2021.

DocuSigned by:

085BCC574818479

Timofey Samoylenko

I, Amy Behope, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King_____, State of Washington, on this _____ day of ____9/16/2021_____, 2021.

DocuSigned by:

Amy Behope

33D93D4B04B74EE

Amy Behope

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Mary Hallowell, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of king_____, State of Washington, on this _____ day of _____9/17/2021_____, 2021.

DocuSigned by:

Mary Hallowell
B506C937E84C48D...
Mary Hallowell

I, Samantha Bucari, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King_____, State of Washington, on this _____ day of _____9/17/2021_____, 2021.

DocuSigned by:

B506B30E10E0414...
Samantha Bucari

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Ronald Stewart, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of _____9/17/2021_____, 2021.

_____
Ronald Stewart

I, Lydia Zibin, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of _____9/16/2021_____, 2021.

_____
Lydia Zibin

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Catherine Dodson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/16/2021 _____, 2021.

DocuSigned by:

Catherine Dodson

265E0DE726EC4BB...

Catherine Dodson

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 002
# Order Setting Case Schedule

**FILED**
2021 SEP 22
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 21-2-12603-7 KNT

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED | NO. 21-2-12603-7  KNT |
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | |
| | ASSIGNED JUDGE: MCCULLOUGH, Dept. 32) |
| JULIE WISE | |
| | FILED DATE: 09/22/2021 |
| Defendant(s) | TRIAL DATE:09/19/2022 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this **Schedule**. In order to comply with the **Schedule**, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 09/22/2021 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 03/02/2022 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 03/02/2022 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 03/16/2022 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 04/18/2022 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 05/31/2022 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 06/13/2022 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 06/13/2022 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 08/01/2022 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 08/22/2022 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 08/29/2022 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 08/29/2022 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 09/06/2022 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 09/12/2022 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 09/12/2022 |
| | Trial Date [*See KCLCR 40*]. | 09/19/2022 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:     09/22/2021

_____
PRESIDING JUDGE

3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule.  The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:**  If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:**  Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:**  Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court.  Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held.  FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court.  The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:**  All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge.  The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules.  Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule

3

7 governs these motions, which include discovery motions.  The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:**  Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time.  However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule.  In addition,  discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B.  Original Documents/Working Copies/ Filing of Documents:  All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application.  Pre-registration to accept e-service is required.  E-Service generates a record of service document that can be e-filed.  Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  **Do not file the original of the proposed order with the Clerk of the Court**.  Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.  The court may distribute orders electronically.  Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the  Ex Parte and Probate Department.**  Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____
PRESIDING JUDGE

3

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 003
# Case Information Cover Sheet

ØŠÒÒ
ŒŒŦÁJÒÚÁŒŒ
SŒ Õ ÁŎUWÞ VŸ
ÙWÚÒÜ QJÜ ÁŎUW VÁŠÒ ÜS

ŌŒÜÒ ÁŴ Œ É Œ É Ŧ Œ Ğ Œ É É ÁSÞ V

## KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET
## (CICS)

Pursuant to King County Code 4A.630.060, a faulty document fee of $15 may be assessed to new case filings missing this sheet.

**CASE NUMBER:** _21 - 2 - 12603 - 7 KNT_

(Provided by the Clerk)

**CASE CAPTION:** _WEJCU ET. AL, VS. JulieWise, Director of King County Elections, ET. Al._
(New case: Print name of person starting case **vs.** name of person or agency you are filing against.)
(When filing into an existing family law case, the case caption remains the same as the original filing.)

Please mark one of the boxes below:

☐    **Seattle Area**, defined as:

       All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

☑    **Kent Area**, defined as:

       All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e).

_____     _____
Signature of Attorney    WSBA Number       Date

or

_____     _____
Signature of person who is starting case    Date   _9/21/21_

Doug BASlER

_22716 126th PL SE Kent WA 98031_
Address, City, State, Zip Code of person who is starting case if not represented by attorney

## KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT AREA DESIGNATION and CASE INFORMATION COVER SHEET

# CIVIL
Please check the category that best describes this case.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)*

(Petition to the Superior Court for review of rulings made by state administrative agencies.( e.g. DSHS Child Support, Good to Go passes, denial of benefits from Employment Security, DSHS)

☐ Board of Industrial Insurance Appeals – Workers Comp (ALRLI 2)*

(Petition to the Superior Court for review of rulings made by Labor & Industries.)

☐ DOL Revocation (DOL 2)*

(Appeal of a DOL revocation Implied consent-Test refusal ONLY.) RCW 46.20.308(9)

☐ Subdivision Election Process Review (SER 2)*

(Intent to challenge election process)

☐ Voter Election Process Law Review (VEP 2)*

(Complaint for violation of voting rights act)

☐ Petition to Appeal/Amend Ballot Title (BAT 2)

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*

(Complaint involving money dispute where a breach of contract is involved.)

☐ Commercial Contract (COM 2)*

(Complaint involving money dispute where a contract is involved.)

☐ Commercial Non-Contract (COL 2)*

(Complaint involving money dispute where no contract is involved.)

☐ Third Party Collection (COL 2)*

(Complaint involving a third party over a money dispute where no contract is involved.)

**JUDGMENT**

☐ Abstract, Judgment, Another County (ABJ 2)

(A certified copy of a judgment docket from another Superior Court within the state.)

☐ Confession of Judgment (CFJ 2)*

(The entry of a judgment when a defendant admits liability and accepts the amount of agreed-upon damages but does not pay or perform as agreed upon.)

☐ Foreign Judgment (from another State or Country) (FJU 2)

(Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.)

☐ Tax Warrant or Warrant (TAX 2)

(A notice of assessment by a state agency or self-insured company creating a judgment/lien in the county in which it is filed.)

☐ Transcript of Judgment (TRJ 2)

(A certified copy of a judgment from a court of limited jurisdiction (e.g. District or Municipal court) to a Superior Court.)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*

(Complaint involving governmental taking of private property with payment, but not necessarily with consent.)

☐ Foreclosure (FOR 2)*

(Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.)

☐ Land Use Petition (LUP 2)*

(Petition for an expedited judicial review of a land use decision made by a local jurisdiction.) RCW 36.70C.040

☐ Property Fairness Act (PFA 2)*

(Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64.)

☐ Quiet Title (QTI 2)*

(Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.)

☐ Residential Unlawful Detainer (Eviction) (UND 2)

(Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.)

☐ Non-Residential Unlawful Detainer (Eviction) (UND 2)

(Commercial property eviction.)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (CAA 2)

(Petition to force or confirm private binding arbitration.)

☐ Assurance of Discontinuance (AOD 2)

(Filed by Attorney General's Office to prevent businesses from engaging in improper or misleading practices.)

☐ Birth Certificate Change(PBC 2)

(Petition to amend birth certificate)

☐ Bond Justification (PBJ 2)

(Bail bond company desiring to transact surety bail bonds in King County facilities.)

☐ Change of Name (CHN 5)

(Petition for name change, when domestic violence/anti-harassment issues require confidentiality.)

☐ Certificate of Rehabilitation (CRR 2)

(Petition to restore civil and political rights.)

☐ Certificate of Restoration Opportunity(CRP 2)

(Establishes eligibility requirements for certain professional licenses)

☐ Civil Commitment (sexual predator) (PCC 2)

(Petition to detain an individual involuntarily.)

☐ Notice of Deposit of Surplus Funds (DSF 2)

(Deposit of extra money from a foreclosure after payment of expenses from sale and obligation secured by the deed of trust.)

☐ Emancipation of Minor (EOM 2)

(Petition by a minor for a declaration of emancipation.)

☐ Foreign Subpoena (OSS 2)

(To subpoena a King County resident or entity for an out of state case.)

☐ Foreign Protection Order (FPO 2)

(Registering out of state protection order)

☐ Frivolous Claim of Lien (FVL 2)

(Petition or Motion requesting a determination that a lien against a mechanic or materialman is excessive or unwarranted.)

☐ Application for Health & Safety Inspection (HSI 2)

Page **3** of **4**

☐ Injunction (INJ 2)*

(Complaint/petition to require a person to do or refrain from doing a particular thing.)

☐ Interpleader (IPL 2)

(Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).)

☐ Malicious Harassment (MHA 2)*

(Suit involving damages resulting from malicious harassment.) RCW 9a.36.080

☐ Non-Judicial Filing (NJF 2)

(See probate section for TEDRA agreements. To file for the record document(s) unrelated to any other proceeding and where there will be no judicial review.)

☒ Other Complaint/Petition (MSC 2)*

(Filing a Complaint/Petition for a cause of action not listed)

☐ Minor Work Permit (MWP 2)

(Petition for a child under 14 years of age to be employed)

☐ Perpetuation of Testimony (PPT 2)

(Action filed under CR 27)

☐ Petition to Remove Restricted Covenant (RRC 2)
Declaratory judgment action to strike discriminatory provision of real property contract.

☐ Public records Act (PRA 2)*

(Action filed under RCW 42.56)

☐ Receivership (RCV 2)

(The process of appointment by a court of a receiver to take custody of the property, business, rents and profits of a party to a lawsuit pending a final decision on disbursement or an agreement.)

☐ Relief from Duty to Register (RDR 2)

(Petition seeking to stop the requirement to register.)

☐ Restoration of Firearm Rights (RFR 2)

(Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047.)

☐ School District-Required Action Plan (SDR 2)

(Petition filed requesting court selection of a required action plan proposal relating to school academic performance.)

☐ Seizure of Property from the Commission of a Crime-Seattle (SPC 2)*

(Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.)

☐ Seizure of Property Resulting from a Crime-Seattle (SPR 2)*

(Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction. (e.g., remuneration for, or contract interest in, a depiction or account of a crime.))

☐ Structured Settlements- Seattle (TSS 2)*

(A financial or insurance arrangement whereby a claimant agrees to resolve a personal injury tort claim by receiving periodic payments on an agreed schedule rather than as a lump sum.)

☐ Vehicle Ownership (PVO 2)*

(Petition to request a judgment awarding ownership of a vehicle.)

**TORT, ASBESTOS**
☐ Personal Injury (ASP 2)*

(Complaint alleging injury resulting from asbestos exposure.)

Page **4** of 4

☐ Wrongful Death (ASW 2)*

(Complaint alleging death resulting from asbestos exposure.)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital  (MED 2)*

(Complaint involving injury or death resulting from a hospital.)

☐ Medical Doctor (MED 2)*

(Complaint involving injury or death resulting from a medical doctor.)

☐ Other Health care Professional (MED 2)*

(Complaint involving injury or death resulting from a health care professional other than a medical doctor.)

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*

(Complaint involving death resulting from an incident involving a motor vehicle.)

☐ Non-Death Injuries (TMV 2)*

(Complaint involving non-death injuries resulting from an incident involving a motor vehicle.)

☐ Property Damages Only (TMV 2)*

(Complaint involving only property damages resulting from an incident involving a motor vehicle.)

☐ Victims Vehicle Theft (VVT 2)*

(Complaint filed by a victim of car theft to recover damages.)  RCW 9A.56.078

**TORT, NON-MOTOR VEHICLE**

☐ Other Malpractice (MAL 2)*

(Complaint involving injury resulting from other than professional medical treatment.)

☐ Personal Injury (PIN 2)*

(Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.)

☐ Products Liability (TTO 2)*

(Complaint involving injury resulting from a commercial product.)

☐ Property Damages (PRP 2)*

(Complaint involving damage to real or personal property excluding motor vehicles.)

☐ Property Damages-Gang (PRG 2)*

(Complaint to recover damages to property related to gang activity.)

☐ Tort, Other (TTO 2)*

(Any other petition not specified by other codes.)

☐ Wrongful Death (WDE 2)*

(Complaint involving death resulting from other than professional medical treatment.)

**WRIT**

☐ Habeas Corpus (WHC 2)

(Petition for a writ to bring a party before the court.)

☐ Mandamus (WRM 2)**

(Petition for writ commanding performance of a particular act or duty.)

☐ Review (WRV 2)**

(Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.)

*The filing party will be given an appropriate case schedule at time of filing.
** Case schedule will be issued after hearing and findings.

Civil-CICS   Revised 01/2021

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 004
# Summons

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

RECEIVED

2021 SEP 22  PM 1:32

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY ) <br> COALITION UNITED, a Washington State ) <br> Nonprofit Corporation; DOUG BASLER; ) <br> HOWARD FERGUSON; DIANA BASS; ) <br> TIMOFEY SAMOYLENKO; AMY ) <br> BEHOPE; MARY HALLOWELL; ) <br> SAMANTHA BUCARI; RONALD ) <br> STEWART; LYDIA ZIBIN; ) <br>         CATHERINE DODSON, ) <br> ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> JULIE WISE, Director of King County ) <br> Elections; KING COUNTY, and DOES ) <br> 1-30, inclusive, ) <br> ) <br>    Defendants. ) <br> ) | Case No. <br> **21-2-12603-7 KNT** <br><br> SUMMONS (20 DAYS) |

TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled

court by Washington Election Integrity Coalition United, a Washington State Nonprofit

Corporation, Doug Basler, Howard Ferguson, Diana Bass, Timofey Samoylenko,  Amy Behope,

Mary Hallowell, Samantha Bucari,  Ronald Stewart, Lydia Zibin,                    and Catherine

Dodson, plaintiffs.

        Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you

with this summons. In order to defend against this lawsuit, you must respond to the complaint by

stating your defense in writing, and by serving a copy upon the person signing this summons within

20 days after the service of this summons, excluding the day of service, or a default judgment may

be entered against you without notice. A default judgment is one where plaintiffs are entitled to

what she/he/they ask for because you have not responded. If you serve a notice of appearance on

the undersigned persons, you are entitled to notice before a default judgment may be entered. You

may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in

writing and must be served upon the persons signing this summons. Within 14 days after you serve

the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this

summons and complaint will be void. If you wish to seek the advice of an attorney in this matter,

you should do so promptly so that your written response, if any, may be served on time. This

summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.


                                        WASHINGTON ELECTION INTEGRITY
                                        COALITION UNITED,
                                        a WA State Nonprofit Corporation

                                        DocuSigned by:
                                        *Tamborine Borrelli*
        Dated:  9/17/2021
        _____              FB5CE07D15304E3...
                                        By: Tamborine Borrelli
                                        Its: Director
                                        Address: 13402 125th Ave NW
                                                 Gig Harbor, WA 98329-4215
                                        Phone:  253-375-1255


/ / /

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____ 9/16/2021

*Doug Basler*

Doug Basler
Plaintiff, *Pro Se*
Address: 1851 Central Place S, Suite 123
            Kent, WA 98032
Phone: (206) 601-3133

Dated: _____ 9/16/2021

*Howard Ferguson*

Howard Ferguson
Plaintiff, *Pro Se*
Address: 4357 13th Ave. S.
            Seattle, WA 98108
Phone: (206) 898-2696

Dated: _____ 9/16/2021

*Diana Bass*

Diana Bass
Plaintiff, *Pro Se*
Address: P.O. Box 7364
            Bellevue, WA 98008
Phone: (425) 649-9765

Dated: _____ 9/17/2021

Timofey Samoylenko
Plaintiff, *Pro Se*
Address: 1921 R St. NE
            Auburn, WA 98002
Phone: (206) 305-3692

Dated: _____ 9/16/2021

*Amy Behope*

Amy Behope
Plaintiff, *Pro Se*
Address: 507 SW 302nd St
            Federal Way, WA 98023
Phone: (206) 683-3122

SUMMONS (20 DAYS)                    3

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____ 9/17/2021 _____

Mary Hallowell
Plaintiff, *Pro Se*
Address: 17505 462nd Ave SE
       North Bend, WA 98045
Phone: (425) 888-2208

Dated: _____ 9/17/2021 _____

Samantha Bucari
Plaintiff, *Pro Se*
Address: 3546 S 244th St
       Kent, WA 98032
Phone: (253) 653-7553

Dated: _____ 9/17/2021 _____

Ronald Stewart
Plaintiff, *Pro Se*
Address: 29506 51st Avenue South
       Auburn, WA 98001
Phone: (206) 790-8187

Dated: _____ 9/16/2021 _____

Lydia Zibin
Plaintiff, *Pro Se*
Address: 254 145th PL SE
       Bellevue, WA 98007
Phone: (425) 894-1467

SUMMONS (20 DAYS)              4

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____9/16/2021_____

DocuSigned by:

*Catherine Dodson*

Catherine Dodson
Plaintiff, *Pro Se*
Address: 42131-212th Ave SE
            Enumclaw, WA 98022
Phone: (253) 709-3339

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 005
# Affidavit of Service

**FILED**

KING COUNTY, WASHINGTON

SEP 24 2021

SUPERIOR COURT CLERK

RECEIVED

2021 SEP 24 PM 2: 59

KING COUNTY
SUPERIOR COURT CLERK

# SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON, )))))))))))) | Case No. <br><br> 21-2-12603-7 KNT <br><br> PROOF OF PERSONAL SERVICE CR4(g) <br><br> King County |
| Plaintiffs, )) | |
| v. )) | |
| JULIE WISE, Director of King County Elections; KING COUNTY, and DOES 1-30, inclusive, ))))) | |
| Defendants. )) | |

Server declares:

1.  My name is: _Kevin L Schmadeka_ . I am not a party to this case. I

am 18 years of age or older.

2.  Personal Service: I served court documents for this case to (name of party):

_King County, WA_ by (check one):

CR4(g) RCW 4.28.080(1)
PROOF OF PERSONAL SERVICE

1

☐ Giving the documents directly to him/her.

☐ Giving the documents to (name): _See "Other Information" below_ ,

a person of suitable age and discretion employed by, and located at, the below-

identified office, said office either accepting service and/or designated to accept

service of process by the applicable legislative authority under RCW 4.28.080(1).

3.   Date, time, and address of service:

Date: _9-23-21_   Time: _3:02_   ☐ a.m. ☒ p.m.

Address:

_clerkemergencyserviceprocess @ King county.gov_

Number and street   City   State   Zip Code

4.   Check all documents you served:

☒ Summons (Attach a copy)

☒ Verified Complaint for Equal Protection, Violation of Civil Rights, Equitable Relief,
   Injunctive Relief, Declaratory Relief, Public Records Action to Compel Ballot
   Production _ALSO: Order Setting Civil Case Schedule_

5.   Fees charged for service; check the box if no fees charged:

☐ Does not apply.

6. Other information (if any): _Documents were served in accordance with instructions_
_posted on door of Auditors office._

I declare under penalty of perjury under the laws of the State of Washington that the statements
on this form are true.

Signed at (city and state): _Puyallup   WA_   Date: _9-24-21_

_Kevin L Schmadeka_   _Kevin L Schmadeka_

Signature of server   Print or type name of server

# Clerk of the Council

Effective 3/18/2020. Due to the recent COVID 19 cases linked to the King County downtown campus and until further notice, the King County Council Clerk is no longer accepting service of process against King County in person. Summons and complaints may be either emailed to the Clerk's Office at clerkemergencyserviceprocess@kingcounty.gov or mailed to the attention of the King County Council Clerk at 516 3rd Ave, Room 1200, Seattle, WA 98104 by first-class USPS mail, postage prepaid. For tracking purposes, you may want to consider using USPS "Priority Service, " which will allow you to track delivery. Claims for damages, which are accepted by Risk Management, should be emailed to fileclaim@kingcounty.gov or mailed to: King County Office of Risk Management Services, 500 Fourth Avenue, Room 320, Seattle, WA 98104. If you have any questions regarding this announcement, please call 206-477-1025 and leave a message.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

RECEIVED

2021 SEP 22  PM 1: 32

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

**SUPERIOR COURT OF THE STATE OF WASHINGTON**

**FOR THE COUNTY OF KING**

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY ) <br> COALITION UNITED, a Washington State ) <br> Nonprofit Corporation; DOUG BASLER; ) <br> HOWARD FERGUSON; DIANA BASS; ) <br> TIMOFEY SAMOYLENKO; AMY ) <br> BEHOPE; MARY HALLOWELL; ) <br> SAMANTHA BUCARI; RONALD ) <br> STEWART; LYDIA ZIBIN; ) <br>         CATHERINE DODSON, ) <br> ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> JULIE WISE, Director of King County ) <br> Elections; KING COUNTY, and DOES ) <br> 1-30, inclusive, ) <br> ) <br>    Defendants. ) | Case No. <br><br> **21-2-12603-7 KNT** <br><br> SUMMONS (20 DAYS) |

TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled

court by Washington Election Integrity Coalition United, a Washington State Nonprofit

Corporation, Doug Basler, Howard Ferguson, Diana Bass, Timofey Samoylenko,  Amy Behope,

Mary Hallowell, Samantha Bucari, Ronald Stewart, Lydia Zibin, and Catherine Dodson, plaintiffs.

Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what she/he/they ask for because you have not responded. If you serve a notice of appearance on the undersigned persons, you are entitled to notice before a default judgment may be entered. You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the persons signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

WASHINGTON ELECTION INTEGRITY COALITION UNITED,
a WA State Nonprofit Corporation

Dated: 9/17/2021

DocuSigned by:

*Tamborine Borrelli*

FB5CE67D19304E3...

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
          Gig Harbor, WA 98329-4215
Phone: 253-375-1255

///

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: 9/16/2021

DocuSigned by:

*Doug Basler*

Doug Basler
Plaintiff, *Pro Se*
Address: 1851 Central Place S, Suite 123
          Kent, WA 98032
Phone: (206) 601-3133

Dated: 9/16/2021

DocuSigned by:

*Howard Ferguson*

Howard Ferguson
Plaintiff, *Pro Se*
Address: 4357 13th Ave. S.
          Seattle, WA 98108
Phone: (206) 898-2696

Dated: 9/16/2021

DocuSigned by:

*Diana Bass*

Diana Bass
Plaintiff, *Pro Se*
Address: P.O. Box 7364
          Bellevue, WA 98008
Phone: (425) 649-9765

Dated: 9/17/2021

DocuSigned by:

Timofey Samoylenko
Plaintiff, *Pro Se*
Address: 1921 R St. NE
          Auburn, WA 98002
Phone: (206) 305-3692

Dated: 9/16/2021

DocuSigned by:

*Amy Behope*

Amy Behope
Plaintiff, *Pro Se*
Address: 507 SW 302nd St
          Federal Way, WA 98023
Phone: (206) 683-3122

SUMMONS (20 DAYS)                    3

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: 9/17/2021 _____

DocuSigned by:

Mary Hallowell

Mary Hallowell
Plaintiff, *Pro Se*
Address: 17505 462nd Ave SE
            North Bend, WA 98045
Phone: (425) 888-2208

Dated: 9/17/2021 _____

DocuSigned by:

Samantha Bucari
Plaintiff, *Pro Se*
Address: 3546 S 244th St
            Kent, WA 98032
Phone: (253) 653-7553

Dated: 9/17/2021 _____

DocuSigned by:

Ronald Stewart
Plaintiff, *Pro Se*
Address: 29506 51st Avenue South
            Auburn, WA 98001
Phone: (206) 790-8187

Dated: 9/16/2021 _____

DocuSigned by:

Lydia Zibin

Lydia Zibin
Plaintiff, *Pro Se*
Address: 254 145th PL SE
            Bellevue, WA 98007
Phone: (425) 894-1467

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: ___9/16/2021___

DocuSigned by:

*Catherine Dodson*

265E0DE726EC48D...

Catherine Dodson
Plaintiff, *Pro Se*
Address: 42131-212th Ave SE
          Enumclaw, WA 98022
Phone: (253) 709-3339

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 006
# Affidavit of Service

**FILED**
KING COUNTY, WASHINGTON

SEP 24 2021

SUPERIOR COURT CLERK

RECEIVED

2021 SEP 24 PM 2:59

KING COUNTY
SUPERIOR COURT CLERK

## SUPERIOR COURT OF THE STATE OF WASHINGTON

### FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON, | Case No. <br><br> 21-2-12603-7 KNT <br><br> PROOF OF PERSONAL SERVICE CR4(g) <br><br> Julie Wise |
| Plaintiffs, | |
| v. | |
| JULIE WISE, Director of King County Elections; KING COUNTY, and DOES 1-30, inclusive, | |
| Defendants. | |

Server declares:

1.  My name is: _Kevin Schmadeka_. I am not a party to this case. I

    am 18 years of age or older.

2.  Personal Service: I served court documents for this case to (name of party):

    _Julie Wise_ by (check one):

☐ Giving the documents directly to him/her.

☒ Giving the documents to (name): _Nick  H_____,

a person of suitable age and discretion employed by, and located at, the below-

identified office, said office either accepting service and/or designated to accept

service of process by the applicable legislative authority under RCW 4.28.080(1).

3.    Date, time, and address of service:

Date: _9-22-21_____    Time: _2:20_____    ☐ a.m. ☒ p.m.

Address:

_919 SW Grady Way____Renton_____WA____98057_
Number and street                      City               State          Zip Code

4.    Check all documents you served:

☒ Summons (Attach a copy)

☒ Verified Complaint for Equal Protection, Violation of Civil Rights, Equitable Relief,
     Injunctive Relief, Declaratory Relief, Public Records Action to Compel Ballot
     Production

5.    Fees charged for service; check the box if no fees charged:

☐ Does not apply.

6. Other information (if any): _Included: Order Setting Civil Case Schedule_____

_____

I declare under penalty of perjury under the laws of the State of Washington that the statements
on this form are true.

Signed at (city and state): _Puyallup  WA_____    Date: _9-24-21___

_Kevin L Schmadeka_____          _Kevin L Schmadeka_____
Signature of server                                      Print or type name of server

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

RECEIVED

2021 SEP 22  PM 1:32

KING COUNTY
SUPERIOR COURT CLERK
KENT WA

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY ) COALITION UNITED, a Washington State ) Nonprofit Corporation; DOUG BASLER; ) HOWARD FERGUSON; DIANA BASS; ) TIMOFEY SAMOYLENKO; AMY ) BEHOPE; MARY HALLOWELL; ) SAMANTHA BUCARI; RONALD ) STEWART; LYDIA ZIBIN; ) CATHERINE DODSON, ) ) ) Plaintiffs, ) ) v. ) ) ) JULIE WISE, Director of King County ) Elections; KING COUNTY, and DOES ) 1-30, inclusive, ) ) Defendants. ) _____ ) | Case No. **21-2-12603-7 KNT** SUMMONS (20 DAYS) |

TO THE DEFENDANTS:  A lawsuit has been started against you in the above entitled

court by Washington Election Integrity Coalition United, a Washington State Nonprofit

Corporation, Doug Basler, Howard Ferguson, Diana Bass, Timofey Samoylenko,  Amy Behope,

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Mary Hallowell, Samantha Bucari,  Ronald Stewart, Lydia Zibin,                      and Catherine Dodson, plaintiffs.

Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons. In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what she/he/they ask for because you have not responded. If you serve a notice of appearance on the undersigned persons, you are entitled to notice before a default judgment may be entered. You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the persons signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: 9/17/2021

DocuSigned by:

*Tamborine Borrelli*

FB5CE87D15904E9...

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
           Gig Harbor, WA 98329-4215
Phone:  253-375-1255

/ / /

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: 9/16/2021

DocuSigned by:

*Doug Basler*

7076DA9C713343B

Doug Basler
Plaintiff, *Pro Se*
Address: 1851 Central Place S, Suite 123
   Kent, WA 98032
Phone: (206) 601-3133

Dated: 9/16/2021

DocuSigned by:

*Howard Ferguson*

58CF5C6B2FFF46E

Howard Ferguson
Plaintiff, *Pro Se*
Address: 4357 13th Ave. S.
   Seattle, WA 98108
Phone: (206) 898-2696

Dated: 9/16/2021

DocuSigned by:

*Diana Bass*

FC3085CD8E54475

Diana Bass
Plaintiff, *Pro Se*
Address: P.O. Box 7364
   Bellevue, WA 98008
Phone: (425) 649-9765

Dated: 9/17/2021

DocuSigned by:

085BCC574616479...

Timofey Samoylenko
Plaintiff, *Pro Se*
Address: 1921 R St. NE
   Auburn, WA 98002
Phone: (206) 305-3692

Dated: 9/16/2021

DocuSigned by:

*Amy Behope*

33D63D4B04B74FE...

Amy Behope
Plaintiff, *Pro Se*
Address: 507 SW 302nd St
   Federal Way, WA 98023
Phone: (206) 683-3122

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: 9/17/2021

DocuSigned by:

*Mary Hallowell*

B500C997FB4C4BD...

Mary Hallowell
Plaintiff, *Pro Se*
Address: 17505 462nd Ave SE
            North Bend, WA 98045
Phone: (425) 888-2208

Dated: 9/17/2021

DocuSigned by:

D500B90E10E5414...

Samantha Bucari
Plaintiff, *Pro Se*
Address: 3546 S 244th St
            Kent, WA 98032
Phone: (253) 653-7553

Dated: 9/17/2021

DocuSigned by:

2DDB90D5609E41A...

Ronald Stewart
Plaintiff, *Pro Se*
Address: 29506 51st Avenue South
            Auburn, WA 98001
Phone: (206) 790-8187

Dated: 9/16/2021

DocuSigned by:

*Lydia Zibin*

5919946104A3433...

Lydia Zibin
Plaintiff, *Pro Se*
Address: 254 145th PL SE
            Bellevue, WA 98007
Phone: (425) 894-1467

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _9/16/2021_

DocuSigned by:

Cathrine Dodson

265E0DE726EC4BD...

Catherine Dodson
Plaintiff, *Pro Se*
Address: 42131-212th Ave SE
            Enumclaw, WA 98022
Phone: (253) 709-3339

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 007
# Notice of Court Date

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGOTN ELECTION INTEGRITY COALITION UNITED ET AL.<br><br>vs.<br><br>JULIE WISE ET AL. | CASE NO. 21-2-12603-7KNT<br>NOTICE OF COURT DATE (Judges)<br>(NOTICE FOR HEARING)<br>SEATTLE COURTHOUSE ONLY<br>(Clerk's Action Required)　(NTHG) |

**TO:**　**THE CLERK OF THE COURT** and to all other parties per list on Page 2:
　　　**PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is directed to note this issue on the calendar checked below.

**Calendar Date**: OCTOBER 22, 2021 **Day of Week**: FRIDAY

**Nature of Motion**: MOTION TO INTERVENE

| **CASES ASSIGNED TO INDIVIDUAL JUDGES – SEATTLE** |
|---|
| If oral argument on the motion is allowed (LCR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice. **Working Papers**: The judge's name, date and time of hearing <u>must</u> be noted in the upper right corner of the Judge's copy.　**Deliver Judge's copies to Judges' Mailroom at C203**<br>　　　[ ] Without oral argument (Mon - Fri)<br>　　　[ x ] With oral argument Hearing　　　　Date/Time:<br>　　　Judge's Name: LEROY MCCULLOUGH　　　Trial Date: _____ |

| **CHIEF CRIMINAL DEPARTMENT – SEATTLE (E1201)** |
|---|
| [ ] Bond Forfeiture  3:15 pm, 2nd Thursday of each month |

| **CHIEF CIVIL DEPARTMENT – SEATTLE (Please report to W928)** |
|---|
| ***Deliver working copies to Judges' Mailroom, Room C203***.  *In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing*<br>[ ] Extraordinary Writs (Show Cause Hearing) (LCR 98.40)  1:30 p.m. **Thurs/Fri** -report to Room W719<br>[ ] Supplemental Proceedings / Judicial Subpoenas　(1:30 pm **Thurs/Fri**)(LCR 69)<br>[ ] Motions to Consolidate with multiple judges assigned (LCR 40(a)(4)) (without oral argument) M-F<br>[ ] Structured Settlements　(1:30 pm **Thurs/Fri**))(LCR 40(2)(S)) |

| **Non-Assigned Cases:** |
|---|
| [ ] Non-Dispositive Motions M-F (without oral argument).<br>[ ] Dispositive Motions and Revisions (1:30 pm **Thurs/Fri**).<br>[ ] Certificates of Rehabilitation (**Employment**) 1:30 pm **Thurs/Fri** (LR 40(a)(2)(B)) |

**You may list an address that is not your residential address where you agree to accept legal documents.**

Sign: /s Kevin J. Hamilton　　　Print/Type Name: Kevin J. Hamilton

WSBA # 15648　　　Attorney for: Washington State Democratic Central Committee

**Address: Perkins Coie LLP, 1201 Third Avenue, Suite 4900**　　City, State, Zip Seattle, WA  98101

Telephone: 206.359.8000 Email Address: KHamilton@perkinscoie.com Date:  October 6, 2021

**NOTICE OF COURT DATE – SEATTLE COURTHOUSE ONLY**　　　　　　　　Page 1

JUDGESSEA12/27/1017

## DO NOT USE THIS FORM FOR FAMILY LAW OR EX PARTE MOTIONS.

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
|---|

Name: Tamborine Borrelli
Service Address: 13402 125th Avenue NW
City, State, Zip: Gig Harbor, WA 98329-4215
WSBA# _____Atty. For:_____
Telephone #: 253-375-1255
Email Address: _____

Name: Doug Basler
Service Address: 1851 Central Place S, Ste. 123
City, State, Zip: Kent, WA 98032
WSBA# _____Atty. For:_____
Telephone #: 206-601-3133
Email Address: _____

Name: Howard Ferguson
Service Address: 4357 13th Ave. S.
City, State, Zip: Seattle, WA 98108
WSBA# _____Atty. For:_____
Telephone #: 206-898-2696
Email Address: _____

Name: Diana Bass
Service Address: P. O. Box 7364
City, State, Zip: Bellevue, WA 98008
WSBA# _____Atty. For:_____
Telephone #: ____425-649-9765
Email Address: _____

Name: Timofey Samoylenko
Service Address: 1921 R St NE
City, State, Zip: Auburn, WA 98002
WSBA# _____Atty. For:_____
Telephone #: ____206-305-3692
Email Address: _____

Name: Amy Behope
Service Address: 507 SW 302nd St
City, State, Zip: Federal Way, WA 98023
WSBA# _____Atty. For:_____
Telephone #: ____206-683-3122
Email Address: _____

Name: Mary Hallowell
Service Address: 17505 462nd Ave SE
City, State, Zip: North Bend, WA 98045
WSBA# _____Atty. For:_____
Telephone #: ____425-888-2208
Email Address: _____

Name: Samantha Bucari
Service Address: 3546 S 244th St
City, State, Zip: Kent, WA 98032
WSBA# _____Atty. For:_____
Telephone #: ____253-653-7553
Email Address: _____

Name: Ronald Stewart
Service Address: 29506 51st Ave S
City, State, Zip: Auburn, WA 98001
WSBA# _____Atty. For:_____
Telephone #: ____206-790-8187
Email Address: _____

Name: Lydia Zibin
Service Address: 254 145th PL SE
City, State, Zip: Bellevue, WA 98007
WSBA# _____Atty. For:_____
Telephone #: ____425-894-1467
Email Address: _____

**NOTICE OF COURT DATE – SEATTLE COURTHOUSE ONLY**
JUDGESSEA12/27/1017

154151212.1

Name: Catherine Dodson

Service Address: 42131-212th Ave SE

City, State, Zip: Enumclaw, WA 98022

WSBA# _____ Atty. For:_____

Telephone #: _____253-709-3339

Email Address: _____

Name: Julie Wise, Director, King County Elections

Service Address: 919 Southwest Grady Way

City, State, Zip: Renton, WA 98057

WSBA# _____ Atty. For:_____

Telephone #:

Email Address: _____

Name: Ann Summers, Prosecuting Attorney

Service Address: 516 Third Avenue, W400

City, State, Zip: Seattle, WA 98104

WSBA# _____ Atty. For:_____

Telephone #:

Email Address:  ann.summers@kingcounty.gov

Name_____

Service Address:_____

City, State, Zip_____

WSBA# _____ Atty. For:_____

Telephone #:

Email Address: _____

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice.  List the names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue.  The Clerk's Office is on the sixth floor, room E609.  The Judges' Mailroom is Room C203.

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 008
# Washington State Democratic Central Committee's Motion to Intervene

THE HONORABLE LEROY MCCULLOUGH
Noted for Consideration: October 22, 2021
ORAL ARGUMENT REQUESTED

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation; DOUG BASLER;
HOWARD FERGUSON; DIANA BASS;
TIMOFEY SAMOYLENKO; AMY BEHOPE;
MARY HALLOWELL; SAMANTHA
BUCARI; RONALD STEWART; LYDIA
ZIBIN; CATHERINE DODSON,
                Plaintiffs,

     v.

JULIE WISE, Director of King County
Elections; KING COUNTY, and DOES 1-30,
inclusive,

                Defendants,

and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,
                Proposed Intervenor
                Defendant.

No. 21 2 12603-7 KNT

WASHINGTON STATE
DEMOCRATIC CENTRAL
COMMITTEE'S MOTION TO
INTERVENE

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................... 1

II.  IDENTITY OF INTERVENOR ......................................................................... 2

III. ISSUE PRESENTED ......................................................................................... 2

IV.  EVIDENCE RELIED UPON ............................................................................ 2

V.   ARGUMENT ..................................................................................................... 3

    A.   WSDCC Satisfies Rule 24(a)'s Requirements for Intervention as of Right.... 3

        1.   The Motion is Timely ............................................................................. 3

        2.   WSDCC Has an Interest in the Outcome of this Litigation...................... 4

        3.   Disposition will Impair and Impede the WSDCC's Ability to Protect its Interests ............................................................................................. 6

        4.   WSDCC's Interests are not Adequately Represented by Defendants ....... 7

    B.   Alternatively, WSDCC Should be Allowed Permissive Intervention ............. 9

VI.  CONCLUSION ................................................................................................. 10

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – i
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.    INTRODUCTION

Nearly a year after the November 2020 election, the Washington Election Integrity Coalition United and its *pro se* supporters ("Plaintiffs") have filed a Complaint filled with entirely fabricated claims of election fraud. Plaintiffs' effort to delegitimize the integrity of our State elections appears to be little more than a cut and paste of similar cases filed throughout the country immediately after the 2020 Presidential Election. Federal and state court judges roundly rejected every one of those election contests, and with them, their unsubstantiated claims of voter and election fraud. Now, after all the votes have been counted and the results certified by the county and the state, and officials have been sworn in, Plaintiffs file this action seeking to unseal ballots from Washington's 2020 General Election and "audit" King County's ("the County") election department, claiming their votes have been "diluted" and seeking injunctive relief regarding certain election procedures.[1] Compl. ¶ 5. The Washington State Democratic Central Committee ("WSDCC"), on its own behalf and on

---

[1] This lawsuit is one of several copycat lawsuits filed across Washington State, including against Clark, Snohomish, Whatcom, Thurston, Lincoln, Thurston, and Pierce counties. *Washington Election Integrity Coalition United et al. v. Anderson*, No. 21-2-07551-9 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Hall*, No. 21-2-01641-34 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Kimsey*, No. 21-2-01775-06 (Sept. 16, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Fell*, No. 21-2-04302-31 (Sept. 16, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Bradrick*, No. 21-2-00949-37 (Sept. 10, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Beaton*, No. 21-2-50572-11 (Oct. 5, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Schumacher*, No. 21-2-00042-22 (Oct. 4, 2021), DKT 1. Each of the lawsuits contains virtually identical claims on behalf of an organization called "Washington Election Integrity Coalition United," and different county-specific collections of *pro se* individuals, all apparently recruited at roving statewide meetings called to generate support for the effort. *See* Associated Press, *Lawsuits claiming 2020 ballots were manipulated come to WA*, SEATTLE TIMES (Sept. 21, 2021, 10:36 AM), https://www.seattletimes.com/seattle-news/politics/lawsuits-claiming-2020-ballots-were-manipulated-come-to-washington/; Shari Phiel, *Lawsuits Filed in Three Washington Counties Claim Votes Were 'Flipped'*, THE CHRONICLE, https://www.chronline.com/stories/lawsuits-filed-in-three-washington-counties-claim-votes-were-flipped,273108. The WSDCC is seeking intervention in each and every lawsuit and, should intervention be granted, would be the only party before the Court other than the "Washington Election Integrity Coalition United" to be a party to all of the lawsuits.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

behalf of Democratic voters throughout the state, with this Motion seeks to intervene to defend and protect the integrity of Washington's electoral system.

WSDCC meets the applicable requirements for intervention as of right and permissive intervention under Washington Superior Court Civil Rule ("CR") 24. The Motion is timely, submitted just two weeks after the complaint was filed. The WSDCC has a substantial interest in protecting the legitimacy of its candidates' electoral victories from partisan attacks, ensuring that the results of Washington's 2020 election stand, and defending its candidates' future election prospects.

As required by CR 24(c), this Motion is accompanied by a Proposed Answer, which is attached as Exhibit A.[2]

## II.    IDENTITY OF INTERVENOR

The WSDCC is the governing body of the Washington State Democratic Party, which works to elect Democrats, uphold Democratic values, and support Democrats across the state. Decl. of Tina Podlodowski ("Podlodowski Decl.") ¶ 3. It is composed of two people from each Legislative District and County. *Id.* ¶ 2. It holds monthly meetings, nominates and endorses local candidates, recruits and manages precinct committee officers, passes resolutions, and campaigns for local candidates. *Id.* This action and the relief requested impact the Washington State Democratic Party, its supporters, and its elected officials.

## III.    ISSUE PRESENTED

Whether Proposed Intervenor WSDCC should be permitted to intervene in this action pursuant to the liberal standards for intervention in CR 24.

---

[2] WSDCC has attached the following hereto: a Proposed Answer as Exhibit A (to ensure compliance with CR 24(c)); a declaration from WSDCC Chair Tina Podlodowski in support of this Motion as Exhibit B; and a proposed Motion to Dismiss as Exhibit C, which WSDCC seeks to file if it is granted intervention.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 2
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

#### IV.    EVIDENCE RELIED UPON

WSDCC relies on the Declaration of Tina Podlodowski ("Podlodowski Decl.") filed as Exhibit B to WSDCC's Motion to Intervene.

#### V.    ARGUMENT

WSDCC seeks to intervene in this case as a matter of right under CR 24(a) or, in the alternative, permissively under CR 24(b). WSDCC plainly meets the requirements to intervene as of right under CR 24(a), and thus, easily meets the requirements for permissive intervention under CR 24(b).

**A.    WSDCC satisfies Rule 24(a)'s requirements for intervention as of right.**

CR 24(a) provides an absolute right of intervention if the intervenor shows: (1) timely application for intervention; (2) an interest which is the subject of the action; (3) that the disposition will impair or impede the applicant's ability to protect the interest; and (4) the applicant's interest is not adequately represented by the existing parties. *Wilson v. Mt. Solo Landfill, Inc.*, 184 Wn. App. 1030, 2014 WL 6068043, at *2 (2014) (citing *Westerman v. Cary*, 125 Wn.2d 277, 303, 892 P.2d 1067 (1994)). WSDCC satisfies all four requirements and is entitled to intervene as of right under CR 24(a).

**1.    The Motion is Timely.**

A motion for intervention is timely when made prior to trial. *Am. Disc. Corp. v. Saratoga W. Inc.*, 81 Wn.2d 34, 43, 499 P.2d 869 (1972). Leave to intervene should be interpreted as timely to allow an intervention of right unless it would work a hardship on one of the original parties. *Loveless v. Yantis*, 82 Wn.2d 754, 759, 513 P.2d 1023 (1973) (citations omitted). Intervention has been allowed in Washington as late as the trial court's oral decision for the purposes of appeal. *Ford v. Logan*, 79 Wn.2d 147, 149, 483 P.2d 1247 (1971). This Motion follows just two weeks after the Complaint was filed and no substantive activity has

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 3
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

taken place in the case. There has therefore been no delay, and no possible risk of prejudice to the other parties.

### 2.    WSDCC has an interest in the outcome of this litigation.

WSDCC has an interest in the outcome of this action. "[A] party has a right to intervene in an action either where he has an interest in the matter in litigation, or has an interest in the success of either party thereto." *Moses Lake Homes, Inc. v. Grant County*, 49 Wn.2d 182, 185, 299 P.2d 840 (1956). An intervenor's interest is to be construed broadly. *Vashon Island Comm. for Self-Gov't v. Wash. State Boundary Review Bd. for King Cnty.*, 127 Wn.2d 759, 765, 903 P.2d 953 (1995); *Fritz v. Gorton*, 8 Wn. App. 658, 509 P.2d 83 (1973); *Columbia Gorge Audubon Soc'y v. Klickitat County*, 98 Wn. App. 618, 629, 989 P.2d 1260 (1999) ("Not much of a showing is required, however, to establish an interest. And insufficient interest should not be used as a factor for denying intervention."). The "interest" requirement is met if the intervenor could either gain or lose by the direct operation or immediate effect of a possible final judgment. *Am. Discount*, 81 Wn.2d at 36. When in doubt, intervention should be granted. *Id.* at 40.

WSDCC is dedicated to representing the interests of Washington's Democratic voters by supporting the election of Democratic candidates across Washington. Podlodowski Decl. ¶ 2. It seeks to intervene as a defendant in this matter to protect the rights of its affiliated candidates and voters across Washington. *See id.* ¶ 4–6.

The WSDCC has an interest in ensuring the official certified results of Washington's 2020 election remain undisturbed and their credibility unimpeached. *See id.* ¶ 6. Plaintiffs appear to seek some sort of Arizona-style "audit" of the 2020 election, contrary to state law. Compl. ¶ 5, 56. Although Plaintiffs claim they are not seeking de-certification of the election, they nonetheless ask the Court to "determine rights" with regard to "vote flipping." *Id.* ¶ 29.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 4
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The request thus appears to seek an unofficial and extraordinary "audit" of 2020 ballots, contrary to law, and an alteration of certified election results or at least to call them into question. Plaintiff's Equal Protection and "vote dilution claims" similarly appear to target the election's outcome. *Id.* ¶ 61(b).

WSDCC's intervention is needed to ensure that the final, certified results of Washington's 2020 election are not disturbed, on behalf of their affiliate candidates and Washington's Democratic voters who elected those candidates. *See* Podlodowski Decl. ¶ 6; *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 189 n.7 (2008) (agreeing with the unanimous view of the Seventh Circuit that the Indiana Democratic Party had standing to challenge a voter identification law that risked disenfranchising its members); *Owen v. Mulligan*, 640 F.2d 1130, 1132 (9th Cir. 1981) (holding that "the potential loss of an election" inflicts injury on a political party).[1] WSDCC plainly has an interest in this action.

In addition, groups and individuals like the Plaintiffs here suggest that fraud is perpetrated by or to benefit Democratic election officials and depict themselves as watchdogs, vowing to "restor[e] . . . transparent, secure and publicly verified elections." Washington Election Integrity Coalition United, *Support Our Work*, Give Send Go, https://givesendgo.com/GX2Y (last visited Oct. 4, 2021); *see also* Podlodowski Decl. ¶ 5. By creating a false narrative unsupported by any factual evidence that Washington elections are replete with election fraud and vowing to put an end to it, they seek to create and foster a fictional problem. This unsupported lawsuit serves to propagate and spread that misinformation, undermining public confidence in our elections and, indeed, our democratic system of elections. Indeed, that appears to be the whole purpose of its filing. The effort threatens to damage Democratic candidates' and officeholders' reputations, and ultimately threatens Democratic candidates' future successes at the ballot box. Podlodowski Decl. ¶ 6.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 5
154040697.4

WSDCC's interests are clearly at issue here under the broad construction of that requirement in Washington law. *Vashon Island*, 127 Wn.2d at 765.

### 3. Disposition will impair and impede the WSDCC's ability to protect its interests.

In addition, disposition "of the action may as a practical matter impair or impede" WSDCC's ability to protect its interests. CR 24(a)(2). While Washington courts have not elaborated on this third requirement of CR 24(a), other courts have concluded that if a proposed intervenor has a protectable interest in the outcome of the litigation, courts have "little difficulty concluding" that its interests will be impaired. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006); *see also Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (noting that if the intervenor "can show that they possess a legal interest in this action, then it naturally follows that such an interest would be affected by this litigation").

There can be no doubt that disposition of this matter has the potential to impair the WSDCC's ability to protect its interests. Federal courts have routinely concluded that interference with a political party's electoral prospects constitutes a direct injury that satisfies Article III standing, which goes beyond the requirement needed for intervention under CR 24(a)(2) in this case. *E.g.*, *Owen*, 640 F.2d at 1132 (holding that "the potential loss of an election" is sufficient injury to confer Article III standing); *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586–87 (5th Cir. 2006) (political party had suffered injury-in-fact when "its congressional candidate's chances of victory would be reduced"); *Pavek v. Simon*, 467 F. Supp. 3d 718, 742 (D. Minn. 2020) ("[S]everal circuits have recognized" that a "political party can show direct injury if the defendant's actions hurt the candidate's or party's chances of prevailing in an election."); *Schulz v. Williams*, 44 F.3d 48, 53 (2d Cir. 1994) (Conservative Party had representative standing because the party "stood to suffer . . . competition on the

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 6
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

ballot . . . and a resulting loss of votes"); *Hollander v. McCain*, 566 F. Supp. 2d 63, 68 (D.N.H. 2008) ("[C]ourts have held that a candidate or his political party has standing to challenge the inclusion of an allegedly ineligible rival on the ballot, on the theory that doing so hurts the candidate's or party's own chances of prevailing in the election.").

This action threatens (and is designed to threaten) the WSDCC's political prospects by alleging—without evidentiary support—some unidentified "fraud" or "misconduct" in the administration of the election. Podlodowski Decl. ¶ 5. The Democratic National Committee and similar political organizations were routinely granted intervention as of right in election disputes over the exact same election. *E.g.*, *Paher v. Cegavske*, No. 20-cv-00243-WGC, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention as of right to Democratic National Committee, Democratic Congressional Committee, and Nevada State Democratic Party where "Plaintiffs' success on their claims would disrupt the organizational intervenors' efforts to promote the franchise and ensure the election of Democratic Party candidates"); *Issa v. Newsom*, No. 20-cv-01044-CKD, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention as of right to the DNC in suit brought by a Republican Representative, the National Republican Congressional Committee, and California Republican Party); *Donald J. Trump for President, Inc. v. Cegavske*, No. 20-CV-1445 VCF, 2020 WL 5229116, at *1 (D. Nev. Aug. 21, 2020) (granting intervention to DNC, DCCC, and NSDP in suit brought by President Trump's campaign).

The WSDCC's interests would be no less impaired. WSDCC easily satisfies this requirement of CR 24(a)(2).

### 4.    WSDCC's interests are not adequately represented by Defendants.

WSDCC cannot rely on the parties in this case to adequately represent its interests. "The intervenor need make only a minimal showing that its interests may not be adequately

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 7
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

represented." *Columbia Gorge Audubon Soc'y*, 98 Wn. App. at 629. It is not necessary that the intervenor's interest be in direct conflict with those of the existing parties. *Id.* at 630. It is only necessary that the interest may not be adequately articulated and addressed. *Id.* (citing *Am. Discount*, 81 Wn.2d at 41). Washington Courts have articulated three relevant questions: Will the Defendants "undoubtedly" make all the WSDCC's arguments? Are Defendants able and willing to make those arguments? And will WSDCC more effectively articulate any aspect of its interest? *Id.* Once an applicant for intervention shows interests different than those of the existing parties, the requirement of showing that such interest would not be given adequate representation is minimal. *Fritz*, 8 Wn. App. at 661–62.

Defendants' interest is defined solely by their statutory duties to conduct elections. But the WSDCC's interests are broader. While Defendants may have an interest in ensuring that the election results are upheld, those Defendants do not share the WSDCC's interest in defending *its candidates* victories and reputations against Petitioners' partisan allegations, and hence, Defendants will not and cannot represent the WSDCC in that respect. Because their interests diverge, the Defendants—who are all election officials—cannot adequately represent WSDCC's interests. *See* Podlodowski Decl. ¶ 4–6; *Issa*, 2020 WL 3074351, at *3 ("While Defendants' arguments turn on their inherent authority as state executives and their responsibility to properly administer election laws, the [intervenor is] concerned with ensuring their party members and the voters they represent have the opportunity to vote in the upcoming federal election, advancing their overall electoral prospects, and allocating their limited resources to inform voters about the election procedures."). Courts have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors," *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011); *Associated Gen.*

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 8
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Contractors of Am. v. Cal. Dep't of Transp.*, No. 09-01622, 2009 WL 5206722, at *2–3 (E.D. Cal. Dec. 23, 2009) (granting intervention where defendant state agency's "main interest is ensuring safe public roads and highways" and agency "is not charged by law with advocating on behalf of minority business owners" as intervenors would), including specifically in cases regarding the right to vote. *See Paher*, 2020 WL 2042365, at *3 (granting intervention as of right where Proposed Intervenors "may present arguments about the need to safeguard Nevada[ns'] right to vote that are distinct from [state defendants'] arguments"). Defendants will undoubtedly *not* make all WSDCC's arguments in this action.

**B.      Alternatively, WSDCC should be allowed permissive intervention**

In the event this Court concludes that WSDCC may not intervene as a matter of right, permissive intervention is clearly appropriate. CR 24(b) provides in relevant part:

> (b) Permissive Intervention. Upon timely application, anyone may be permitted to intervene in an action:
>
> . . . . . . . .
>
> (2) When an applicant's claim or defense and the main action have a question of law or fact in common . . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

As with CR 24(a), CR 24(b) should be liberally construed so as to permit permissive intervention.

For the reasons discussed in Part A supra, WSDCC's motion is timely. WSDCC also has defenses to Plaintiffs' claims that share common questions of law and fact—for example, whether Plaintiffs have stated valid claims for relief. Significantly, intervention will result in neither prejudice nor undue delay. WSDCC has an undeniable interest in a swift resolution of this action and is confident that its intervention in this case will result in expeditious resolution of this litigation. It is in the interest of justice to allow all those with affected interests,

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 9
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

including both sides of the political spectrum, to participate in this case. *See, e.g.*, *Donald J. Trump for President, Inc. v. Benson*, No. 1:20-cv-1083, 2020 WL 8573863, at *3 (W.D. Mich. Nov. 17, 2020) (granting permissive intervention in a lawsuit challenging the 2020 election results to the City of Detroit, Michigan NAACP, the Democratic National Committee, and the Michigan Democratic Party); *Libertarian Party of Pennsylvania v. Wolf*, No. 20-cv-2299, 2020 WL 6580739, at *1 (E.D. Pa. July 8, 2020) (granting permissive intervention to the Pennsylvania Democratic Party in a 2020 election case). The WSDCC cannot rely on Defendants to protect the rights of its affiliate candidates and voters from partisan attacks.

## VI.    CONCLUSION

For the reasons set forth above, Intervenor Washington State Democratic Central Committee respectfully requests that the Court grant its Motion for Intervention.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 10
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Dated:  October 6, 2021

s/ Kevin J. Hamilton
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com

s/ Amanda J. Beane
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com

s/ Reina A. Almon-Griffin
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com

s/ Nitika Arora
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

Attorneys for WASHINGTON STATE
DEMOCRATIC PARTY

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 11
154040697.4

## CERTIFICATE OF SERVICE

On October 6, 2021, I caused to be served upon the below named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

*Pro Se* **Plaintiffs**

☐ Via hand delivery
☒ Via U.S. Mail, 1st Class, Postage Prepaid
☐ Via Overnight Delivery
☐ Via Facsimile
☐ Via Eservice

Tamborine Borrelli, Director
Washington Election Integrity Coalition United
13402 125th Avenue NW
Gig Harbor, WA 98329-4215
Ph: 253-375-1255

Doug Basler
1851 Central Place S, Ste. 123
Kent, WA 98032
206-601-3133

Howard Ferguson
4357 13th Ave. S.
Seattle, WA 98108
206-898-2696

Diana Bass
P. O. Box 7364
Bellevue, WA 98008
425-649-9765

Timofey Samoylenko
1921 R St NE
Auburn, WA 98002
206-305-3692

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 12
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Amy Behope
507 SW 302nd St
Federal Way, WA 98023
206-683-3122

Mary Hallowell
17505 462nd Ave SE
North Bend, WA 98045
425-888-2208

Samantha Bucari
3546 S 244th St
Kent, WA 98032
253-653-7553

Ronald Stewart
29506 51st Ave S
Auburn, WA 98001
206-790-8187

Lydia Zibin
254 145th PL SE
Bellevue, WA 98007
425-894-1467

Catherine Dodson
42131-212th Ave SE
Enumclaw, WA 98022
253-709-3339

Ann Summers, Prosecuting Attorney
King County Courthouse
516 Third Avenue, W400
Seattle, WA 98104
ann.summers@kingcounty.gov

Julie Wise, Director
King County Elections
919 Southwest Grady Way
Renton, WA 98057

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 13
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

**I certify under penalty of perjury under the laws of the
State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on October 6, 2021.

_____
June Starr

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
INTERVENE – 14
154040697.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# EXHIBIT A

THE HONORABLE LEROY MCCULLOUGH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17 SUPERIOR COURT OF THE STATE OF WASHINGTON
18 FOR KING COUNTY
19
20 WASHINGTON ELECTION
21 INTEGRITY·COALITION UNITED, a                    No. 21-2-12603-7 KNT
22 Washington State Nonprofit Corporation;
23 DOUG BASLER; HOWARD FERGUSON;                    WASHINGTON STATE
24 DIANA BASS; TIMOFEY SAMOYLENKO;                  DEMOCRATIC CENTRAL
25 AMY BEHOPE; MARY HALLOWELL;                      COMMITTEE'S [PROPOSED]
26 SAMANTHA BUCARI; RONALD                          ANSWER
27 STEWART; LYDIA ZIBIN; CATHERINE
28 DODSON,
29
30                          Plaintiffs,
31
32         v.
33
34 JULIE WISE, King County Director of
35 Elections; KING COUNTY, and DOES 1-30,
36 inclusive,
37
38                          Defendants,
39
40   and
41
42   WASHINGTON STATE DEMOCRATIC
43   CENTRAL COMMITTEE,
44
45                          Proposed Intervenor
46                          Defendant.
47

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 1
15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# ANSWER

Applicant Intervenor-Defendants Washington State Democratic Central Committee ("WSDCC") by and through its attorneys, submit the following Answer to Plaintiff's Complaint (the "Complaint"). WSDCC responds to the allegations in the Complaint as follows:

## I.    PARTIES

1.    Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and therefore denies the same.

2.    Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and therefore denies the same.

3.    Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and therefore denies the same.

4.    Paragraph 4 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

## II.    OVERVIEW

5.    Proposed Intervenor denies the first sentence of paragraph 5. Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations that WEiCU issued a records request for ballots, and therefore denies the same. The remaining allegations in Paragraph 5 are mere

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 2

15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

### III.    JURISDICTION, VENUE, LIMITATIONS

6.    Paragraph 6 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

7.    Paragraph 7 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

8.    Paragraph 8 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

9.    Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and therefore denies the same.

### IV.    WRONGFUL ACTS: USE OF CERTIFIED VOTING SYSTEM
### RCW 29A.68.013(1) and/or (2)
### (Citizen Plaintiffs v. Director)

10.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

11.    Proposed Intervenor denies the allegations in Paragraph 11.

12.    Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 12, and therefore denies the same.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 3
15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

13.     Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, and therefore denies the same.

14.     Proposed Intervenor denies the allegations in Paragraph 14.

15.     Proposed Intervenor denies the allegations in Paragraph 15.

## V.     DECLARATORY RELIEF: USE OF UNCERTIFIED VOTING SYSTEM
### (Citizen Plaintiffs v. Director)

16.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

17.     Paragraph 17 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

18.     Paragraph 18 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

19.     Paragraph 19 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

## VI.     EQUITABLE RELIEF: USE OF UNCERTIFIED VOTING SYSTEM
### (Citizen Plaintiffs v. Director)

20.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

21.     Proposed Intervenor denies the allegations in Paragraph 21.

22.     Proposed Intervenor denies the allegations in Paragraph 22.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 4

15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## VII.   WRONGFUL ACTS: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

23.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

24.    Proposed Intervenor denies the allegations in Paragraph 24.

25.    Proposed Intervenor denies the allegations in Paragraph 25.

26.    Proposed Intervenor denies the allegations in Paragraph 26.

## VIII.   DECLARATORY RELIEF: VOTE FILLING, ADDITIONS, AND/OR DELETION

### (Citizen Plaintiffs v. Director)

27.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

28.    Proposed Intervenor denies the allegations in Paragraph 28.

29.    Proposed Intervenor denies the allegations in Paragraph 29.

## IX.   EQUITABLE RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS

### (Citizen Plaintiffs v. Director)

30.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

31.    Proposed Intervenor denies the allegations in Paragraph 31.

32.    Proposed Intervenor denies the allegations in Paragraph 32.

## X.   WRONGFUL ACTS: PARTY PREFERENCE

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 5
15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

33.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

34.     Proposed Intervenor denies the allegations in Paragraph 34.

## XI.     DECLARATORY RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

35.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

36.     Proposed Intervenor denies the allegations in Paragraph 36.

37.     Proposed Intervenor denies the allegations in Paragraph 37.

## XII.     EQUITABLE RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

38.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuring paragraphs as if fully set forth herein.

39.     Proposed Intervenor denies the allegations in Paragraph 39.

40.     Proposed Intervenor denies the allegations in Paragraph 40.

## XIII.     WRONGFUL ACTS: BALLOT SECURITY

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

41.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuring paragraphs as if fully set forth herein.

42.     Proposed Intervenor denies the allegations in Paragraph 42.

## XIV.     DECLARATORY RELIEF: BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 6

15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

43.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuring paragraphs as if fully set forth herein.

44.     Proposed Intervenor denies the allegations in Paragraph 44.

45.     Proposed Intervenor denies the allegations in Paragraph 45.

## XV.     EQUITABLE RELIEF: BALLOT SECURITY
### (Citizen Plaintiffs v. Director)

46.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuring paragraphs as if fully set forth herein.

47.     Proposed Intervenor denies the allegations in Paragraph 47.

48.     Proposed Intervenor denies the allegations in Paragraph 48.

## XVI.     PUBLIC RECORDS ACT
### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110
### (Plaintiff WEiCU v. Director and County)

49.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

50.     Paragraph 50 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

51.     Proposed Intervenor is without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained in Paragraph 51, and therefore denies the same.

52.     Paragraph 52 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 7
15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

53.     Paragraph 53 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

54.     Paragraph 54 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

55.     Paragraph 55 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

56.     Proposed Intervenor denies the allegations in Paragraph 56.

## XVII.  DECLARATORY RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS WA STATE CONSTITUTION ART. I,  § 1, § 2, § 3, § 12, § 19, § 29; ART. VI, § 6, US CONSTITUTION AMENDMENTS I, XIV

### (Citizen Plaintiffs v. Director)

57.     Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

58.     Paragraph 58 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

59.     Paragraph 59 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

60.     Article I Section 3 of the Washington State Constitution speaks for itself.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 8
15934.0024\154076061.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

61.    Proposed Intervenor denies the allegations in Paragraph 61.

62.    Proposed Intervenor denies the allegations in Paragraph 62.

63.    Proposed Intervenor denies the allegations in Paragraph 63.

## XVIII. INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

### (Citizen Plaintiffs v. Director)

64.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

65.    Proposed Intervenor denies the allegations in Paragraph 65.

66.    Proposed Intervenor denies the allegations in Paragraph 66.

## XIX.   DAMAGES FOR CIVIL RIGHTS VIOLATIONS

### 42 USC § 1983, § 1988

### (Citizen Plaintiffs v. Director)

67.    Proposed Intervenor incorporates by reference all of its responses in the preceding and ensuing paragraphs as if fully set forth herein.

68.    42 U.S.C. § 1983 speaks for itself.

69.    Paragraph 69 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations.

70.    Proposed Intervenor denies the allegations in Paragraph 70.

71.    Proposed Intervenor denies the allegations in Paragraph 71.

## XX.   DEMAND FOR JURY TRIAL

72.    Proposed Intervenor denies the allegations in Paragraph 72.

## XXI.   RELIEF SOUGHT

WHEREFORE, Proposed Intervenor respectfully requests that this Court:

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 9
15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

A.      Deny that Plaintiffs is entitled to any relief;

B.      Dismiss the Complaint in its entirety, with prejudice;

C.      Award Proposed Intervenor its attorneys' fees, costs, and expenses incurred in this action; and

D.      Grant such other and further relief as the Court may deem just and proper.

## DEFENSES AND AFFIRMATIVE DEFENSES

Proposed Intervenor sets forth its affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Proposed Intervenor. Moreover, nothing stated here is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Proposed Intervenor reserves the right to amend or supplement its affirmative defenses as additional facts concerning defenses become known.

Proposed Intervenor alleges as follows:

1.   Plaintiffs lack standing to bring their claims.

2.   Plaintiffs' claims are barred by RCW 29A.68.011 and 29A.68.013, laches, estoppel, and/or waiver.

3.   Plaintiffs' claims are moot.

4.   Plaintiffs fail to state a claim upon which relief can be granted.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 10
15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Dated:  October 6, 2021

*s/ Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

*Attorneys for Proposed Intervenor Washington
State Democratic Central Committee*

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
ANSWER – 11
15934.0024\154076061.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

WASHINGTON ELECTION
INTEGRITY·COALITION UNITED, a
Washington State Nonprofit Corporation;
DOUG BASLER; HOWARD FERGUSON;
DIANA BASS; TIMOFEY SAMOYLENKO;
AMY BEHOPE; MARY HALLOWELL;
SAMANTHA BUCARI; RONALD
STEWART; LYDIA ZIBIN; CATHERINE
DODSON,

Plaintiffs,

v.

JULIE WISE, King County Director of
Elections KING COUNTY, and DOES
1-30, inclusive,

                        Defendants,

and

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE,

                        Proposed Intervenor-
                        Defendant.

No. 21-2-12603-7 KNT

DECLARATION OF TINA
PODLODOWSKI IN
SUPPORT OF
WASHINGTON STATE
DEMOCRATIC CENTRAL
COMMITTEE'S MOTION
TO INTERVENE

DECLARATION OF TINA PODLODOWSKI– 1

# DECLARATION OF TINA PODLODOWSKI

I, Tina Podlodowski, do hereby declare:

1.      I am the current State Party Chair of the Washington State Democratic Party. I have held that title since I was elected to my first term as Chair in 2017.

2.      The Washington State Democratic Central Committee ("WSDCC") is the governing body of the Washington State Democratic Party, made up of two people of different gender identities from each Legislative District and County. Specifically, the WSDCC has 176 State Committee Members from 88 different Local Party Organizations, including 49 Legislative District and 39 County organizations. It holds three annual meetings, nominates and endorses local candidates, recruits and manages precinct committee officers, passes resolutions, and campaigns for local candidates.

3.      The WSDCC works to elect Democrats, uphold Democratic values, and support Democrat voters and candidates across the state.

4.      As part of its work to uphold Democratic values, the WSDCC fights for equal access to the franchise because we believe that the right to vote is the foundation of democracy. The WSDCC believes that our government is stronger if every voice is heard and that injustice in our election system means many communities, especially communities of color and the disability community, are not being fairly represented by government.

5.      The WSDCC believes that conservative groups have resorted to making unsupported claims of voter and election fraud to mislead voters. The WSDCC is committed to fighting back against this rhetoric, and against any attempts to restrict the right to vote based on these groundless assertions.

6.      Groups like the Washington Election Integrity Coalition United ("WeICU") suggest that fraud is perpetrated by or to benefit Democratic election officials. To fulfill its

DECLARATION OF TINA PODLODOWSKI– 2

mission of supporting Democratic voters and candidates, the WSDCC must be able to defend its candidates' victories and reputations against the WeICU's allegations.

DECLARATION OF TINA PODLODOWSKI– 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  October 4, 2021

_____
Tina Podlodowski
Washington State Democratic Central Committee

DECLARATION OF TINA PODLODOWSKI– 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# EXHIBIT C

1
2
3
4
5
THE HONORABLE LEROY MCCULLOUGH
6
7
8
9
10
11
12
13
14                    SUPERIOR COURT OF THE STATE OF WASHINGTON
15                                    FOR KING COUNTY
16
17   WASHINGTON ELECTION INTEGRITY          No. 21 2 12603-7 KNT
18   COALITION UNITED, a Washington State
19   Nonprofit Corporation; DOUG BASLER;    WASHINGTON STATE
20   HOWARD FERGUSON; DIANA BASS;           DEMOCRATIC CENTRAL
21   TIMOFEY SAMOYLENKO; AMY BEHOPE;        COMMITTEE'S [PROPOSED]
22   MARY HALLOWELL; SAMANTHA               MOTION TO DISMISS
23   BUCARI; RONALD
24   STEWART; LYDIA ZIBIN; CATHERINE
25   DODSON,
26                            Plaintiffs,
27
28          v.
29
30   JULIE WISE, Director of King County
31   Elections; KING COUNTY, and DOES 1-30,
32   inclusive,
33
34                            Defendants,
35
36
37   and
38
39   WASHINGTON STATE DEMOCRATIC
40   CENTRAL COMMITTEE,
41                            Proposed Intervenor-
42                            Defendant.
43
44
45
46
47

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................... 1

II.    ISSUE PRESENTED .......................................................................... 4

III.    EVIDENCE RELIED UPON ............................................................... 4

IV.    BACKGROUND ................................................................................. 4

V.    ARGUMENT ...................................................................................... 7

    A.    Legal Standard ........................................................................ 7

    B.    WEiCU Is Not Properly Before this Court .............................. 8

    C.    This Election Contest is Untimely Under RCW 29A.68.013 ....... 8

    D.    Plaintiffs Lack Standing ....................................................... 10

        1.    Plaintiffs Have Not Suffered an Injury in Fact .............. 11

        2.    Plaintiffs Injury is not Redressable ............................... 15

    E.    Plaintiffs' Claims Fail Due to Mootness .............................. 16

    F.    Laches Bars Plaintiffs' Claims ............................................ 16

    G.    Plaintiffs Fail to State a Claim ............................................ 18

        1.    Plaintiffs' Election Contest Fails .................................. 18

        2.    Plaintiffs' Claims Under the PRA Fail .......................... 19

        3.    Plaintiffs' Remaining Claims Fail ................................. 19

VI.    CONCLUSION................................................................................. 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S MOTION TO
DISMISS – i
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I.    INTRODUCTION

"Unless an election is clearly invalid, when the people have spoken, their verdict should not be disturbed by the courts." *Dumas v. Gagner*, 137 Wn. 2d 268, 283, 971 P.2d 17 (1999) (citations omitted). The people of Washington have spoken. Four million Washingtonians voted in the November 2020 General Election. That election has been audited pursuant to state law, certified by county election officials, and certified by Washington's Secretary of State. Certificates of Election have been issued to all of the prevailing candidates, all of whom have been sworn in and have held office since January 8, 2021.

Now, nearly a full year after the election, the Washington Election Integrity Coalition United ("WEiCU") and several individual *pro se* voters filed this election contest raising entirely unsupported and fantastical allegations, seeking to call into question the legitimacy of Washington's November 2020 Election and question the integrity of the King County ("the County") Director of Elections, Julie Wise, and the County's election officials. Plaintiffs ask the Court to declare that the County broke Washington law and violated the Washington and U.S. Constitution, and to bar the County from doing so moving forward. Plaintiffs also ask for an extra-legal license to "audit" the County's election department and assert that they should be permitted to inspect sealed ballots from the 2020 election. But their claims fail as a matter of law, their extraordinary and sweeping relief is not justified, and their Complaint should be dismissed with prejudice.

At the outset, while Plaintiffs state they do not wish to de-certify any election and even fail to challenge the election of a particular candidate, Plaintiffs' challenge is, at bottom, an election contest (although a vague and patently insufficient one). Their Complaint can and should be dismissed on this basis alone, because Plaintiffs are far beyond the narrow ten-day

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 1
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

statute of limitations applicable to such claims. *See* RCW 29A.68.011; 29A.68.013. This flaw independently precludes this Court from exercising jurisdiction over any of Plaintiffs' claims.

Even if this action were deemed not to be an "election contest" under RCW 29A.68.011 or 29A.68.013, whatever it is, Plaintiffs' delay in filing this claim also warrants application of the equitable doctrine of laches, which moots their claims.

Plaintiffs in any event lack standing to bring this action, as they have not suffered any personal injury, nor have they requested any relief that would redress the supposed fraud that they allege occurred last November. Instead, Plaintiffs stitch together a series of perceived election irregularities that would have taken a statewide conspiracy to accomplish. Their baseless assertions do not state any cognizable legal claim. Plaintiffs fail to assert the most basic essential requirement for a cognizable election contest: that the outcome of Washington's November 2020 Election was changed as a result of the County's alleged misconduct. Plaintiffs' sparse and implausible facts also fall far short of that required by CR 8(a), much less the *heightened* pleading requirements for claims sounding in fraud under CR 9(b).

This election contest is one in a long line of lawsuits promoting conspiracy theories of election and voter fraud that have been thoroughly debunked. Not one of those election contests was successful, ultimately resulting in at least 60 courtroom losses for the Trump Campaign and other groups seeking his reelection or to otherwise challenge the outcome of the 2020 General Election.[1] Despite those 60 lawsuits, Georgia counting their ballots three

---

[1] William Cummings et al., *By the numbers: President Donald Trump's failed efforts to overturn the election*, USA NEWS TODAY (Jan. 6, 2021, 7:50 PM), https://www.usatoday.com/in-depth/news/politics/elections/2021/01/06/trumps-failed-efforts-overturn-election-numbers/4130307001/.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 2
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

times,[2] and a Republican-led audit in Arizona,[3] the results of the November 2020 General Election never changed. President Joseph Biden was inaugurated on January 20, 2020, having received more than 81 million votes (more than any President in American history).[4]

This lawsuit is entirely unfounded and appears to be little more than a coordinated political attack on the integrity of Washington elections.[5] It is plainly barred as a matter of law and should be promptly dismissed with prejudice.

---

[2] Chandelis Duster, *Georgia reaffirms Biden's victory for 3rd time after recount, dealing major blow to Trump's attempt to overturn the results*, CNN (Dec. 7, 2020, 5:23 PM), https://www.cnn.com/2020/12/07/politics/georgia-recount-recertification-biden/index.html.

[3] Jack Healy et al., *Republican Review of Arizona Vote Fails to Show Stolen Election*, N.Y. TIMES (Sept. 30, 2020), https://www.nytimes.com/2021/09/24/us/arizona-election-review-trump-biden.html.

[4] Jemima McEvoy, *Biden Wins More Votes Than Any Other Presidential Candidate In U.S. History*, FORBES (Nov. 4, 2020, 1:18 PM), https://www.forbes.com/sites/jemimamcevoy/2020/11/04/biden-wins-more-votes-than-any-other-presidential-candidate-in-us-history/?sh=131798867c3a.

[5] This lawsuit is one of several virtually identical copycat lawsuits filed across Washington State, including against Clark, Snohomish, Whatcom, Lincoln, Franklin, Thurston, and Pierce counties. *Washington Election Integrity Coalition United et al. v. Wise*, No. 21-2-12603-7-KNT (Sept. 22, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Anderson*, No. 21-2-07551-9 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Hall*, No. 21-2-01641-34 (Sept. 21, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Kimsey*, No. 21-2-01775-06 (Sept. 16, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Fell*, No. 21-2-04302-31 (Sept. 16, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Bradrick*, No. 21-2-00949-37 (Sept. 10, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Beaton*, No. 21-2-50572-11 (Oct. 5, 2021), DKT 1; *Washington Election Integrity Coalition United et al. v. Schumacher*, No. 21-2-00042-22 (Oct. 4, 2021), DKT 1. Each of the lawsuits was filed by the "Washington Election Integrity Coalition United" and a county-specific collection of *pro se* voters, apparently recruited for this purpose. *See* Associated Press, *Lawsuits claiming 2020 ballots were manipulated come to WA*, SEATTLE TIMES (Sept. 21, 2021, 10:36 AM), https://www.seattletimes.com/seattle-news/politics/lawsuits-claiming-2020-ballots-were-manipulated-come-to-washington/; Shari Phiel, *Lawsuits Filed in Three Washington Counties Claim Votes Were 'Flipped'*, THE CHRONICLE, https://www.chronline.com/stories/lawsuits-filed-in-three-washington-counties-claim-votes-were-flipped,273108.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 3
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II.   ISSUE PRESENTED

Whether Plaintiffs' Complaint should be dismissed in its entirety because it is untimely, Plaintiffs lack standing, and the claims are moot and barred by the doctrine of laches, and because Plaintiffs have failed to state a cognizable claim.

## III.   EVIDENCE RELIED UPON

Defendants rely on the allegations in this Motion, the documents it incorporates by reference, and facts that are subject to judicial notice.

## IV.   BACKGROUND

Over four million Washingtonians cast their ballots in Washington's November 2020 General Election.[6] That election was audited pursuant to state law and certified by county election officials.[7] The Secretary of State certified the election results on December 3, 2020, declaring victory for numerous Washington State Democratic Central Committee ("WSDCC") candidates across the State.[8] Certificates of Election have been issued to all of the prevailing candidates,[9] all of whom have been sworn in and have held office since January 8, 2021.[10]

Now, nearly a *year* after the election, Plaintiff WEiCU filed this election contest, asserting that widespread election fraud occurred during Washington's November 2020 General Election. WEiCU describes itself as a nonprofit corporation operating out of Pierce

---

[6] *Elections and Voting*, SECRETARY OF STATE: KIM WYMAN, https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021).
[7] *See* RCW 29A.60.185.
[8] *Elections and Voting*, SECRETARY OF STATE: KIM WYMAN, https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021).
[9] *See* RCW 29A.52.370.
[10] Jasmyne Keimig, *The 2021 Legislative Session Kicks Off With Virtual Swearing-In Ceremonies*, THE STRANGER (Jan. 8, 2020), https://www.thestranger.com/slog/2021/01/08/54577174/the-2021-legislative-session-kicks-off-with-virtual-swearing-in-ceremony.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 4
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

County, Washington. Compl. ¶ 2. WEiCU does not describe its mission, who its members are, or how it has any interest in filing this lawsuit. It also attempts to represent itself *pro se*. Several *pro se* Plaintiffs have joined, none of whom allege or even explain who they are or how they have allegedly been harmed.

Together, without explaining the factual basis for their claims, Plaintiffs assert that the County Director engaged in widespread "election fraud" by: flipping, deleting, and adding votes; participating in "party preference"; identifying who voted some ballots and creating a "record of the voters' party preferences"; and leaving ballots unsecure.[11] Compl. ¶¶ 10–15, 23–26, 33–34. Plaintiffs also assert, without any factual basis, that 400,000 votes were added, 6,000 votes were flipped, and "thousands of voters were removed" in "one or more statewide races before, during, and/or after the election"—an unidentified portion of which was perpetrated in the County by the Director or by other election officials. *Id.* ¶ 26.

Plaintiffs further allege that they attempted to serve the County with a public records request under Washington's Public Record Act ("PRA") so that they could inspect ballots from the 2020 election, but that the County denied their request. *Id.* ¶ 51. Plaintiffs challenge the County's actions under Washington's election contest statutes, contend that the County violated the PRA, and allege an assortment of constitutional claims under the Washington and U.S. Constitutions. *Id.* ¶ 5.

Despite its long-winded (and entirely unsupported) accusations, Plaintiff WEiCU does not identify a single member in its organization who was unable to vote, whose ballot was not kept secret or secure, whose vote was not counted, whose vote was "flipped," or who suffered any other kind of identifiable harm. Not one. The individual Plaintiffs, for their part, fail to allege that they were aggrieved in a discernable way by any of the County's actions. Indeed,

---

[11] WSDCC takes the facts alleged as true for purposes of this motion only, as it must.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 5
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the individual Plaintiffs do not even complain that they voted for a candidate who lost his or her election. Plaintiffs do not claim that any of the County's actions affected enough ballots to change the results of the election. Indeed, Plaintiffs concede that they are not contesting the election of *any* candidate elected to office and explicitly state that they are not asking to de-certify the election. *Id.* ¶ 8.

Plaintiffs fall far short of alleging plausible facts to justify their claims. Plaintiffs throughout allege that they are "informed and believe" that the Director "maintained a record of County electors party preference" and "identify[ed] ballots cast by County electors in the Election by party preference" in violation of the Director's "Oath of impartiality." *Id.* ¶ 34. They provide no support for this assertion beyond their "information and belief." Plaintiffs also allege, without more, that Plaintiffs are "informed and believe" that the Director "engaged in wrongful acts, errors, and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election." *Id.* ¶ 28. They provide no further explanation or factual basis for this assertion.

Despite the fact that Plaintiffs do not challenge the election results, Plaintiffs insist that the Court must "ascertain, determine, and declare Plaintiffs' rights and duties of the Director as they pertain to the Election and future elections." *Id.* ¶ 63. Specifically, Plaintiffs seek three remedies. First, Plaintiffs ask the Court to issue an order declaring that the County broke state law and the Washington and U.S. Constitutions, and request that the Court permanently enjoin the County from doing so moving forward. *Id.* ¶ 16–17. Second, Plaintiffs seek license to conduct a "full forensic audit" of the County's election department "in coordination with Jovan Hutton Pulitzer." *Id.* ¶ 5, 56. Third, Plaintiffs request that the Court order the County to unseal an unspecified number of ballots from the County so that they may "prove (or disprove)" their allegations. *Id.* ¶ 56. Plaintiffs also ask that the Court award it

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 6
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

costs. *Id.* ¶ 71. None of this is remotely supported by Washington (or federal law); indeed, it is—uniformly—*barred* by Washington (and federal) law.

Plaintiffs stand before the Court with nothing but speculation, fueled by conspiracy theories, asking for breathtaking and entirely unwarranted "relief." This litigation should be promptly dismissed entirely and with prejudice: it is untimely, Plaintiffs lack standing, their claims are moot and barred by the doctrine of laches, and Plaintiffs have failed to state a cognizable claim.

## V.    ARGUMENT

### A.    Legal Standard

A complaint must include either "direct allegations on every material point necessary to sustain a recovery on any legal theory" or "allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Havsy v. Flynn*, 88 Wn. App. 514, 518, 945 P.2d 221 (1997). Dismissal for failure to state a claim under CR 12(b)(6) is appropriate when "a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts." *Gorman v. Garlock, Inc.*, 155 Wn.2d 198, 215, 118 P.3d 311 (2005). In other words, although the Court must accept all of Plaintiffs' factual allegations as true and must draw all reasonable inferences in favor of Plaintiffs, dismissal is appropriate if the complaint alleges no facts that would justify the relief Plaintiffs request. *Gorman v. City of Woodinville*, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012).

Where plaintiffs plead fraud or mistake, Washington's civil rules impose a heightened standard. Under CR 9(b), "[i]n *all averments of fraud* or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" (emphasis added). It is not necessary under CR 9 "that the word 'fraud' be used in the complaint, as long as facts are pleaded sufficient to present the question of fraud." *Pedersen v. Bibioff*, 64 Wn. App. 710,

721, 828 P.2d 1113 (1992) (citing *Harstad v. Frol*, 41 Wn. App. 294, 301, 704 P.2d 638 (1985)). "A complaint adequately alleges fraud if it informs the defendant of who did what, and describes the fraudulent conduct and mechanisms." *Hous. Auth. of City of Seattle v. Aden*, 162 Wash. App. 1019, 2011 WL 2306046, at *2 (2011) (citing *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn. 2d 107, 165–166, 744 P.2d 1032 (1987)). A motion to dismiss under CR 9(b) for failure to plead with particularity is the functional equivalent of a CR 12(b) motion to dismiss for failure to state a claim. *Id.* (citing *Haberman*, 109 Wn.2d at 120, 165–66).

Application of these standards to Plaintiffs' Complaint mandates prompt dismissal.

**B.    WEiCU Is Not Properly Before this Court**

As an initial matter, WEiCU appears *pro se* in this case, but it is an organization. By law, it must be represented by an attorney, and cannot represent itself. *Dutch Vill. Mall v. Pelletti*, 162 Wn. App. 531, 535–36, 256 P.3d 1251 (2011). This alone is sufficient to dismiss WEiCU from this action. *Id.* at 539 ("The trial court correctly granted the motion to strike the pleadings of [the unrepresented corporation] unless, within 30 days, they were either withdrawn or signed by an attorney."); *Cottringer v. State, Dep't of Emp. Sec.*, 162 Wash. App. 782, 790, 257 P.3d 667 (2011) ("The trial court did not abuse its discretion by dismissing [the unrepresented corporation's] petitions for review with prejudice because of [its] failure to retain counsel within the time prescribed by the trial court.").

**C.    This Election Contest is Untimely Under RCW 29A.68.013**

The time to file an election contest has long expired. Washington law permits a registered voter to contest an election *only* if an affidavit of an elector is filed within ten days of certification. RCW 29A.68.013 ("An affidavit of an elector under this subsection shall be filed with the appropriate court no later than *ten days* following the official certification of the

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 8
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

primary or election …") (emphasis added); *see* RCW 29A.68.013. If the ten-day deadline is ignored, the contest must be dismissed for untimeliness. *See Becker v. Cnty. of Pierce*, 126 Wn.2d 11, 21, 890 P.2d 1055 (1995) (dismissing an election contest as untimely where plaintiff "filed her complaint more than a year after the date that the general election . . ."); *cf. In re Feb. 14, 2017, Special Election on Moses Lake Sch. Dist. #161 Proposition 1*, 2 Wn. App. 2d 689, 695–96, 413 P.3d 577 (2018) (determining "timeliness" of an election contest based on whether an affidavit was filed within ten days of certification). Here, the Secretary of State certified the election results on December 3, 2020.[12] Plaintiffs' deadline to file an affidavit from an elector was therefore ten days after December 3—December 13, 2020. Plaintiffs are 297 days too late. Plaintiffs had an affirmative obligation to air their concerns before or immediately after the election to avoid precisely these belated, could-have should-have complaints.[13]

Plaintiffs assert (without support) that Washington's ten-day deadline for election contests does not bar their claims, Compl. ¶ 8, but their assertion is contrary to the essence of their Complaint and the plain letter of the law. Nearly all of Plaintiffs' claims cite exclusively to Washington's election contest statute, RCW 29A.68.013, as their legal basis for filing this lawsuit. And regardless of their attempt to skirt around the election contest statute, the heart of their action is just that—a challenge to the election result. Indeed, Plaintiffs' PRA claim to

---

[12]   *Elections and Voting*, SECRETARY OF STATE: KIM WYMAN https://results.vote.wa.gov/results/20201103/president-vice-president.html (last visited Oct. 3, 2021). In ruling on this Motion, the Court may take judicial notice of "public documents if the authenticity of those documents cannot be reasonably disputed." *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 844, 347 P.3d 487 (2015) (citing *Berge v. Gorton*, 88 Wn.2d 756, 763, 567 P.2d 187 (1977)). The cited website is the Secretary of State's public website and is "not subject to reasonable dispute," thus, the Court may take judicial notice of the December 3 certification date.

[13]   It is, of course, not difficult to discern the purpose of this long-standing provision of state law: to ensure the prompt resolution of any dispute over the outcome of an election, to instill confidence in the outcome of elections, and to allow for office holders to promptly assume office and conduct the state's business on behalf of Washington citizens.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 9
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

inspect sealed ballots can only be grounded in an election contest. There are very few circumstances where ballots may be inspected post-election, and only one is potentially applicable here: pursuant to RCW 29A.60.110(2), a superior court may order the unsealing of ballots "in a contest or election dispute."

Washington law is clear: "[a]ll election contests must proceed under RCW 29A.68.011 or 29A.68.013." RCW 29A.68.020. This is an election contest. It is untimely. It must be dismissed on this basis alone.

## D.   Plaintiffs Lack Standing

Even if this matter were not barred by RCW 29A.68.011 (and it is), neither WEiCU nor the individual Plaintiffs have standing to pursue this action.

Washington courts have established a two-part inquiry to determine standing. First, the party must suffer an "injury in fact" by showing "a personal injury fairly traceable to the challenged conduct and likely to be redressed by the requested relief." *State v. Johnson*, 179 Wn.2d 534, 552, 315 P.3d 1090 (2014) (quoting *High Tide Seafoods v. State*, 106 Wn.2d 695, 702, 725 P.2d 411 (1986)). Second, the courts consider whether the interest asserted is arguably within the "zone of interests" to be protected by the statute or constitutional guaranty in question. *Id.* Organizations, like WEiCU, "have standing to assert the interests of their members, so long as members of the organization would otherwise have standing to sue, the purpose of the organization is germane to the issue, and neither the claim nor the relief requires the participation of individual members." *Five Corners Fam. Farmers v. State*, 173 Wn.2d 296, 304, 268 P.3d 892 (2011). Plaintiffs lack standing because they have not suffered any personal injuries, the interests they assert are not within the "zone of interests" meant to be protected by Washington's election contest statutes, and the Court cannot address the injuries they allege.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 10
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**1.      Plaintiffs Have Not Suffered an Injury in Fact**

      **a.      *Plaintiffs Lack Standing Under the Election Contest Statutes***

As an initial matter, Plaintiffs plainly lack standing under the election contest statutes. The statutes confer a private right of action for "registered voter[s]," but not to just any registered voters—only registered voters who are "challeng[ing] the right to assume office of a candidate declared elected to that office … the right of a candidate to appear on the general election ballot after a primary, or … certification of the result of an election on any measure." RCW 29A.68.020.

WEiCU obviously does not qualify as a "registered voter." And the individual Plaintiffs seek none of this relief, and therefore do not seek to invoke an interest within the "zone of interests" protected by the statute. *Johnson*, 179 Wn.2d at 552. Indeed, as Plaintiffs are admittedly not seeking to de-certify the election and do not challenge the election of a single candidate, it is difficult to understand what interest Plaintiffs are seeking with respect to an election nearly a year old. Compl. ¶ 8. This is plainly insufficient to confer standing.

      **b.      *WEiCU Lacks Representational Standing***

Plaintiff WEiCU has failed to describe its mission as an organization, explain its membership, or otherwise explain why it has any interest in this action. It has therefore failed to show that it has representational standing to bring any of the constitutional claims it purports to assert. *Five Corners Fam. Farmers*, 173 Wn.2d at 304 (for representational standing, an organizations' members must otherwise have standing and the purpose of the organization must be germane to the issue).

      **c.      *Plaintiffs' Constitutional Claims are Generalized Grievances***

Plaintiffs' more generalized complaint that the Washington and U.S. constitutions were violated does not state an injury in fact. At a minimum, Plaintiffs must state a *personal*

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 11
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

injury to have standing. *Johnson*, 179 Wn.2d at 552. Plaintiffs' broad assertion that their "due process, free speech, and equal protection" rights were "abridged" is insufficient to support standing because Plaintiffs do not specify precisely how they were personally injured. This is fatal. *See Wood v. Raffensperger*, 501 F. Supp. 3d 1310, 1321–23 (N.D. Ga 2020) (finding individual Georgia voter lacked standing to challenge results of 2020 election under the Equal Protection Clause and Due Process Clause based on a "generalized grievance regarding a state government's failure to properly follow" the law); *Wis. Voters All. v. Pence*, 514 F. Supp. 3d 117, 120 (D.D.C. 2021) ("To the extent that they argue more broadly that voters maintain an interest in an election conducted in conformity with the Constitution, they merely assert a 'generalized grievance' stemming from an attempt to have the Government act in accordance with their view of the law."); *Bowyer v. Ducey*, 506 F. Supp. 3d 699, 711 (D. Ariz. 2020) ("[W]here, as here, the injury alleged by plaintiffs is that defendants failed to follow the Elections Clause, the Supreme Court has stated that the injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that courts have refused to countenance.") (internal quotations and citation omitted).[14]

For its part, Plaintiff WEiCU does not identify a single member at all, let alone a member that was unable to vote,[15] whose ballot was not kept secret,[16] whose vote was not

---

[14] The Washington Supreme Court has held that "[f]ederal standing doctrine, although distinct, can be instructive." *Forbes v. Pierce Cnty.*, 5 Wn.2d 423, 434 n.2, 427 P.3d 675 (2018).

[15] Plaintiffs assert violations of Article I, Section 19 of the Washington Constitution. But Article I, Section 19 is not implicated if Plaintiffs' right to vote "was not impeded in any way." *Brower v. State*, 137 Wn.2d 44, 68, 969 P.2d 42 (1998) ("Article I, section 19 is not implicated in this case. … Mr. Brower's right to vote in that election was not impeded in any way."). No plaintiff asserts their right to vote was impeded.

[16] Plaintiffs assert violations of Washington Constitution Article 6, Section 6. To state a cognizable claim under Article 6, Section 6, "[t]he central concern of ballot secrecy, therefore, is whether the individual voter can be identified." *White v. Wyman*, 4 Wn. App.2d 1071, 2018 WL 3738404, *4 (2018). No Plaintiff has alleged that they, as an individual voter was identified, nor has WEiCU named any member who was identified.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 12
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

counted, whose vote was "flipped," or who was otherwise personally injured. The individual Plaintiffs also do not assert that any of these constitutional harms personally befell them. When the injury alleged "is that the law … has not been followed," it is "the kind of undifferentiated, generalized grievance about the conduct of government" that is not an injury in fact. *Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1332–33 (11th Cir. 2007). Even where constitutional harms are alleged, a plaintiff's "interest in proper application of the Constitution and laws" is a generalized grievance that simply does not support standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992).

### d. *Plaintiffs were not Injured by any Equal Protection Violations*

Plaintiffs' assertion that their Equal Protection rights were *personally* violated is patently insufficient. Plaintiffs allege that their Equal Protection rights were violated because "[b]allots from County electors, including Plaintiffs herein, were not treated equally," Compl. ¶ 61(e), but the question for standing purposes is not whether Plaintiffs were treated "differently" but whether Plaintiffs were *actually injured* by differential treatment. *State v. Pedro*, 148 Wn. App. 932, 945, 201 P.3d 398 (2009) (explaining that, for standing purposes in an equal protection case, the question was not whether plaintiff was treated "unequally" but whether plaintiff was "adversely affected").

Taking Plaintiffs' allegations as true, every County voter would have been treated "unequally," in that some voters' ballots were allegedly "flipped" based on who they voted for, while others' ballots were not. But to have standing, at a minimum, a plaintiff would need to allege that they were *personally injured*. *See State v. Farmer*, 116 Wn. 2d 414, 423, 805 P.2d 200 (1991) (adult plaintiff suffered no "prejudice," and therefore had no standing to assert that a statute violated the equal protection clause, because plaintiff only alleged that the statute adversely impacted children); *see also Haberman*, 109 Wn.2d at 138–39 (plaintiffs

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 13
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

lacked standing and could not "assert the equal protection rights of other[s]"). Plaintiffs have not done so and cannot assert the equal protection rights of others.

### e.     *Vote Dilution Claims are Generalized Grievances*

The only other injury claimed by Plaintiffs is the alleged "dilution" of Washingtonian voters' votes. Compl. ¶ 61(b). But courts have long held that an alleged injury of vote dilution from the threat of potential fraud does not confer standing, as it is both unduly speculative and impermissibly generalized. *See, e.g.*, *Martel v. Condos*, 487 F. Supp. 3d 247, 253 (D. Vt. 2020) ("If every voter suffers the same incremental dilution of the franchise caused by some third-party's fraudulent vote, then these voters have experienced a generalized injury."); *Am. C. R. Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 789 (W.D. Tex. 2015) ("[T]he risk of vote dilution[ is] speculative and, as such, [is] more akin to a generalized grievance about the government than an injury in fact."); *cf. Paher v. Cegavske*, 457 F. Supp. 3d 919, 926 (D. Nev. 2020) (citations omitted) ("Plaintiffs' purported injury of having their votes diluted due to ostensible election fraud may be conceivably raised by any Nevada voter [and] does not satisfy the requirement that Plaintiffs must state a concrete and particularized injury."). Such is the case here. Any dilution admittedly would have affected all Washington voters, not merely Plaintiffs. Compl. ¶ 61(b). Accordingly, Plaintiffs' purported vote dilution injury is a generalized grievance and cannot support standing as a matter of law.

### f.     *Plaintiffs Have Not Alleged that an Injury is Certainly Impending*

For Plaintiffs to sufficiently allege a threatened injury rather than an existing injury, they must show that "the injury will be immediate, concrete, and specific; a conjectural or hypothetical injury will not confer standing." *See Knight v. City of Yelm*, 173 Wn.2d 325, 341, 267 P.3d 973 (2011) (quoting *Suquamish Indian Tribe v. Kitsap Cnty.*, 92 Wn. App. 816, 829, 965 P.2d 636 (1998)). Plaintiffs' vague assertion that the Court must "ascertain, determine,

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 14
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and declare Plaintiffs' rights and duties of the Director as they pertain to the Election and future elections" falls rather decidedly short of showing a concrete injury with respect to "future elections." Compl. ¶ 63. And since Plaintiffs do not even bother to mention which election they refer to, any potential future injury is entirely nonspecific and hypothetical.

### 2.    Plaintiffs Injury is not Redressable

Finally, and independently, Plaintiffs lack standing because the relief they seek would not redress the injuries they allege. *Johnson*, 179 Wn.2d at 552.

Plaintiffs seek three remedies: (1) an order declaring that the County broke the law and barring the County from doing so moving forward; (2) a license to "audit" the County's election department; and (3) an order allowing them to inspect ballots from the 2020 election. Compl. ¶ 5, 16–17, 55. But these remedies would do nothing to change long-certified elections from November 2020. Nor does a request to have the County simply obey the law—which they are already bound to do—result in any meaningful redress. *See S.E.C. v. Goble*, 682 F.3d 934, 949 (11th Cir. 2012) ("[A]n obey-the-law injunction does little more than order the defendant to obey the law. We have repeatedly questioned the enforceability of obey-the-law injunctions."); *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013) ("An obey-the-law injunction departs from the traditional equitable principle that injunctions should prohibit no more than the violation established in the litigation or similar conduct."). Plaintiffs have not requested, and the Court cannot provide a remedy that would redress the injuries Plaintiffs are asserting.

In sum, Plaintiffs have suffered no injury, the interests they assert are not within the zone of interest protected by statute, and this Court cannot redress the injuries they claim. Plaintiffs' action must be dismissed for lack of standing.

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 15
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**E.      Plaintiffs' Claims Fail Due to Mootness**

For the same reasons that Plaintiffs have no standing, Plaintiffs case is moot. "A case is moot if a court can no longer provide effective relief." *Harbor Lands LP v. City of Blaine*, 146 Wn. App. 589, 592, 191 P.3d 1282 (2008) (quoting *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). If a case is moot, a court has no jurisdiction to hear it. *Id.* (citation omitted). Plaintiffs' requests are all aimed at contesting the results of the November 2020 election. Since the time has passed for an election contest and all elections from November 2020 have been fully and finally certified, the Court has no basis to provide any kind of relief to Plaintiffs. *Jackson v. Bd. of Election Comm'rs of City of Chi.*, 2012 IL 111928, ¶ 36, 975 N.E.2d 583, 593 (Ill. 2012) ("[C]onclusion of an election cycle normally moots an election contest."); *Brooks v. Brown*, 282 Ga. 154, 154, 646 S.E.2d 265, 267 (2007) ("In general, election contest cases become moot once the general election in contention has occurred."); *Bowyer*, 506 F. Supp. 3d at 720 (election contest filed a month after the 2020 election was moot because the court could not "de-certify the results" and therefore "it would be meaningless to grant Plaintiffs any of the remaining relief they seek").

Indeed, Plaintiffs have not petitioned for any relief in this action other than what the Court *could have* provided if Plaintiffs filed a timely election contest. *See* RCW 29A.68.020. For that reason, the case is moot and should be dismissed.

**F.      Laches Bars Plaintiffs' Claims**

Plaintiffs' claims are also separately and independently barred by the equitable doctrine of laches. Laches protects parties from "unreasonable prejudicial delay." *Tupper v. Tupper*, 15 Wn. App. 2d 796, 810–11, 478 P.3d 1132 (2020). To successfully assert laches, the party employing the doctrine must prove "(1) inexcusable delay and (2) prejudice to the other party from such delay." *Id.* (citations omitted). The most important factor is "the

resulting prejudice and damage to others." *Id.* (citation omitted). Laches is applied only if the party asserting it "has so altered [its] position that it would be inequitable to enforce the claim." *Id.* (citation omitted). That is certainly the case here.

First, Plaintiff's year-long delay is patently unreasonable. Plaintiffs' action is based on events that occurred during and immediately after the November 2020 election, and it could have and should have been raised at the time. (Indeed, state law mandates that these claims should have been raised within 10 days of certification.) Other courts considering similar challenges to election results have properly found that election challenges filed even weeks after elections are too late when plaintiffs could have filed those challenges months sooner. *E.g.*, *Trump v. Wis. Elections Comm'n*, 983 F.3d 919, 925 (7th Cir. 2020), cert. denied, 141 S. Ct. 1516, 209 L. Ed. 2d 253 (2021) (affirming district court's dismissal of election contest due to laches, and stating "[t]he timing of election litigation matters. Any claim against a state electoral procedure must be expressed expeditiously") (internal citations and quotations omitted); *Raffensperger*, 501 F. Supp. 3d at 1324 (concluding that plaintiff's eight-month late claims were barred by laches because the plaintiff "could have, and should have, filed his constitutional challenge much sooner than he did, and certainly not two weeks after the General Election"); *King v. Whitmer*, 505 F.Supp.3d at 731–32 (finding plaintiffs "showed no diligence" in asserting their claims when they waited more than 21 days after the 2020 General Election to assert claims that could have been brought "well before" the election); *Bowyer*, 506 F. Supp. 3d at 719 (dismissing election contest filed a month after the election due to laches because it would prejudice the 3.4 million Arizonans who voted in the 2020 General Election). Plaintiffs year-long delay is doubly inexcusable.

Second, Plaintiffs' unjustifiable delay prejudices WSDCC's affiliated candidates, who campaigned, won their elections, and have been fulfilling their duties as elected officials since

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 17
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

January. In addition, it would prejudice the millions of voters who dutifully cast their votes according to the rules and practices that Plaintiffs could have challenged prior to or right after the election. Here, Plaintiffs waited until after the election and then much more to cast doubt on the election with entirely speculative claims. This Court should find that laches firmly bars this action.

## G.    Plaintiffs Fail to State a Claim

In addition to the jurisdictional bars to Plaintiffs' action, Plaintiffs' Complaint must independently be dismissed because it fails to state a claim upon which relief can be granted.

### 1.    Plaintiffs' Election Contest Fails

Plaintiffs fail to state a claim under Washington's election contest statutes. Washington law expressly limits the grounds upon which an election contest may be brought to three circumstances: (1) to challenge the right to assume office of a candidate declared elected to that office; (2) to challenge the right of a candidate to appear on the general election ballot after a primary; or (3) to challenge certification of the result of an election on any measure. RCW 29A.68.020. In other words, Washington's election contest statutes do not permit voters to bring election contests just for the sake of it—an election contest is a tool to challenge the illegitimate victory of a candidate or to de-certify an election. "[A]n election contest which fails to allege 'the particular causes of contest ... with sufficient certainty' may be dismissed." *In re Coday*, 156 Wn.2d 485, 496, 130 P.3d 809 (2006) (quoting RCW 29A.68.030).

Here, however, Plaintiffs are not asserting any of the three permissible challenges. In fact, Plaintiffs do not allege that any of the County's actions affected enough ballots to change the outcome of the election. The absence of these allegations is fatal to Plaintiffs' election contest. *Id.* at 490–91 (holding that contestants had not asserted a cognizable election contest

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 18
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

claim because "while the contestants had proved that errors and omissions by county election officials had occurred, and that illegal votes were cast, they had not proved that the outcome of the governor's election was changed as a result.").

### 2.    Plaintiffs' Claims Under the PRA Fail

Plaintiffs have also failed to state a cognizable claim that they are entitled to inspect an unspecified number of sealed ballots. Compl. ¶ 5, 56. Washington law requires county officials seal all ballots in containers "immediately after tabulation," RCW 29A.60.110(1), and only provides four narrow circumstances in which those ballots may be unsealed: (1) to conduct recounts; (2) to conduct a random check forty-eight hours after election day; (3) for the County Director to conduct a pre-certification audit; or (4) by order of a superior court in a contest or election dispute. RCW 29A.60.110(2). Only the fourth scenario is relevant here. But as stated, the time for an election contest has long passed. *See* RCW 29A.68.012; RCW 29A.68.011. Thus, Plaintiffs' claim under the PRA necessarily fail.

### 3.    Plaintiffs' Remaining Claims Fail

Plaintiffs' remaining claims also fail for failing to plead a sufficient factual basis for their claims.

First, Plaintiffs have not met the heightened pleading standard required to allege that the County committed election fraud. Under CR 9(b), "[i]n *all averments of fraud* or mistake, the circumstances constituting fraud or mistake shall be stated with particularity" (emphasis added). It is not necessary under CR 9 "that the word 'fraud' be used in the complaint, as long as facts are pleaded sufficient to present the question of fraud." *Pedersen v. Bibioff*, 64 Wash. App. 710, 721, 828 P.2d 1113 (1992) (citing *Harstad v. Frol*, 41 Wn. App. 294, 301, 704 P.2d 638 (1985)). Here, Plaintiffs' entire Complaint is grounded in baseless and vague allegations of election fraud, and therefore, it must meet the heightened pleading standard under

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 19
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Washington law. *See* Compl. ¶ 15 (stating that Plaintiffs are "informed and believe" that the County tabulated election results on an "Uncertified Voting System"); ¶ 34 (accusing the Director of engaging in "party preference" without any factual support for such allegation). This heightened pleading standing "requires that the pleading apprise the defendant of the facts that give rise to the allegation of fraud." *See Adams v. King Cnty.*, 164 Wn. 2d 640, 662, 192 P.3d 891 (2008) (citations omitted). Plaintiffs fail to allege any specific facts that give rise to the supposed fraud.

Plaintiffs only present conclusions and sweeping incantations of fraud—but without providing any supporting detail, much less claims that would satisfy their burden under CR 9(b) of pleading with particularity. *See*, *e.g.*, *Lutaaya v. Boeing Emps. Credit Union*, 5 Wn.App.2d 1022, 2018 WL 4583679, at *4 (2018) (plaintiff "made only vague allegations of fraud" and therefore did not meet the heightened pleading standard); *McAfee v. Select Portfolio Servicing, Inc.*, 193 Wn. App. 220, 232–33, 370 P.3d 25 (2016) ("McAfee makes general statements about the defendants' 'collusion,' 'material misrepresentations,' and 'fraudulent actions.' But 'these conclusory assertions and general complaints do not provide the who, what, when, where, and how of a properly pleaded fraud claim.'"). Here, for example, Plaintiffs assert (without any further explanation or support) that the County Director or other election officials "added" 400,000 votes, "flipped" 6,000 votes, and "removed" thousands of voters in "one or more statewide races before, during, and/or after the election." Compl. ¶ 26. But they offer nothing to explain the who, what, when, or why of these groundless accusations. These are precisely the types of vague allegations of fraud that do not meet the heightened pleading standard of CR 9(b).

Second, Plaintiffs fail even to meet even the lesser pleadings standards under CR 8(a). Under CR 8(a), a complaint need contain "a short and plain statement of the claim showing

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 20
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

that the pleader is entitled to relief" and "a demand for judgment for the relief to which he deems himself entitled." *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 175 Wn. App. 840, 865–66, 309 P.3d 555 (2013) (citations omitted). But "[a] pleading is insufficient when it does not give the opposing party fair notice of what the claim is and the ground upon which it rests." *Id.* (citing *Kirby v. City of Tacoma*, 124 Wn. App. 454, 470, 98 P.3d 827 (2004)). Plaintiffs provide no clue as to what grounds their claims rest upon, nor do they provide any support for their claims beyond their own "information and belief." This requires Defendants to shadowbox in order to mount their defense, guessing what the grounds for Plaintiffs' claims *might be*. Plaintiffs' claims therefore fall far short of meeting even the minimal pleading standard of CR 8(a).

Plaintiffs' claims are nothing more than another in a long line of cases that have asserted baseless allegations of widespread election fraud. This conspiracy-theory has been repeatedly and emphatically found to be without merit,[17] and Intervenors are not aware of a single case where a court credited these allegations. This Court should not either.

---

[17] *E.g.*, *Trump v. Kemp*, 511 F. Supp. 3d 1325, 1331–34 (N.D. Ga. 2021) (dismissing challenge to 2020 election due to "illegal votes" for lack of standing and failure to state a claim); *Trump v. Wis. Elections Comm'n*, 983 F.3d 919, 925 (7th Cir. 2020), cert. denied, 141 S. Ct. 1516 (2021) (affirming dismissal of election contest based on voter fraud); *Bowyer*, 506 F. Supp. 3d at 724 ("Allegations that find favor in the public sphere of gossip and innuendo cannot be a substitute for earnest pleadings and procedure in federal court. They most certainly cannot be the basis for upending Arizona's 2020 General Election."); *Law v. Whitmer*, 477 P.3d 1124, 2020 WL 7240299, at *21 (Nev. 2020) ("The Contestants failed to meet their burden to provide credible and relevant evidence to substantiate any of the grounds set forth in NRS 293.410 to contest the November 3, 2020 General Election."); *Donald J. Trump for President, Inc. v. Boockvar*, 493 F. Supp. 3d 331, 394 (W.D. Pa. 2020) (dismissing lawsuit challenging 2020 election results based on "speculative evidence of voter fraud"); *Raffensperger*, 501 F. Supp. 3d at 1331 (dismissing lawsuit seeking to prevent Georgia's certification of the votes and noting that plaintiff presented "insubstantial evidence"); *Kraus v. Cegavske*, No. 82018, 2020 WL 6483971, at *1 (Nev. Nov. 3, 2020) (upholding dismissal of lawsuit seeking to halt counting ballots based on claims of voter fraud because it "lacked evidentiary support").

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 21
154138804.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# VI.    CONCLUSION

For the reasons set forth above, Intervenor Washington State Democratic Central Committee respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.


Dated:  October 6, 2021

*s/ Kevin J. Hamilton*
Kevin J. Hamilton, WSBA No. 15648
KHamilton@perkinscoie.com

*s/ Amanda J. Beane*
Amanda J. Beane, WSBA No. 33070
ABeane@perkinscoie.com

*s/ Reina A. Almon-Griffin*
Reina A. Almon-Griffin, WSBA No. 54651
RAlmon-Griffin@perkinscoie.com

*s/ Nitika Arora*
Nitika Arora, WSBA No. 54084
NArora@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile 206.359.9000

Attorneys for WASHINGTON STATE
DEMOCRATIC PARTY

WASHINGTON STATE DEMOCRATIC
CENTRAL COMMITTEE'S [PROPOSED]
MOTION TO DISMISS – 22
154138804.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

THE HONORABLE LEROY MCCULLOUGH

17          SUPERIOR COURT OF THE STATE OF WASHINGTON
18                          FOR KING COUNTY
19
20    WASHINGTON ELECTION
21    INTEGRITY·COALITION UNITED, a              No. 21-2-12603-7 KNT
22    Washington State Nonprofit Corporation;
23    DOUG BASLER; HOWARD FERGUSON;              [PROPOSED] ORDER GRANTING
24    DIANA BASS; TIMOFEY SAMOYLENKO;            WASHINGTON STATE
25    AMY BEHOPE; MARY HALLOWELL;                DEMOCRATIC CENTRAL
26    SAMANTHA BUCARI; RONALD                    COMMITTEE'S MOTION TO
27    STEWART; LYDIA ZIBIN; CATHERINE            INTERVENE
28    DODSON,
29
30                      Plaintiffs,
31
32          v.
33
34    JULIE WISE, King County Director of
35    Elections; KING COUNTY, and DOES 1-30,
36    inclusive,
37
38                      Defendants,
39
40    and
41
42    WASHINGTON STATE DEMOCRATIC
43    CENTRAL COMMITTEE,
44
45                      Proposed Intervenor
46                      Defendant.
47

[PROPOSED] ORDER GRANTING WASHINGTON
STATE DEMOCRATIC CENTRAL COMMITTEE'S
MOTION TO INTERVENE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

15934.0024\154125000.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

Before the Court is Proposed Intervenor Defendant Washington State Democratic Central Committee's ("WSDCC") Motion to Intervene. Having reviewed the papers filed in support of and in opposition to (if any) this Motion, and being fully advised, the Court finds that WDSCC has satisfied the elements of intervention as of right and the elements of permissive intervention. Accordingly, WSDCC is entitled to intervene in this case, and the Court GRANTS WSDCC's motion and instructs WSDCC to file a response to the Complaint.

**IT IS SO ORDERED.**

Dated:

_____

THE HONORABLE LEROY MCCOLLOUGH

[PROPOSED] ORDER GRANTING WASHINGTON
STATE DEMOCRATIC CENTRAL COMMITTEE'S
MOTION TO INTERVENE – 2

15934.0024\154125000.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2    Prepared by:
3
4    *s/ Kevin J. Hamilton*
5    Kevin J. Hamilton, WSBA No. 15648
6    KHamilton@perkinscoie.com
7    Amanda J. Beane, WSBA No. 33070
8    ABeane@perkinscoie.com
9    Reina A. Almon-Griffin, WSBA No. 54651
10   RAlmon-Griffin@perkinscoie.com
11   Nitika Arora, WSBA No. 54084
12   NArora@perkinscoie.com
13   **Perkins Coie LLP**
14   1201 Third Avenue, Suite 4900
15   Seattle, Washington 98101-3099
16   Telephone 206.359.8000
17   Facsimile 206.359.9000
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

[PROPOSED] ORDER GRANTING WASHINGTON
STATE DEMOCRATIC CENTRAL COMMITTEE'S
MOTION TO INTERVENE – 3

15934.0024\154125000.1

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 009
# Notice of Appearance

The Honorable LeRoy McCullough

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON, | ) ) ) ) ) ) ) ) ) ) |

No. 21-2-12603-7 KNT

NOTICE OF APPEARANCE

Plaintiffs,

v.

JULIE WISE, Directory of King County Elections; KING COUNTY, and DOES 1-30, inclusive,

Defendants.

TO:  WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERIN DODSON, Plaintiffs

YOU AND EACH OF YOU will please take notice that ANN SUMMERS, DAVID HACKETT, JANINE JOLY AND MARI ISAACSON hereby appear in the above-entitled action on behalf of Defendants Julie Wise, Director of King County Elections, and King County, without waiving question of:

1. Lack of jurisdiction over the subject matter;
2. Lack of jurisdiction over the person;
3. Improper venue;

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

4.  Insufficiency of process;
5.  Insufficiency of service of process;
6.  Failure to state a claim upon which relief may be granted;
7.  Fraud;
8.  Failure to join a party under Rule 19;
9.  Statute(s) of Limitation; and
10. Doctrine of Laches.

You are hereby notified that all further papers and pleadings herein, except for original

process, shall be served upon the undersigned attorneys at the address below stated.

DATED this 7th day of October, 2021.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ Ann Summers*
ANN M. SUMMERS, WSBA #21509
DAVID J. HACKETT, WSBA #21236
MARI ISAACSON, WSBA #42945
JANINE JOLY, WSBA #27314
Senior Deputy Prosecuting Attorneys
Attorneys for Defendants
1191 Second Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 296-0430/Fax: (206) 296-8819
ann.summers@kingcounty.gov
david.hackett@kingcounty.gov
mari.isaacson@kingcounty.gov
Janine.joly@kingcounty.gov

NOTICE OF APPEARANCE - 2

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on October 7, 2021, I electronically filed the foregoing document with the Clerk of the Court using the King County Superior Court E-Filing System and sent a copy via First Class United States mail to the following:

WASHINGTON ELECTION INTEGRITY COALITION UNITED
Tamborine Borrelli
13402 125th Avenue NW
Gig Harbor, WA  98329-4215

Doug Basler
Plaintiff, Pro Se
1851 Central Place S. Suite 123
Kent, WA  98032

Howard Ferguson
Plaintiff, Pro Se
4537 13th Avenue S
Seattle, WA  98108

Diana Bass
Plaintiff, Pro Se
PO Box 7364
Bellevue, WA  98008

Timofey Samoylenko
Plaintiff, Pro Se
1921 R. Street NE
Auburn, WA  98002

Amy Behope
Plaintiff, Pro Se
507 SW 302nd Street
Federal Way, WA  98023

Mary Hallowell
Plaintiff, Pro Se
17505 462nd Avenue SE
North Bend, WA  98045

NOTICE OF APPEARANCE - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

Samantha Bucari
Plaintiff, Pro Se
3546 S. 244th Street
Kent, WA  98032

Ronald Stewart
Plaintiff, Pro Se
29506 51st Avenue South
Auburn, WA  98001

Lydia Zibin
Plaintiff, Pro Se
254 145th Place SE
Bellevue, WA 98007

Catherine Dodson
Plaintiff, Pro Se
42131 212th Avenue SE
Enumclaw, WA 98022

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 7th day of October, 2021.

s/Kris Bridgman
KRIS BRIDGMAN
Paralegal – Litigation Section
King County Prosecuting Attorney's Office

NOTICE OF APPEARANCE - 4

# King County Superior Court
# 21-2-12603-7 KNT
# Sub Number 010
# Notice of Removal

1

2

3

4

5

6

7

8

KING COUNTY SUPERIOR COURT
STATE OF WASHINGTON

9

10   WASHINGTON ELECTION INTEGRITY       No. 21-2-12603-7 KNT
     COALITION UNITED, a Washington State
11   Nonprofit Corporation; DOUG BASLER;      **NOTICE OF REMOVAL TO FEDERAL**
     HOWARD FERGUSON; DIANA BASS;             **COURT**
12   TIMOFEY SAMOYLENKO; AMY BEHOPE;
     MARY HALLOWELL; SAMANTHA
13   BUCARI; RONALD STEWART; LYDIA
     ZIBIN; CATHERINE DODSON,
14
                              Plaintiffs,
15
           v.
16
     JULIE WISE, Director of King County
     Elections; KING COUNTY, and DOES
17   1-30, inclusive,
18
                              Defendants.

19

20   TO:          THE CLERK OF THE COURT;

     AND TO:      Plaintiffs
21

22         PLEASE TAKE NOTICE that Defendants Julie Wise, in her official capacity, and King

23   County filed a Notice of Removal of this action in the United States District Court for the

     Western District of Washington at Seattle on October 13, 2021.   A copy of the Notice of

NOTICE OF REMOVAL - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

Removal is attached.

DATED this 13th day of October, 2021.

DANIEL T. SATTERBERG
King County Prosecuting Attorney


By: *s/Ann M. Summers*
ANN M. SUMMERS, WSBA #21509
DAVID J. HACKETT, WSBA #21236
MARI ISAACSON, WSBA #42945
JANINE JOLY, WSBA #27314
Senior Deputy Prosecuting Attorneys
Attorneys for Defendants
1191 Second Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 296-0430/Fax: (206) 296-8819
ann.summers@kingcounty.gov
david.hackett@kingcounty.gov
mari.isaacson@kingcounty.gov
Janine.joly@kingcounty.gov

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

2

## **CERTIFICATE OF SERVICE**

3

I hereby certify that on October 13, 2021, I electronically filed the foregoing document

4

with the Clerk of the Court using the King County Superior Court E-Filing System.  The

5

foregoing document was served to the following parties via First Class United States Mail:

6

WASHINGTON ELECTION INTEGRITY COALITION UNITED
Tamborine Borrelli
13402 125th Avenue NW
Gig Harbor, WA  98329-4215

7

8

Doug Basler
Plaintiff, Pro Se
1851 Central Place S. Suite 123
Kent, WA  98032

9

10

11

Howard Ferguson
Plaintiff, Pro Se
4537 13th Avenue S
Seattle, WA  98108

12

13

Diana Bass
Plaintiff, Pro Se
PO Box 7364
Bellevue, WA  98008

14

15

16

Timofey Samoylenko
Plaintiff, Pro Se
1921 R. Street NE
Auburn, WA  98002

17

18

19

Amy Behope
Plaintiff, Pro Se
507 SW 302nd Street
Federal Way, WA  98023

20

21

Mary Hallowell
Plaintiff, Pro Se
17505 462nd Avenue SE
North Bend, WA  98045

22

23

NOTICE OF REMOVAL - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

Samantha Bucari
Plaintiff, Pro Se
3546 S. 244th Street
Kent, WA  98032
sbucari2108@gmail.com

Ronald Stewart
Plaintiff, Pro Se
29506 51st Avenue South
Auburn, WA  98001

Lydia Zibin
Plaintiff, Pro Se
254 145th Place SE
Bellevue, WA 98007

Catherine Dodson
Plaintiff, Pro Se
42131 212th Avenue SE
Enumclaw, WA 98022

I declare under penalty of perjury under the laws of the State of Washington that the

foregoing is true and correct.

DATED this 13th day of October, 2021.

s/Kris Bridgman
KRIS BRIDGMAN
Paralegal – Litigation Section
King County Prosecuting Attorney's Office

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6

7   WASHINGTON ELECTION INTEGRITY          )
    COALITION UNITED, a Washington State   )
    Nonprofit Corporation; DOUG BASLER;    )      No. 2:21-cv-01394
8   HOWARD FERGUSON; DIANA BASS;           )
    TIMOFEY SAMOYLENKO; AMY BEHOPE;        )
9   MARY HALLOWELL; SAMANTHA BUCARI;       )      **NOTICE OF REMOVAL**
    RONALD STEWART; LYDIA ZIBIN;           )
10  CATHERINE DODSON,                      )
                                           )
11                      Plaintiffs,        )
                                           )
12          v.                             )
                                           )
13  JULIE WISE, Directory of King County   )
    Elections; KING COUNTY, and DOES       )
14  1-30, inclusive,                       )
                                           )
15                      Defendants.        )
    _____    )

16          TO: Clerk of the Court;

17          AND TO: All parties and their counsel of record.

18          Defendants Julie Wise, in her official capacity, and King County (hereinafter, "King

19  County Defendants"), by and through their undersigned attorneys, hereby give notice and

20  petition for the removal of the above-referenced action, and in support thereof, states as follows:

21          1.      Plaintiffs commenced the above-titled action in the Superior Court of the State of

22  Washington for King County, under Washington Election Integrity Coalition United, et al. v.

23  Julie Wise, et al., King County Superior Court Cause No. 21-2-12603-7 KNT on September 22,

NOTICE OF REMOVAL - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

2021. Plaintiffs served the King County Defendants on September 23, 2021. This action is now pending in that Court.

2. This notice is filed within 30 days after service of the original Summons and Complaint on the King County Defendants, pursuant to 28 U.S.C. § 1446(b), and thus, this action can be removed to this Court.

3. This is a civil action over which this Court has original and supplemental jurisdiction under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1367(a). This Court has original jurisdiction of all civil actions arising under the Constitution and laws of the United States. Plaintiffs have asserted claims that Defendants have violated the First and Fourteenth Amendments to the United States Constitution and federal law, 52 U.S.C. § 20971 and 42 U.S.C. § 1983 and § 1988. Because this Court has original jurisdiction of these claims, the entire action can be removed pursuant to 28 U.S.C. § 1441(c). Additionally, this Court has supplemental jurisdiction over Plaintiff's remaining state law claims. In any civil action of which this Court has original jurisdiction, this Court also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Like the claims arising under the United States Constitution, Plaintiffs' state law claims arise from the same conduct that Plaintiffs allege violates the United States Constitution. Plaintiffs' state law claims are "so related" to their federal claims as to "form part of the same case or controversy." This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

4. The underlying Complaint is being filed contemporaneously with this Notice of Removal as a separate attachment. Pursuant to 28 U.S.C. § 1446(c) and LCR 101(b), the King County Defendants have also filed the Attorney Verification of State Court Record

NOTICE OF REMOVAL - 2

1    simultaneously with this Notice of Removal, as well as a copy of this Notice of Removal with

2    the King County Superior Court.

3         WHEREFORE, the King County Defendants give notice and request that the above

4    action now pending against them in the State of Washington for King County be removed to the

5    United States District Court for the Western District of Washington at Tacoma, pursuant to 28

6    U.S.C. § 1441 and § 1446.

7

8         DATED this 13th day of October, 2021.

9                                        DANIEL T. SATTERBERG
                                         King County Prosecuting Attorney
10

11                                       By: s/Ann M. Summers
                                         ANN M. SUMMERS, WSBA #21509
12                                       DAVID J. HACKETT, WSBA #21236
                                         MARI ISAACSON, WSBA #42945
13                                       JANINE JOLY, WSBA #27314
                                         Senior Deputy Prosecuting Attorneys
14                                       Attorneys for Defendants
                                         1191 Second Avenue, Suite 1700
15                                       Seattle, WA 98101
                                         Phone: (206) 296-0430/Fax: (206) 296-8819
16                                       ann.summers@kingcounty.gov
                                         david.hackett@kingcounty.gov
17                                       mari.isaacson@kingcounty.gov
                                         Janine.joly@kingcounty.gov
18

19

20

21

22

23

NOTICE OF REMOVAL - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

2                    **CERTIFICATE OF SERVICE**

3          I hereby certify that on October 13, 2021, I electronically filed the foregoing document

4   with the Clerk of the Court using the CM/ECF E-filing system and sent a copy of which via US

5   Postal service to the following:

6

7                WASHINGTON ELECTION INTEGRITY COALITION UNITED
                                  Tamborine Borrelli
                                 13402 125th Avenue NW
8                              Gig Harbor, WA  98329-4215

9                                     Doug Basler
                                    Plaintiff, Pro Se
10                          1851 Central Place S. Suite 123
                                    Kent, WA  98032
11
                                   Howard Ferguson
12                                  Plaintiff, Pro Se
                                   4537 13th Avenue S
13                                 Seattle, WA  98108

14                                    Diana Bass
                                    Plaintiff, Pro Se
15                                   PO Box 7364
                                 Bellevue, WA  98008
16
                                Timofey Samoylenko
17                                 Plaintiff, Pro Se
                                  1921 R. Street NE
18                                Auburn, WA  98002

19                                    Amy Behope
                                    Plaintiff, Pro Se
20                               507 SW 302nd Street
                                Federal Way, WA  98023
21
                                   Mary Hallowell
22                                 Plaintiff, Pro Se
                                 17505 462nd Avenue SE
23                               North Bend, WA  98045

NOTICE OF REMOVAL - 4

1

2                           Samantha Bucari
Plaintiff, Pro Se

3                       3546 S. 244th Street
Kent, WA  98032

4                       sbucari2108@gmail.com

5                          Ronald Stewart
Plaintiff, Pro Se

6                      29506 51st Avenue South
Auburn, WA  98001

7                            Lydia Zibin
Plaintiff, Pro Se

8                       254 145th Place SE
Bellevue, WA 98007

9

10                         Catherine Dodson
Plaintiff, Pro Se

11                      42131 212th Avenue SE
Enumclaw, WA 98022

12       I declare under penalty of perjury under the laws of the State of Washington that the

13 foregoing is true and correct.

14       DATED this 13th day of October, 2021.

15

16                       *s/Kris Bridgman*

17                       KRIS BRIDGMAN
Paralegal – Litigation Section

18                       King County Prosecuting Attorney's Office

19

20

21

22

23

NOTICE OF REMOVAL - 5

# EXHIBIT A

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

## SUPERIOR COURT OF THE STATE OF WASHINGTON

### FOR THE COUNTY OF KING

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY ) | Case No. |
| COALITION UNITED, a Washington State ) | **21-2-12603-7 KNT** |
| Nonprofit Corporation; DOUG BASLER; ) | |
| HOWARD FERGUSON; DIANA BASS; ) | |
| TIMOFEY SAMOYLENKO; AMY ) | VERIFIED COMPLAINT FOR |
| BEHOPE; MARY HALLOWELL; ) | EQUAL PROTECTION; VIOLATION OF |
| SAMANTHA BUCARI; RONALD ) | CIVIL RIGHTS; EQUITABLE RELIEF; |
| STEWART; LYDIA ZIBIN; ) | INJUNCTIVE RELIEF; DECLARATORY |
| CATHERINE DODSON, ) | RELIEF; PUBLIC RECORDS ACTION TO |
| ) | COMPEL BALLOT PRODUCTION |
| ) | |
| Plaintiffs, ) | |
| ) | JURY DEMAND (6 PERSON) |
| v. ) | |
| ) | |
| ) | |
| JULIE WISE, Director of King County ) | |
| Elections; KING COUNTY, and DOES ) | |
| 1-30, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs allege:

### I. PARTIES

1.      Plaintiffs Doug Basler, Howard Ferguson, Diana Bass, Timofey Samoylenko, Amy

Behope, Mary Hallowell, Samantha Bucari,  Ronald Stewart, Lydia Zibin,                        and

Catherine Dodson ("Citizen Plaintiffs") are King County residents and lawful electors of

VER. COMPLAINT FOR EQUAL PROTECTION      1

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Washington State who voted in the November 2020 General Election ("Election"). (Article VI, §1, Washington State Constitution).

2.    Plaintiff Washington Election Integrity Coalition United ("WEiCU") is a Washington State nonprofit corporation with its principal office in Pierce County, Washington.

3.    At all relevant times, Defendant Julie Wise is serving as the Director of King County Elections for the State of Washington, King County ("Director" and "County"), responsible for all Election procedures, elections staff, election workers, election observers, the accuracy of the County's Election vote tabulations, and certification of the County Election's tabulation results.

4.    Defendant King County is a municipal corporation.

## II. OVERVIEW

5.    The Director is responsible for conducting the County's Election in violation of, *inter alia*, Plaintiffs' equal protection, due process and free speech rights under the Washington State and United States Constitutions. Plaintiffs demand a jury trial and seek a judgment for damages for violations of their civil rights stemming from the Director using an uncertified voting system, allowing or facilitating vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification. Plaintiff WEiCU issued a records request for ballots to confirm or deny the conduct and seeks a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110, for a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots.

/ / /

/ / /

VER. COMPLAINT FOR EQUAL PROTECTION    2

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

### III. JURISDICTION, VENUE, LIMITATIONS

6.      Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that: (1) A wrongful act has been performed or is about to be performed by any election officer; or (2) Any neglect of duty on the part of an election officer has occurred or is about to occur. (RCW 29A.68.013(1), (2).)

7.      Venue is proper in the County's Superior Court for Constitutional violations, wrongful acts and/or neglect of duty by Director during the County's Election. (RCW 29A.68.013(1), (2).) Given a troublesome recent trend of judges recusing themselves thereby forcing actions to more favorable venues, Plaintiffs request that the Court immediately disclose to the parties any direct or indirect communications with any third parties aimed at disrupting the Court's ability to administer this action in a fair and equitable manner.

8.      The narrow 10 day limitations period of RCW 29A.68.013 subsection (3) does not apply to Plaintiffs' claims, as Plaintiffs are not seeking de-certification of the Election.

9.      Plaintiffs do not know the true names of defendants Does 1 through 30, inclusive, who are therefore sued by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when they are ascertained.

/ / /

/ / /

/ / /

VER. COMPLAINT FOR EQUAL PROTECTION        3

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

## IV. WRONGFUL ACTS: USE OF UNCERTIFIED VOTING SYSTEM

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

10.    Plaintiffs incorporate the allegations of paragraphs 1 through 9 above, as though fully set forth herein.

11.    Plaintiffs are informed and believe and thereon allege, that Director engaged in a wrongful act by using an uncertified voting system to tabulate votes for the Election.

12.    Director, who oversees all elections for the County, is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs). (Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

13.    No voting device or its component software may be certified unless it has been tested and approved by an EAC accredited VSTL. (*Id.*)

14.    Plaintiffs are informed and believe and thereon allege, that at the time of VSTL testing of the voting system used by Director for the Election, the VSTL was not accredited by the EAC. As a result, the EAC's and state level purported 'certifications' of the system in reliance on the non-accredited testing reports are null and void, and the Election was conducted by Director in violation of state and federal law. ("Uncertified Voting System"; 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

15.    Plaintiffs are further informed and believe, and thereon allege, that in November 2020, Director personally certified the County's tabulation results generated by the Uncertified

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Voting System for the Election, and that such act was in further error and/or neglect under state and federal law.

## V. DECLARATORY RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Director)

16.    Plaintiffs incorporate the allegations of paragraphs 1 through 15 above, as though fully set forth herein.

17.    A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that any electronic voting system used by Director to tabulate votes must be properly and legally certified under state and federal law.

18.    Plaintiffs are informed and believe, and thereon allege, that Director disputes and denies the allegations of paragraphs 11 through 15 above.

19.    It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director as they pertain to the Uncertified Voting System used for the Election and future elections conducted by Director in the County.

## VI. EQUITABLE RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Director)

20.    Plaintiffs incorporate the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

21.    By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from conducting elections on the Uncertified Voting System, as any additional elections conducted using the Uncertified Voting System will be in further violation of state and federal law. In addition, Plaintiffs will suffer

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

22.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from using the Uncertified Voting System or any uncertified voting system to tabulate votes in any election held in the County.

## VII. WRONGFUL ACTS: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS
### RCW 29A.68.013(1) and/or (2)
### (Citizen Plaintiffs v. Director)

23.     Plaintiffs incorporate the allegations of paragraphs 1 through 22 above, as though fully set forth herein.

24.     Prior to assuming the duties of overseeing elections for the County, Director entered into a solemn contract with the citizens of the County in the form of a publicly sworn oath to, *inter alia*, 'faithfully and impartially discharge the duties of his or her office to the best of his or her ability." (RCW 36.16.040; "Oath")

25.     Contrary to Director's Oath, Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

26.     Plaintiffs are informed and believe and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. Plaintiffs are informed and

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Director.

## VIII. DECLARATORY RELIEF: VOTE FLIPPING, ADDITIONS AND/OR DELETIONS

### (Citizen Plaintiffs v. Director)

27.     Plaintiffs incorporate the allegations of paragraphs 1 through 26 above, as though fully set forth herein.

28.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in a wrongful act, error and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

29.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the alleged vote flipping, additions and/or deletions before, during and/or after the Election.

## IX. EQUITABLE RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS

### (Citizen Plaintiffs v. Director)

30.     Plaintiffs incorporate the allegations of paragraphs 1 through 29 above, as though fully set forth herein.

31.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.  In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

32.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.

## X. WRONGFUL ACTS: PARTY PREFERENCE

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

33.     Plaintiffs incorporate the allegations of paragraphs 1 through 32 above, as though fully set forth herein.

34.     Contrary to Director's Oath of impartiality, Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

## XI. DECLARATORY RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

35.     Plaintiffs incorporate the allegations of paragraphs 1 through 34 above, as though fully set forth herein.

36.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in wrongful acts, errors and/or neglect of duty by: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

37.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the alleged party preference conduct.

## XII. EQUITABLE RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

38.     Plaintiffs incorporate the allegations of paragraphs 1 through 36 above, as though fully set forth herein.

39.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating party preference tracking and/or ballot identification.  In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

40.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

## XIII. WRONGFUL ACTS: BALLOT SECURITY

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

41.     Plaintiffs incorporate the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

42.     Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

## XIV. DECLARATORY RELIEF: BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

43.     Plaintiffs incorporate the allegations of paragraphs 1 through 42 above, as though fully set forth herein.

44.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

45.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director with regard to the above alleged wrongful acts.

## XV. EQUITABLE RELIEF: BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

46.     Plaintiffs incorporate the allegations of paragraphs 1 through 45 above, as though fully set forth herein.

47.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Director must be preliminarily and permanently restrained from allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots. In addition,

Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

48.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter ali*a, space for insertion and/or removal of original ballots.

## XVI. PUBLIC RECORDS ACTION

**RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110**

**(Plaintiff WEiCU v. Director and County)**

49.     Plaintiffs incorporate the allegations of paragraphs 1 through 48 above, as though fully set forth herein.

50.     In order to prove (or disprove) Plaintiffs' allegations herein, WEiCU brings this Public Records Act action to compel Defendants to provide access to public records from the Election for a full forensic audit. (RCW 42.56.030, 42.56.550, 29A.60.110).

51.     In September 2021, Plaintiff WEiCU submitted a records request to Director requesting original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election. (RCW 42.56, "PRR"). The County denied one or more of the requested documents in WEiCU's PRR as exempt under RCW 42.56 citing RCW 29A.60.110 and/or White v. Clark County, 199 Wn.App. 929 (2017) ("PRR Denial"; "White Case").

52.     Contrary to the PRR Denial, RCW 29A.60.110 does not prohibit ballot review and expressly permits court ordered review of ballots. In addition, the White Case relies on WA State Constitution Article 6, Section 6 as grounds for refusing access to ballots, but that provision

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

actually guarantees secrecy <u>only</u> in the preparation and deposit of ballots, and says nothing about secrecy following an election: "The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in **preparing** and **depositing** his ballot." [WA State Const. Art. 6, § 6 [emphasis added].)

53.     Article 6, Section 6 does not prohibit public access to unidentifiable ballots after an election. Such interpretation of the State Constitution would prevent any ballot reviews relating to wrongful acts in an election and would be contrary to Article 1, Section 19 of the Washington State Constitution which ensures fair and free elections in our state: "All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

54.     Moreover, the State Constitution is consistent with Washington State law and administrative code, which provide that access to ballots or ballot images via court order is entirely appropriate to prove or disprove election irregularities, and that such review "shall be de novo." (RCW 42.56.030 [the people do not yield their sovereignty to the agencies and insist on remaining informed so that they may maintain control over the instruments they have created to assure public interest is fully protected]; RCW 42.56.550(3) [judicial review of all agency actions taken or challenged under the [PRA] "shall be de novo".]; RCW 29A.60.110 [allows unsealing of ballots "...by order of the superior court in a contest or election dispute."]; WAC 434-261-045 ["Voted ballots and voted ballot images may . . . be accessed in accordance with RCW 29A.60.110 [unsealing of ballots allowed by court order]).

55.     Numerous courts outside of Washington State have ruled that ballots are public records and subject to inspection: "Nothing could be more obvious than that a ballot becomes a public record once it is voted." (*Rogers v. Hood*, 906 So. 2d 1220, 1223 (Fla. Dist. Ct. App. 2005);

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

*Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) [ballot secrecy is not violated if "the identity of the voter cannot be discerned from the face of that ballot"]).

56.     Defendants must be compelled to comply with the PRR not only because the documents requested are public records, but also to prove (or disprove) the allegations herein. WEiCU further requests that the Court unseal the ballots under RCW 29A.60.110, as Plaintiff WEiCU stands ready, willing and able to conduct a full forensic audit of the requested public records in coordination with Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots.

## XVII. DECLARATORY RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

### WA STATE CONSITUTION ART. I, § 1, § 2, § 3, § 12, §19, §29; ART. VI, §6,

### US CONSTITUTION AMENDMENTS I, XIV

#### (Citizen Plaintiffs v. Director)

57.     Plaintiffs incorporate the allegations of paragraphs 1 through 56 above, as though fully set forth herein.

58.     The right to freely elect one's representatives and to influence the political direction of one's government is the democratic republic's indispensable political foundation. Without free elections, there is neither the possibility for citizens to express their will nor the opportunity for citizens to change their leaders, approve policies for the country, address wrongs, or protest the limitation of their rights afforded to them by the Constitution. (Article 1, §19 Washington State Constitution).

59.     Moreover, Constitutional requirements and mandates may not be ignored by Director or this Court. (Article 1, §2, §29, Washington State Constitution.) Elections establish the citizenry's and the individual's right to FREE SPEECH as depicted by the First Amendment of the

VER. COMPLAINT FOR EQUAL PROTECTION     13

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Constitution of the United States of America. Accordingly, Plaintiffs hereby demand of the Superior Court that the state and federal Constitutions be followed so that free and fair elections may be held in the County consistent with the free speech will of the People.

60.    Article 1 § 3 of the Washington State Constitution states: "No person shall be deprived of life, liberty, or property without due process of law." The right to vote is a fundamental right to which all lawful citizens of Washington State who meet the requirements are entitled, and as such this right is a "liberty" protected under Article 1 Section 3 of the Washington State Constitution.

61.    A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Director, in that Plaintiffs contend as follows:

a.    Director's wrongful acts as alleged herein infringed upon Plaintiffs' fundamental rights of equal protection, due process, and/or free speech under the Washington State Constitution and/or United States Constitution and amendments;

b.    Because Director failed to follow state and federal law, qualified electors were denied their fundamental right of suffrage without due process of law. Qualified electors who voted similarly had the value of their votes diluted, and the will of said voters denied, without due process of law;

c.    That the principles of equal protection require that Director abide by the process created by the Legislature to ensure uniform treatment of ballots regardless of who cast them, the manner in which they are cast, and/or who or what was voted for upon those ballots;

d.    That Director's conduct alleged herein abridged Plaintiffs' rights under the fourteenth amendment to the United States Constitution, which reads in relevant part:  "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the

VER. COMPLAINT FOR EQUAL PROTECTION      14

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

United States; nor shall any state ... deny to any person within its jurisdiction the equal protection of the laws." The requirements of the special "privileges or immunities" prohibition of WA State Const. Art. 1, § 12 are in most cases at least as stringent as those of the federal equal protection clause. *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 819 n. 9, 539 P.2d 845 (1975);

e.     That ballots from County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law; and,

f.     That Plaintiffs' state and/or federal Constitutional rights have been abridged as a proximate result of Director's conduct as alleged herein.

62.     Plaintiffs are informed and believe, and thereon allege, that Director disputes and denies the contentions set forth in subparagraphs (a) through (f) above.

63.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Director, as they pertain to the Election and future elections in the County.

## XVIII. INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

### (Citizen Plaintiffs v. Director)

64.     Plaintiffs incorporate the allegations of paragraphs 1 through 63 above, as though fully set forth herein.

65.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Unless Director is immediately and permanently restrained from taking any further actions in violation of Plaintiff's Constitutional rights, Plaintiffs will suffer irreparable injury in that, among other things, their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

66.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Director from:

a) Using an Uncertified Voting System;

b) Allowing or facilitating vote flipping, additions and/or deletions;

c) Allowing or facilitating party preference tracking and/or ballot identification; and/or,

d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes.

### XIX. DAMAGES FOR CIVIL RIGHTS VIOLATIONS

### 42 USC §1983, §1988

### (Citizen Plaintiffs v. Director)

67.     Plaintiffs incorporate the allegations of paragraphs 1 through 66 above, as though fully set forth herein.

68.     Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (42 U.S.C. §1983).

69.     Director's actions as alleged herein were done under color of state law.

70.     While acting under color of state law, and as a proximate result of Director's conduct, Director deprived Plaintiffs of their federal rights under, *inter alia*, the First and/or Fourteenth Amendments to the United States Constitution.

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

71.     Plaintiffs have incurred and will incur expenses of suit as a result of this proceeding, in an amount that cannot yet be ascertained, and reserve all rights to recovery under 42 U.S.C. Sections 1983 and 1988.

## XX. DEMAND FOR JURY TRIAL

72.     Director's conduct alleged herein raises serious questions of fact. (RCW 4.44.090 [all questions of fact shall be decided by the jury].) Plaintiffs' right of trial by jury "shall remain inviolate". (Washington State Constitution, Art. 1, §21; US Constitution Amendment VII.) Plaintiffs hereby demand a jury trial.

## XXI. RELIEF SOUGHT

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.  That Director be found in error and/or neglect for using an Uncertified Voting System during the Election;

2.  That Director be found in error and/or neglect for allowing and/or facilitating vote flipping, additions and/or deletions before, during and/or after the Election;

3.  That Director be found in error and/or neglect for allowing or facilitating party preference tracking and/or ballot identification for the Election;

4.  That Director be found in error and/or neglect for allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes;

5.  That Director be ordered to desist from the following errors and wrongful acts and facilitation thereof:

    a)  Using an Uncertified Voting System;

    b)  Allowing or facilitating vote flipping, additions and/or deletions;

VER. COMPLAINT FOR EQUAL PROTECTION      17

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

c) Allowing or facilitating party preference tracking and/or ballot identification; and/or,

d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage boxes.

6. That Director and/or Defendant County be compelled and ordered to comply with WEiCU's PRR, including a Court order unsealing ballots under RCW 29A.60.110, for the purpose, *inter alia*, of a full forensic audit conducted by Jovan  Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots;

7. For a declaration that Director's actions violated Plaintiffs' Constitutional Rights to Equal Protection, Due Process, and/or Free Speech Under the Law (WA State Const., Art I, § 1, § 2, § 3, § 12, §19, §29 ; Art. VI, §6, US Const. Amendments I and/or XIV);

8. For preliminary and permanent injunctive relief injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) enjoining Director, Director's agents, employees, and all persons acting in concert with Director, from any and all of the following actions, as Plaintiffs' remedies at law are inadequate, and Director's conduct will cause Plaintiffs to suffer irreparable injury through continued violations of their Constitutional rights:

a) Using an Uncertified Voting System;

b) Allowing or facilitating vote flipping, additions and/or deletions;

c) Allowing or facilitating party preference tracking and/or ballot identification; and/or,

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

d) Allowing or facilitating loosely connected zip ties on ballot collection and/or storage

boxes.

9.   For damages for violation of Plaintiffs' constitutional rights under color of law (42

U.S.C. Sections 1983); and/or,

10.   For attorney's fees, for costs of suit, and for such other and further relief as the Court

deems just and proper.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED,
a WA State Nonprofit Corporation

Dated: _____ 9/17/2021 _____

*Tamborine Borrelli*
FB5CE67D15364E3...

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
          Gig Harbor, WA 98329-4215
Phone:   253-375-1255

Dated: _____ 9/16/2021 _____

*Doug Basler*
7076DA9C713343B...

Doug Basler
Plaintiff, *Pro Se*
Address: 1851 Central Place S, Suite 123
          Kent, WA 98032
Phone: (206) 601-3133

Dated: _____ 9/16/2021 _____

*Howard Ferguson*
98CF5C0B2FFF40E...

Howard Ferguson
Plaintiff, *Pro Se*
Address: 4357 13th Ave. S.
          Seattle, WA 98108
Phone: (206) 898-2696

VER. COMPLAINT FOR EQUAL PROTECTION       19

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____9/16/2021_____

Diana Bass
Plaintiff, *Pro Se*
Address: P.O. Box 7364
              Bellevue, WA 98008
Phone: (425) 649-9765

Dated: _____9/17/2021_____

Timofey Samoylenko
Plaintiff, *Pro Se*
Address: 1921 R St. NE
              Auburn, WA 98002
Phone: (206) 305-3692

Dated: _____9/16/2021_____

Amy Behope
Plaintiff, *Pro Se*
Address: 507 SW 302nd St
              Federal Way, WA 98023
Phone: (206) 683-3122

Dated: _____9/17/2021_____

Mary Hallowell
Plaintiff, *Pro Se*
Address: 17505 462nd Ave SE
              North Bend, WA 98045
Phone: (425) 888-2208

Dated: _____9/17/2021_____

Samantha Bucari
Plaintiff, *Pro Se*
Address: 3546 S 244th St
              Kent, WA 98032
Phone: (253) 653-7553

VER. COMPLAINT FOR EQUAL PROTECTION      20

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

Dated: _____ 9/17/2021 _____

Ronald Stewart
Plaintiff, *Pro Se*
Address: 29506 51st Avenue South
                 Auburn, WA 98001
Phone: (206) 790-8187

Dated: _____ 9/16/2021 _____

Lydia Zibin
Plaintiff, *Pro Se*
Address: 254 145th PL SE
               Bellevue, WA 98007
Phone: (425) 894-1467

Dated: _____ 9/16/2021 _____

Catherine Dodson
Plaintiff, *Pro Se*
Address: 42131-212th Ave SE
              Enumclaw, WA 98022
Phone: (253) 709-3339

VER. COMPLAINT FOR EQUAL PROTECTION    21

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

# VERIFICATIONS

I, Tamborine Borrelli, declare:

I am the Director of Washington Election Integrity Coalition United, a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in Thurston County, State of Washington, on this _____ day of _____, 2021.

9/17/2021

WASHINGTON ELECTION INTEGRITY COALITION UNITED, a WA State Nonprofit

_Tamborine Borrelli_

By: Tamborine Borrelli
Its: Director

I, Doug Basler, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of king _____, State of Washington, on this _____ day of _____, 2021.

9/16/2021

_Doug Basler_

Doug Basler

VER. COMPLAINT FOR EQUAL PROTECTION     22

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Howard Ferguson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _KING_____, State of Washington, on this _____ day of ___9/16/2021_____, 2021.

_Howard Ferguson_
_____
Howard Ferguson

I, Diana Bass, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _King_____, State of Washington, on this _____ day of ___9/16/2021_____, 2021.

_Diana Bass_
_____
Diana Bass

VER. COMPLAINT FOR EQUAL PROTECTION     23

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Timofey Samoylenko, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/17/2021 _____, 2021.

DocuSigned by:

085BCC574818479

Timofey Samoylenko

I, Amy Behope, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/16/2021 _____, 2021.

DocuSigned by:

33D93D4B04B74EE

Amy Behope

VER. COMPLAINT FOR EQUAL PROTECTION      24

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Mary Hallowell, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of king_____, State of Washington, on this _____ day of ___9/17/2021_____, 2021.

DocuSigned by:

Mary Hallowell
B506C937E84C48D

Mary Hallowell

I, Samantha Bucari, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King_____, State of Washington, on this _____ day of ___9/17/2021_____, 2021.

DocuSigned by:

D508B30E10E6414...

Samantha Bucari

VER. COMPLAINT FOR EQUAL PROTECTION        25

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Ronald Stewart, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/17/2021 _____, 2021.

_____
Ronald Stewart

I, Lydia Zibin, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/16/2021 _____, 2021.

_____
Lydia Zibin

VER. COMPLAINT FOR EQUAL PROTECTION     26

DocuSign Envelope ID: 3BAE5B45-3ED5-43BF-BEB2-BE018BC538BB

I, Catherine Dodson, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true.  I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of King _____, State of Washington, on this _____ day of 9/16/2021 _____, 2021.

DocuSigned by:

Catherine Dodson

266E0DE726EC4BB...

Catherine Dodson

VER. COMPLAINT FOR EQUAL PROTECTION     27

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Washington Election Integrity Coalition United, Basler, Doug, Ferguson, Howard, Bass, Diana, Samovlenko,

**(b)** County of Residence of First Listed Plaintiff    Pierce
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS

Julie Wise and King County

County of Residence of First Listed Defendant    King
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Ann M. Summers, David J. Hackett, Janine Joly, Mari Isaacson

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
43 U.S.C. secs. 1983, 1988

Brief description of cause:
Plaintiffs allege irregularities in ballot processing of November 2020 election.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*    JUDGE    Richard A. Jones, David W. Christel, Robert S. La    DOCKET NUMBER    3:21-cv-05726-RAJ, 2:21-cv-01354

DATE
October 13, 2021

SIGNATURE OF ATTORNEY OF RECORD
s/Ann M. Summers

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.