The Honorable Richard A. Jones
United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON, <br><br> Plaintiffs, <br><br> v. <br><br> JULIE WISE, Directory of King County Elections; KING COUNTY, and DOES 1-30, inclusive, <br><br> Defendants. | No. 2:21-cv-01394-RAJ <br><br> KING COUNTY DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND COUNTERCLAIM AND JURY DEMAND |

Julie Wise, Director of King County Elections, and King County (hereinafter "King County Defendants"), in answer to Plaintiffs' Complaint, admit, deny and state as follows:

## I.   PARTIES

1.     In answering paragraph 1 of Plaintiff's Complaint, King County Defendants are without sufficient information to determine the truth or falsity of the allegations contained therein, and, therefore, deny the same.

2.     In answering paragraph 2 of Plaintiff's Complaint, King County Defendants are without sufficient information to determine the truth or falsity of the allegations contained therein, and, therefore, deny the same.

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

3.      In answering paragraph 3 of Plaintiff's Complaint, King County Defendants admit only that Julie Wise is the elected Director of King County Elections and oversees election staff and workers, the accuracy of King County's vote tabulation and certification of King County's tabulation results.  All other allegations therein are denied.

4.      In answering paragraph 4 of Plaintiffs' Complaint, King County Defendants admit that King County is a home rule charter county and a political subdivision of the State of Washington.

## II.      OVERVIEW

5.      In answering paragraph 5 of Plaintiffs' Complaint, admit only that Plaintiff WEICU submitted a records request for ballots to King County Elections.  All other allegations therein are denied.

## III.      JURISDICTION, VENUE, LIMITATIONS

6.      In answering paragraph 6 of Plaintiffs' Complaint, Defendants leave the matter of jurisdiction to the Court.

7.      In answering paragraph 7 of Plaintiff's complaint, King County Defendants leave the matter of venue to the Court.  King County Defendants make no response to Plaintiffs' request that the Court disclose communications with unspecified third parties.

8.      King County Defendants make no response to paragraph 8 as it appears to contain legal conclusions for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

9.      In answering paragraph 9 of Plaintiffs' Complaint, King County Defendants make no response as it pertains to other unidentified defendants.  To the extent a response is required, King County Defendants are without sufficient information to form a belief as to the truth or

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 2

1  falsity of the allegations contained therein and, therefore, denies the same.

2  **IV.   WRONGFUL ACTS:  USE OF UNCERTIFIED VOTING SYSTEM**

3  **RCW 29A.68.013(1) and/or (2)**

4  **(Citizen Plaintiffs v. Director)**

5  10.    In answering paragraph 10 of Plaintiffs' Complaint, King County Defendants

6  incorporate all responses and denials as set forth in the previous paragraphs.

7  11.    In answering paragraph 11 of Plaintiffs' Complaint, King County Defendants

8  deny.

9  12.    King County Defendants make no response to paragraph 12 as it appears to

10  contain legal conclusions for which no response is required. However, to the extent that factual

11  allegations are intended, all allegations therein are denied.

12  13.    King County Defendants make no response to paragraph 13 as it appears to

13  contain legal conclusions for which no response is required.  However, to the extent that factual

14  allegations are intended, all allegations therein are denied.

15  14.    Answering paragraph 14 of Plaintiffs' Complaint, King County Defendants deny.

16  15.    Answering paragraph 15 of Plaintiffs' Complaint, King County Defendants deny.

17  **DECLARATORY RELIEF:  USE OF UNCERTIFIED VOTING SYSTEM**

18  **(Citizen Plaintiffs v. Director)**

19  16.    In answering paragraph 16 of Plaintiffs' Complaint, King County Defendants

20  incorporate all responses and denials as set forth in the previous paragraphs.

21  17.    In answering paragraph 17 of Plaintiffs' Complaint, King County Defendants

22  deny.

23  18.    In answering paragraph 18 of Plaintiffs' Complaint, King County Defendants

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 3

1    admit.

2         19.    In answering paragraph 19 of Plaintiffs' Complaint, King County Defendants

3    deny.

4    **V.      EQUITABLE RELIEF:  USE OF UNCERTIFIED VOTING SYSTEM**

5                           **(Citizen Plaintiffs v. Director)**

6         20.    In answering paragraph 20 of Plaintiffs' Complaint, King County Defendants

7    incorporate all responses and denials as set forth in the previous paragraphs.

8         21.    In answering paragraph 21 of Plaintiffs' Complaint, the allegations appear to

9    contain only legal conclusions for which no response is required.  However, to the extent factual

10   allegations are intended, all allegations therein are denied.

11        22.    In answering paragraph 22 of Plaintiffs' Complaint, the allegations appear to

12   contain only legal conclusions for which no response is required.  However, to the extent factual

13   allegations are intended, all allegations therein are denied.

14   **VI.     WRONGFUL ACTS:  VOTE FLIPPING, ADDITIONS AND/OR DELETIONS**

15                        **RCW 29A.68.013(1) and/or (2)**

16                           **(Citizen Plaintiffs v. Director)**

17        23.     In answering paragraph 23 of Plaintiffs' Complaint, King County Defendants

18   incorporate all responses and denials as set forth in the previous paragraphs.

19        24.    In answering paragraph 24 of Plaintiffs' Complaint, the language of RCW

20   36.16.040 speaks for itself.   King County Defendants admit that as an elected county officer

21   Julie Wise took and subscribed the oath required by RCW 36.16.040.  King County denies any

22   further allegations therein.

23        25.    In answering paragraph 25 of Plaintiffs' Complaint, King County Defendants

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 4

1   deny.

2   26.   In answering paragraph 26 of Plaintiffs' Complaint, King County Defendants

3   deny.

4   **VII.   DECLARATORY RELIEF:  VOTE FLIPPING, ADDITIONS AND/OR**

5   **DELETIONS**

6   **(Citizen Plaintiffs v. Director)**

7   27.   In answering paragraph 27 of Plaintiffs' Complaint, King County Defendants

8   incorporate all responses and denials as set forth in the previous paragraphs.

9   28.   In answering paragraph 28 of Plaintiffs' Complaint, King County Defendants

10   deny.

11   29.   In answering paragraph 29 of Plaintiffs' Complaint, King County Defendants

12   deny.

13   **VIII.   EQUITABLE RELIEF:  VOTE FLIPPING, ADDITIONS AND/OR**

14   **DELETIONS**

15   **(Citizen Plaintiffs v. Director)**

16   30.   In answering paragraph 30 of Plaintiffs' Complaint, King County Defendants

17   incorporate all responses and denials as set forth in the previous paragraphs.

18   31.   King County Defendants make no response to paragraph 31 as it appears to

19   contain legal conclusions for which no response is required.  However, to the extent factual

20   allegations are intended, all allegations therein are denied..

21   32.   King County Defendants make no response to paragraph 32 as it appears to

22   contain legal conclusions for which no response is required.  However, to the extent factual

23   allegations are intended, all allegations therein are denied.

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

2

## IX. WRONGFUL ACTS:  PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

3

4

33.     In answering paragraph 33 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

5

6

34.     In answering paragraph 34 of Plaintiffs' Complaint, King County Defendants deny.

7

8

## X.     DECLARATORY RELIEF:  PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

9

10

35.     In answering paragraph 35 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

11

12

36.     In answering paragraph 36 of Plaintiffs' Complaint, King County Defendants deny.

13

14

37.     In answering paragraph 37 of Plaintiffs' Complaint, King County Defendants deny.

15

16

## XI.    EQUITABLE RELIEF:  PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

17

18

38.     In answering paragraph 38 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

19

20

21

39.     King County Defendants make no response to paragraph 39 as it appears to contain legal conclusions for which no response is required.  However, to the extent factual allegations are intended, all allegations therein are denied.

22

23

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1   40.   King County Defendants make no response to paragraph 40 as it appears to

2   contain legal conclusions for which no response is required.  However, to the extent factual

3   allegations are intended, all allegations therein are denied.

4   ### XIII.   WRONGFUL ACTS:  BALLOT SECURITY

5   ### RCW 29A.68.013(1) and/or (2)

6   **(Citizen Plaintiffs v. Director)**

7   41.   In answering paragraph 41 of Plaintiffs' Complaint, King County Defendants

8   incorporate all responses and denials as set forth in the previous paragraphs.

9   42.   In answering paragraph 42 of Plaintiffs' Complaint, King County Defendants

10  deny.

11  ### XIV.   DECLARATORY RELIEF:  BALLOT SECURITY

12  **(Citizen Plaintiffs v. Director)**

13  43.   In answering paragraph 43 of Plaintiffs' Complaint, King County Defendants

14  incorporate all responses and denials as set forth in the previous paragraphs.

15  44.   Answering paragraph 44 of Plaintiffs' Complaint, King County Defendants deny.

16  45.   Answering paragraph 45 of Plaintiff's Complaint, King County Defendants deny.

17  ### XV.   EQUITABLE RELIEF:  BALLOT SECURITY

18  **(Citizen Plaintiffs v. Director)**

19  46.   In answering paragraph 46 of Plaintiffs' Complaint, King County Defendants

20  incorporate all responses and denials as set forth in the previous paragraphs.

21  47.   King County Defendants make no response to paragraph 47 as it appears to

22  contain legal conclusions for which no response is required.  However, to the extent factual

23  allegations are intended, all allegations therein are denied.

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 7

48.     King County Defendants make no response to paragraph 48 as it appears to contain legal conclusions for which no response is required.  However,  to the extent factual allegations are intended, all allegations therein are denied.

## XVI.   PUBLIC RECORDS ACTION

**RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110**

**(Plaintiff WEICU v. Director and County)**

49.     In answering paragraph 49 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

50.     King County Defendants make no response to paragraph 50 as it appears to contain legal conclusions for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

51.     In answering paragraph 51 of Plaintiffs' Complaint, King County Defendants admit.

52.     In answering paragraph 52 of Plaintiffs' Complaint, King County Defendants admit only that Article VI, § 6 of the Washington Constitution provides, "All elections shall be by ballot. The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in preparing and depositing his ballot."  King County makes no response to the remainder of paragraph 52 as it appears to contain legal conclusions for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

53.     In answering paragraph 53 of Plaintiffs' Complaint, King County Defendants admit only that Article I, § 19 of the Washington Constitution provides, "All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

exercise of the right of suffrage."  King County makes no response to the remainder of paragraph 53 as it appears to contain legal conclusions for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

54.     King County Defendants make no response to paragraph 54 as it appears to contain legal conclusions for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

55.     King County Defendants make no response to paragraph 55 as it appears to contain legal conclusions for which no response is required.  However,  to the extent that factual allegations are intended, all allegations are therein denied.

56.     In answering paragraph 56 of Plaintiffs' Complaint, King County Defendants deny.

**XVII.  DECLATORY RELIEF:  VIOLATION OF CONSTITUTIONAL RIGHTS**

**WA STATE CONSTITUTION ART. I, § 1, § 2, § 3, § 12, § 19, § 29; ART. VI, § 6,**

**US CONSTITUTION AMENDMENTS I, XIV**

**(Citizen Plaintiffs v. Director)**

57.     In answering paragraph 57 of Plaintiffs' Complaint, King County Defendants only that incorporate all responses and denials as set forth in the previous paragraphs.

58.     In answering paragraph 58 of Plaintiffs' Complaint, King County Defendants admit only that the Washington Constitution guarantees free elections.  King County Defendant's make no response to the remainder of paragraph 58 as it appears to contain legal conclusions for which no response is required.  However,  to the extent that factual allegations are intended, all allegations therein are denied.

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 9

59.     King County Defendants make no response to paragraph 59 as it appears to contain legal conclusions for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

60.     In answering paragraph 60 of Plaintiffs' Complaint, King County Defendants admit only that Article I, § 3 of the Washington Constitution provides "No person shall be deprived of life, liberty, or property, without due process of law."  King County Defendants make no response to the remainder of paragraph 60 as it appears to contain legal conclusions for which no response is required.  However,  to the extent that factual allegations are intended, all allegations therein are denied.

61.     In answering paragraph 61 of Plaintiffs' Complaint, King County Defendants deny.

a.     In answering paragraph 61(a) of Plaintiffs' Complaint, King County Defendants deny.

b.     In answering paragraph 61(b) of Plaintiffs' Complaint, King County Defendants deny.

c.     King County Defendants makes no response to paragraph 61(c) as it appears to contain legal conclusions for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

d.     In answering paragraph 61(d) of Plaintiffs' Complaint, King County Defendants deny.

e.     In answering paragraph 61(e) of Plaintiffs' Complaint, King County Defendants deny.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1        f.      In answering paragraph 61(f) of Plaintiffs' Complaint, King County

2   Defendants deny.

3        62.     In answering paragraph 62 of Plaintiffs' Complaint, King County Defendants

4   admit.

5        63.     In answering paragraph 63 of Plaintiffs' Complaint, King County Defendants

6   deny.

7   **XVIII.  INJUNCTIVE RELIEF:  VIOLATIONS OF CONSTITUITIONAL RIGHTS**

8   **(Citizen Plaintiffs v. Director)**

9        64.     In answering paragraph 64 of Plaintiffs' Complaint, King County Defendants

10  incorporate all responses and denials as set forth in the previous paragraphs.

11       65.     King County Defendants make no response to paragraph 65 as it appears to

12  contain legal conclusions for which no response is required.  However, to the extent that factual

13  allegations are intended, all allegations therein are denied.

14       66.     In answering paragraph 66 of Plaintiffs' Complaint, King County Defendants

15  deny.

16       a.      In answering paragraph 66(a) of Plaintiffs' Complaint, King County

17  Defendants deny.

18       b.      In answering paragraph 66(b) of Plaintiffs' Complaint, King County

19  Defendants deny.

20       c.      In answering paragraph 66(c) of Plaintiffs' Complaint, King County

21  Defendants deny.

22       d.      In answering paragraph 66(d) of Plaintiffs' Complaint, King County

23  Defendants deny.

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

## XIX.   DAMAGES FOR CIVIL RIGHTS VIOLATION

### 42 USC §1983, §1988

67.     In answering paragraph 67 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

68.     In answering paragraph 68 of Plaintiffs' Complaint, the language appears to be from 42 U.S.C. §1983 and such language speaks for itself but King County Defendants deny any allegations contrary to the language of that document.

69.     In answering paragraph 69 of Plaintiffs' Complaint, King County Defendants deny.

70.     In answering paragraph 70 of Plaintiffs' Complaint, King County Defendants deny.

71.     Answering paragraph 71 of Plaintiffs' Complaint, King County Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained therein and, therefore, deny the same.

## XX.     DEMAND FOR JURY TRIAL

72.     King County Defendants make no response to paragraph 72 as it appears to contain legal conclusions for which no response is required.  However, to the extent factual allegations are intended, all allegations therein are denied.

## XXI.   RELIEF SOUGHT

In answering section XXI, paragraphs 1-4, 5 (a)-(d), 6-7, 8 (a)-(d), 9 and 10 of Plaintiffs' prayer for relief on page 17 of Plaintiffs' Complaint, King County Defendants deny that Plaintiffs are entitled to any of the relief sought.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1    BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES, and without

2    admitting anything previously denied, defendant King County states as follows:

3        1.    Plaintiffs' claims are moot.

4        2.    Plaintiffs' claims are not ripe.

5        3.    Plaintiffs' claims are barred by collateral estoppel and/or res judicata.

6        4.    Plaintiffs lack standing.

7        5.    Plaintiffs' claims are preempted by federal law.

8        6.    Plaintiffs' claims are barred by applicable statutes of limitation.

9        7.    Plaintiffs' claims are barred by the doctrine of laches.

10       8.    Plaintiffs have failed to state a claim upon which relief may be granted.

11       9.    Fraud.

12       10.   Plaintiffs are not entitled to declaratory or equitable relief.

13       11.   Defendants at all times acted in good faith in the performance of duties and are

14             therefore immune from suit and entitled to discretionary immunity and/or

15             qualified immunity for the matters alleged in the Plaintiffs' complaint.

16       12.   If the Plaintiffs suffered any damages, recovery, therefore, may be barred by the

17             Plaintiffs' failure to mitigate damages.

18       13.   King County is not liable for pre-judgment interest because the State of

19             Washington, of which King County is a political subdivision, has no consented to

20             such pre-judgment interest. RCW 4.56.115.

21       King County Defendants reserve the right to amend this Answer, including these

22    affirmative defenses, if and when additional facts are discovered which support such

23    amendments.

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

## COUNTERCLAIM BY JULIE WISE AND KING COUNTY

2

### Request for Declaratory Relief Under RCW 42.56.070 (Public Records Act)

3

King County Elections Director Julie Wise and King County assert the following

4

counterclaim:

5

## I.     PARTIES

6

1.     Julie Wise is the elected Director of King County Elections and an individual who

7

resides in the Western District of Washington.

8

2.     King County is a home rule charter county located in the Western District of

9

Washington and a political subdivision of the State of Washington.

10

3.     Plaintiffs have alleged that they are individuals who reside in the Western District

11

of Washington.

12

## II.     JURISDICTION AND VENUE

13

4.     This Court has discretion to exercise supplemental jurisdiction over this state law

14

claim.

15

5.     Venue is proper in the Western District of Washington.

16

## III.     FACTUAL ALLEGATIONS

17

6.     Article VI, § 6 of the Washington Constitution provides, "All elections shall be by

18

ballot. The legislature shall provide for such method of voting as will secure to

19

every elector absolute secrecy in preparing and depositing his ballot."  This broad

20

mandate requires broad protection of ballots and the ballot process in Washington.

21

7.     The Civil Rights Act of 1960, codified as 52 U.S.C. §§ 20701-20706, requires

22

local election officials to retain and preserve all records relating to any act

23

requisite to voting for 22 months after the conduct of any general election at

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1    which citizens vote for President or a member of Congress.  The purpose of the

2    Civil Rights Act retention requirements was to secure a more effective protection

3    of the right to vote by ensuring that records are available to allow the Department

4    of Justice to investigate and prosecute civil or criminal election matters under

5    federal law.  The records must be retained physically or under local officials'

6    direct administrative supervision.

7    8.    Under their constitutional authority to protect the secrecy of the ballot, the

8    Washington Legislature has adopted a comprehensive scheme governing elections

9    which balances election security and secrecy of the ballot with transparency.

10   Washington law provides specific ways in which the election process is subject to

11   public oversight, including but not limited to requiring auditors to:  maintain

12   records of voters issued a ballot and who returned a ballot available for public

13   inspection (RCW 29A.40.130); maintain cumulative precinct returns as public

14   records (RCW 29A.60.070); and make counting centers open to the public (RCW

15   29A.60.170(2)).  The legislative scheme allows a group of five or more registered

16   voters to request a recount within a specified time period (RCW 29A.64.011),

17   requires recount proceedings to be public (RCW 29A.64.030), requires an audit of

18   results prior to certification (RCW 29A.60.185), and requires a reconciliation

19   report that is publicly available (RCW 29A.60.235).  However, this

20   comprehensive scheme protects ballots by prohibiting any member of the public

21   from touching a ballot during the counting process or recount (RCW

22   29A.60.170(2), 29A.64.041) and requiring ballots to be sealed in containers

23   immediately after tabulation (RCW 29A.60.110), and prohibiting the unsealing of

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1    the ballot containers except by the canvassing board, to conduct a recount,

2    random check or audit as authorized by statutes or by order of the superior court

3    in a contest or election dispute (RCW 29A.60.110).

4    9.    Pursuant to RCW 42.56.070(1), Washington's Public Records Act requires

5    government agencies to make public records available unless exempted by that

6    Act or "other statute which exempts or prohibits disclosure of specific

7    information or records."

8    10.    Washington courts have repeatedly held that ballots and ballot images are exempt

9    from public disclosure under the Public Records due to the provisions of Article

10    VI, § 6 of the Washington Constitution, the comprehensive scheme set forth in

11    Title 29A RCW and regulations adopted by the secretary of state under express

12    legislative authority.  *White v. Clark County*, 188 Wash. App. 622, 627, 354 P.3d

13    38, 40  (2015), review denied, 185 Wn.2d 1009 (2016); *White v. Skagit County*,

14    188 Wash. App. 886, 355 P.3d 1178 (2015), review denied, 185 Wn.2d 1009

15    (2016); *White v. Clark County*, 199 Wash. App. 929, 934, 401 P.3d 375, 378

16    (2017)*,* review denied, 189 Wn.2d 1031 (2018).

17    11.    Under Washington's current mail voting, pursuant to RCW 29A.40.091, all

18    ballots must be accompanied by a declaration that the voter must sign.  The voter

19    must swear under penalty of perjury that he or she meet the qualifications to vote

20    and has not voted in any other jurisdiction at this election.  The voter must sign

21    the "ballot declaration" and may provide contact information such as an email

22    address or phone number.  Pursuant to RCW 29A.40.100(3), upon receipt of

23    ballot materials the county auditor must verify based on statewide standards that

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

the signature on the "ballot declaration" is the same as the signature of that voter

in the registration files.  Ballots are not processed unless the signature is verified.

12.     Pursuant to RCW 29A.08.710, the voter registration form is considered

confidential and unavailable of public inspection and copying.  Voter's names,

address, political jurisdiction, gender, date of birth, voting record, date of

registration, are available for public inspection and copying.  RCW 29A.08.710

provides that no other information from the voter registration records or files,

including signatures, is available for public inspection or copying.

13.     Title 29A RCW serves as a comprehensive scheme restricting access to ballots,

ballot images and voter signatures.

14.     Pursuant to RCW 42.56.420(7), certain information relating to election security is

exempt from public disclosure including records containing information about

election security the public disclosure of which may increase risk to integrity of

election operations.

15.     On August 30, 2021, King County Elections received a public records request

from Washington Election Integrity Coalition United, a nonprofit corporation, for

disclosure of "original ballots, ballot images, spoiled ballots, adjudication records,

ballot envelopes and returned ballots for the November 3, 2020 General

Election."

16.     King County Elections believes and so informed the Washington Election

Integrity Coalition United that original ballots, ballot images, spoiled ballots and

voter signatures contained in ballot declarations are exempt from public

inspection or copying.

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 17

17. King County Elections is faced with a choice between disclosing information in violation of the Washington Constitution that will threaten the integrity and security of future elections, and risking substantial monetary penalties.

## IV.    COUNTERCLAIM – DECLARATORY RELIEF

18. King County Defendants re-allege paragraphs 1 through 14.

19. An actual and justiciable case and controversy exists between the Plaintiffs and Director Wise and King County regarding the request for public disclosure of ballots, ballot images and ballot envelopes containing voter signatures.  Director Wise and King County will suffer a concrete and imminent injury that is causally connected to Plaintiffs' action.  This injury can be redressed with a favorable decision.  The parties' rights and interests are direct and substantial, and the determination of the parties' rights and interests will resolve the dispute.  The issues that exist between the parties are genuinely adversarial in character.

20. Director Wise and King County are entitled to a declaratory judgment in their favor that provides that ballots, ballot images and ballot envelopes containing voter signatures are exempt from public disclosure under the Public Records Act because nondisclosure is required by Washington's constitution and its comprehensive election scheme to protect the secrecy of the ballot and to ensure election security and the integrity of election operations.

## V.    RELIEF SOUGHT

Having stated their claim against Plaintiffs, Director Julie Wise and King County pray for the following relief:

1. For an order by the Court declaring that, as a matter of law, Director Wise and

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 18

1     King County cannot release ballots, ballot images or ballot envelopes

2     containing voter signatures for public inspection or copying;

3          2.   For an award of Director Julie Wise's and King County's attorneys' fees and

4     costs as provided under the law;

5          3.   For prejudgment and post-judgment interest on all amounts awarded; and

6          4.   For any and all such further relief as the County may deem equitable and just.

7     WHEREFORE, King County Defendants pray that Plaintiffs take nothing by their

8  Complaint, that the Complaint be dismissed with prejudice, that King County Defendants be

9  awarded declaratory relief and their costs and reasonable attorneys' fees incurred herein for such

10 other and further relief as the Court deems just and equitable.  King County Defendants also seek

11 an award of reasonable attorneys' fees and costs in defending this action pursuant to Fed. R. Civ.

12 P. 11.

13     DATED this 20th day of October, 2021.

14                                    DANIEL T. SATTERBERG
                                       King County Prosecuting Attorney
15
                                       By: s/ Ann M. Summers
16                                     ANN M. SUMMERS, WSBA #21509
                                       DAVID J. HACKETT, WSBA #21236
17                                     MARI ISAACSON, WSBA #42945
                                       JANINE JOLY, WSBA #27314
18                                     Senior Deputy Prosecuting Attorneys
                                       Attorneys for Defendants
19                                     1191 Second Avenue, Suite 1700
                                       Seattle, WA 98101
20                                     Phone: (206) 296-0430/Fax: (206) 296-8819
                                       ann.summers@kingcounty.gov
21                                     david.hackett@kingcounty.gov

22

23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on October 20, 2021, I electronically filed the foregoing document

3 with the Clerk of the Court using the CM/ECF E-filing system which will send notification of

4 such filing to the following:

5                          Virginia Person Shogren
                         VIRGINIA SHOGREN PC
6                            961 W Oak Court
                            Sequim, WA 98382
7                          vshogren@gmail.com
        Attorney for Washington Election Integrity Coalition United

8      And I hereby certify that I sent a copy of the foregoing document via US Postal service to

9 the following:

10
                              Doug Basler
11                          Plaintiff, Pro Se
                     1851 Central Place S. Suite 123
12                         Kent, WA  98032

13                         Howard Ferguson
                          Plaintiff, Pro Se
14                        4537 13th Avenue S
                         Seattle, WA  98108
15
                              Diana Bass
16                          Plaintiff, Pro Se
                            PO Box 7364
17                       Bellevue, WA  98008

18                       Timofey Samoylenko
                          Plaintiff, Pro Se
19                        1921 R. Street NE
                         Auburn, WA  98002
20
                              Amy Behope
21                          Plaintiff, Pro Se
                        507 SW 302nd Street
22                     Federal Way, WA  98023

23                          Mary Hallowell
                          Plaintiff, Pro Se

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 20

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

17505 462nd Avenue SE
North Bend, WA  98045

Samantha Bucari
Plaintiff, Pro Se
3546 S. 244th Street
Kent, WA  98032
sbucari2108@gmail.com

Ronald Stewart
Plaintiff, Pro Se
29506 51st Avenue South
Auburn, WA  98001

Lydia Zibin
Plaintiff, Pro Se
254 145th Place SE
Bellevue, WA 98007

Catherine Dodson
Plaintiff, Pro Se
42131 212th Avenue SE
Enumclaw, WA 98022

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 20th day of October, 2021.

*s/Kris Bridgman*
KRIS BRIDGMAN
Paralegal – Litigation Section
King County Prosecuting Attorney's Office

ANSWER TO PLAINTIFFS' COMPLAINT
AND COUNTERCLAIM OF KING COUNTY
DEFENDANTS AND JURY DEMAND - 21

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819