1

2

The Honorable Richard A. Jones
United States District Court Judge

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8

9

10

11

12

13

14

15

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a Washington State
Nonprofit Corporation; DOUG BASLER;
HOWARD FERGUSON; DIANA BASS;
TIMOFEY SAMOYLENKO; AMY BEHOPE;
MARY HALLOWELL; SAMANTHA BUCARI;
RONALD STEWART; LYDIA ZIBIN;
CATHERINE DODSON,

Plaintiffs,

v.

JULIE WISE, Directory of King County
Elections; KING COUNTY, and DOES
1-30, inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:21-cv-01394-RAJ

KING COUNTY DEFENDANTS'
ANSWER TO PLAINTIFFS'
COMPLAINT AND
COUNTERCLAIM AND JURY
DEMAND

16

17

Julie Wise, Director of King County Elections, and King County (hereinafter "King

County Defendants"), in answer to Plaintiffs' Complaint, admit, deny and state as follows:

18

## I.    PARTIES

19

20

21

1.    In answering paragraph 1 of Plaintiffs' Complaint, King County Defendants are

without sufficient information to determine the truth or falsity of the allegations contained

therein, and, therefore, deny the same.

22

23

2.    In answering paragraph 2 of Plaintiffs' Complaint, King County Defendants are without

sufficient information to determine the truth or falsity of the allegations contained therein, and, therefore,

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1    deny the same.

2        3.    In answering paragraph 3 of Plaintiffs' Complaint, King County Defendants

3    admit only that Julie Wise is the elected Director of King County Elections and performs the

4    duties of her office per statute, charter and ordinance.   All other allegations are denied.

5        4.    In answering paragraph 4 of Plaintiffs' Complaint, King County Defendants

6    admit only that King County is a home rule charter county and a political subdivision of the State

7    of Washington.

8                            II.    OVERVIEW

9        5.    In answering paragraph 5 of Plaintiffs' Complaint, King County Defendants

10   admit only that Plaintiff WEICU submitted a records request for ballots to King County

11   Elections.  The remainder of the paragraph contains legal conclusions and argument to which no

12   answer is required.  To the extent that an answer is required, all remaining allegations are denied.

13                    III.    JURISDICTION, VENUE, LIMITATIONS

14       6.    In answering paragraph 6 of Plaintiffs' Complaint, the paragraph contains legal

15   conclusions and argument to which no answer is required.  To the extent that an answer is required, all

16   factual allegations are denied.

17       7.    In answering paragraph 7 of Plaintiffs' complaint, the paragraph contains legal

18   conclusions and argument to which no answer is required.  To the extent that an answer is

19   required, all factual allegations are denied.

20       8.    In answering paragraph 8 of Plaintiffs' complaint, the paragraph contains legal

21   conclusions and argument to which no answer is required.  To the extent that an answer is

22   required, all factual allegations are denied.

23       9.    In answering paragraph 9 of Plaintiffs' Complaint, King County Defendants are

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1  without sufficient information to form a belief as to the truth or falsity of the allegations
2  contained therein and, therefore, deny the same.

3  **IV.   WRONGFUL ACTS:  USE OF UNCERTIFIED VOTING SYSTEM**
4  **RCW 29A.68.013(1) and/or (2)**
5  **(Citizen Plaintiffs v. Director)**

6  10.    In answering paragraph 10 of Plaintiffs' Complaint, King County Defendants
7  incorporate all responses and denials as set forth in the previous paragraphs.

8  11.    In answering paragraph 11 of Plaintiffs' Complaint, King County Defendants
9  deny.

10  12.    In answering paragraph 12, the paragraph contains legal conclusions and
11  argument to which no answer is required.  To the extent that an answer is required, all factual
12  allegations are denied.

13  13.    In answering paragraph 13, the paragraph contains legal conclusions and
14  argument to which no answer is required.  To the extent that an answer is required, all factual
15  allegations are denied.

16  14.    In answering paragraph 14 of Plaintiffs' Complaint, King County Defendants
17  deny.

18  15.    In answering paragraph 15 of Plaintiffs' Complaint, King County Defendants
19  deny.  Election results are certified by the Canvassing Board, not the Director of Elections.

20  **V.   DECLARATORY RELIEF:  USE OF UNCERTIFIED VOTING SYSTEM**
**(Citizen Plaintiffs v. Director)**
21
22  16.    In answering paragraph 16 of Plaintiffs' Complaint, King County Defendants
23  incorporate all responses and denials as set forth in the previous paragraphs.

17.    In answering paragraph 17 of Plaintiffs' Complaint, King County Defendants

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1   deny.

2       18.    In answering paragraph 18 of Plaintiffs' Complaint, King County Defendants

3   admit.

4       19.    In answering paragraph 19 of Plaintiffs' Complaint, the paragraph contains legal

5   conclusions and argument to which no answer is required.  To the extent that an answer is

6   required, all factual allegations are denied.

7   **VI.    EQUITABLE RELIEF:  USE OF UNCERTIFIED VOTING SYSTEM**

8   **(Citizen Plaintiffs v. Director)**

9       20.    In answering paragraph 20 of Plaintiffs' Complaint, King County Defendants

10  incorporate all responses and denials as set forth in the previous paragraphs.

11      21.    In answering paragraph 21 of Plaintiffs' Complaint, the paragraph contains legal

12  conclusions and argument to which no answer is required.  To the extent that an answer is

13  required, all factual allegations are denied.

14      22.    In answering paragraph 22 of Plaintiffs' Complaint, the paragraph contains legal

15  conclusions and argument to which no answer is required.  To the extent that an answer is

16  required, all factual allegations are denied.

17  **VII.    WRONGFUL ACTS:  VOTE FLIPPING, ADDITIONS AND/OR DELETIONS**

18  **RCW 29A.68.013(1) and/or (2)**

19  **(Citizen Plaintiffs v. Director)**

20      23.    In answering paragraph 23 of Plaintiffs' Complaint, King County Defendants

21  incorporate all responses and denials as set forth in the previous paragraphs.

22      24.    In answering paragraph 24 of Plaintiffs' Complaint, King County Defendants

23  admit only that as an elected county officer Julie Wise took and subscribed the oath required by

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1  RCW 36.16.040.  King County Defendants deny any further allegations therein.

2  25.      In answering paragraph 25 of Plaintiffs' Complaint, King County Defendants

3  deny.

4  26.      In answering paragraph 26 of Plaintiffs' Complaint, King County Defendants

5  deny.

6  **VIII.   DECLARATORY RELIEF:  VOTE FLIPPING, ADDITIONS AND/OR**

7  **DELETIONS**

8  **(Citizen Plaintiffs v. Director)**

9  27.      In answering paragraph 27 of Plaintiffs' Complaint, King County Defendants

10  incorporate all responses and denials as set forth in the previous paragraphs.

11  28.      In answering paragraph 28 of Plaintiffs' Complaint, King County Defendants

12  deny.

13  29.      In answering paragraph 29 of Plaintiffs' Complaint, the paragraph contains legal

14  conclusions and argument to which no answer is required.  To the extent that an answer is

15  required, all factual allegations are denied.

16  **IX.      EQUITABLE RELIEF:  VOTE FLIPPING, ADDITIONS AND/OR**

17  **DELETIONS**

18  **(Citizen Plaintiffs v. Director)**

19  30.      In answering paragraph 30 of Plaintiffs' Complaint, King County Defendants

20  incorporate all responses and denials as set forth in the previous paragraphs.

21  31.      King County Defendants make no response to paragraph 31 as it appears to

22  contain legal conclusions and argument for which no response is required.  However, to the

23  extent factual allegations are intended, all allegations therein are denied.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

32.     King County Defendants make no response to paragraph 32 as it appears to contain legal conclusions and argument for which no response is required.  However, to the extent factual allegations are intended, all allegations therein are denied.

## X.  WRONGFUL ACTS:  PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

33.     In answering paragraph 33 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

34.     In answering paragraph 34 of Plaintiffs' Complaint, King County Defendants deny.

## XI.     DECLARATORY RELIEF:  PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

35.     In answering paragraph 35 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

36.     In answering paragraph 36 of Plaintiffs' Complaint, King County Defendants deny.

37.     In answering paragraph 37 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

## XII.    EQUITABLE RELIEF:  PARTY PREFERENCE

### (Citizen Plaintiffs v. Director)

38.     In answering paragraph 38 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 6

39.     King County Defendants make no response to paragraph 39 as it appears to contain legal conclusions and argument for which no response is required.  However, to the extent factual allegations are intended, all allegations therein are denied.

40.     King County Defendants make no response to paragraph 40 as it appears to contain legal conclusions and argument for which no response is required.  However, to the extent factual allegations are intended, all allegations therein are denied.

### XIII.   WRONGFUL ACTS:  BALLOT SECURITY

### RCW 29A.68.013(1) and/or (2)

### (Citizen Plaintiffs v. Director)

41.     In answering paragraph 41 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

42.     In answering paragraph 42 of Plaintiffs' Complaint, King County Defendants deny.

### XIV.   DECLARATORY RELIEF:  BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

43.     In answering paragraph 43 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

44.     Answering paragraph 44 of Plaintiffs' Complaint, King County Defendants deny.

45.     Answering paragraph 45 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

### XV.    EQUITABLE RELIEF:  BALLOT SECURITY

### (Citizen Plaintiffs v. Director)

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

46.   In answering paragraph 46 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

47.   King County Defendants make no response to paragraph 47 as it appears to contain legal conclusions and argument for which no response is required.  However, to the extent factual allegations are intended, all allegations therein are denied.

48.   King County Defendants make no response to paragraph 48 as it appears to contain legal conclusions and argument for which no response is required.  However,  to the extent factual allegations are intended, all allegations therein are denied.

## XVI.   PUBLIC RECORDS ACTION

**RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110**

**(Plaintiff WEICU v. Director and County)**

49.   In answering paragraph 49 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

50.   King County Defendants make no response to paragraph 50 as it appears to contain legal conclusions and argument for which no response is required.  However, to the extent that factual allegations are intended, all allegations therein are denied.

51.   In answering paragraph 51 of Plaintiffs' Complaint, King County Defendants admit only that WEICU's records request was denied in part.  The remainder of the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

52.   In answering paragraph 52 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

53.     In answering paragraph 53 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

54.     In answering paragraph 54 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

55.     In answering paragraph 55 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

56.     In answering paragraph 56 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

## XVII.  DECLATORY RELIEF:  VIOLATION OF CONSTITUTIONAL RIGHTS

## WA STATE CONSTITUTION ART. I, § 1, § 2, § 3, § 12, § 19, § 29; ART. VI, § 6,

## US CONSTITUTION AMENDMENTS I, XIV

### (Citizen Plaintiffs v. Director)

57.     In answering paragraph 57 of Plaintiffs' Complaint, King County Defendants only that incorporate all responses and denials as set forth in the previous paragraphs.

58.     In answering paragraph 58 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 9

59.     In answering paragraph 59 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

60.     In answering paragraph 60 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

61.     In answering paragraph 61 of Plaintiffs' Complaint, King County Defendants deny.

a.     In answering paragraph 61(a) of Plaintiffs' Complaint, King County Defendants deny.

b.     In answering paragraph 61(b) of Plaintiffs' Complaint, King County Defendants deny.

c.     In answering paragraph 61(c ) of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

d.     In answering paragraph 61(d) of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

e.     In answering paragraph 61(e) of Plaintiffs' Complaint, King County Defendants deny.

f.     In answering paragraph 61(f) of Plaintiffs' Complaint, King County Defendants deny.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 10

62.     In answering paragraph 62 of Plaintiffs' Complaint, King County Defendants incorporate their answers to paragraphs 61(a) – (f) above.

63.     In answering paragraph 63 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

## XVIII.  INJUNCTIVE RELIEF:  VIOLATIONS OF CONSTITUITIONAL RIGHTS

### (Citizen Plaintiffs v. Director)

64.     In answering paragraph 64 of Plaintiffs' Complaint, King County Defendants incorporate all responses and denials as set forth in the previous paragraphs.

65.     In answering paragraph 64 of Plaintiffs' Complaint, the paragraph contains legal conclusions and argument to which no answer is required.  To the extent that an answer is required, all factual allegations are denied.

66.     In answering paragraph 66 of Plaintiffs' Complaint, King County Defendants deny.

a.     In answering paragraph 66(a) of Plaintiffs' Complaint, King County Defendants deny.

b.     In answering paragraph 66(b) of Plaintiffs' Complaint, King County Defendants deny.

c.     In answering paragraph 66(c) of Plaintiffs' Complaint, King County Defendants deny.

d.     In answering paragraph 66(d) of Plaintiffs' Complaint, King County Defendants deny.

### XIX.   DAMAGES FOR CIVIL RIGHTS VIOLATION

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

**42 USC §1983, §1988**

2      67.      In answering paragraph 67 of Plaintiffs' Complaint, King County Defendants

3    incorporate all responses and denials as set forth in the previous paragraphs.

4      68.      In answering paragraph 68 of Plaintiffs' Complaint, the paragraph contains legal

5    conclusions and argument to which no answer is required.  To the extent that an answer is

6    required, all factual allegations are denied.  The language of 42 U.S.C. §1983 speaks for itself.

7      69.      In answering paragraph 69 of Plaintiffs' Complaint, King County Defendants

8    admit only that in performing her duties as Elections Director, Defendant Wise was acting under

9    color of state law.  King County Defendants deny any further allegations therein.

10      70.      In answering paragraph 70 of Plaintiffs' Complaint, King County Defendants

11    deny.

12      71.      Answering paragraph 71 of Plaintiffs' Complaint, King County Defendants deny.

13                **XX.    DEMAND FOR JURY TRIAL**

14      72.      In answering paragraph 72 of Plaintiffs' Complaint, the paragraph contains legal

15    conclusions and argument to which no answer is required.  To the extent that an answer is

16    required, all factual allegations are denied.

17                **XXI.   RELIEF SOUGHT**

18      In answering section XXI, paragraphs 1-4, 5 (a)-(d), 6-7, 8 (a)-(d), 9 and 10 of Plaintiffs'

19    prayer for relief on pages 17 through 19 of Plaintiffs' Complaint, King County Defendants deny

20    that Plaintiffs are entitled to any of the relief sought.

21      BY WAY OF FURTHER ANSWER and AFFIRMATIVE DEFENSES, and without

22    admitting anything previously denied, defendant King County states as follows:

23      1.      Plaintiffs' claims are moot.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1    2.    Plaintiffs' have failed to exhaust remedies provided by statute.

2    3.    Plaintiffs lack standing.

3    4.    Plaintiffs' claims are preempted by federal law.

4    5.    Plaintiffs' claims are barred by applicable statutes of limitation.

5    6.    Plaintiffs' claims are barred by the doctrine of laches.

6    7.    Plaintiffs have failed to state a claim upon which relief may be granted.

7    8.    Defendants at all times acted in good faith in the performance of duties and are

8          therefore immune from suit and entitled to discretionary immunity and/or

9          qualified immunity for the matters alleged in the Plaintiffs' complaint.

10   9.    King County is not liable for pre-judgment interest because the State of

11         Washington, of which King County is a political subdivision, has no consented to

12         such pre-judgment interest. RCW 4.56.115.

13   King County Defendants reserve the right to amend this Answer, including these

14   affirmative defenses, if and when additional facts are discovered which support such

15   amendments.

16               **<u>COUNTERCLAIM BY JULIE WISE AND KING COUNTY</u>**

17        **Request for Declaratory Relief Under RCW 42.56.070 (Public Records Act)**

18   King County Elections Director Julie Wise and King County assert the following

19   counterclaim:

20                              **I.    PARTIES**

21   1.    Julie Wise is the elected Director of King County Elections and an individual who

22         resides in the Western District of Washington.

23   2.    King County is a home rule charter county located in the Western District of

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1    Washington and a political subdivision of the State of Washington.

2    3.    Plaintiffs have alleged that they are individuals who reside in the Western District

3          of Washington.

4                    **II.    JURISDICTION AND VENUE**

5    4.    This Court has discretion to exercise supplemental jurisdiction over this state law

6          claim.

7    5.    Venue is proper in the Western District of Washington.

8                    **III.    FACTUAL ALLEGATIONS**

9    6.    Article VI, § 6 of the Washington Constitution provides, "All elections shall be by

10         ballot. The legislature shall provide for such method of voting as will secure to

11         every elector absolute secrecy in preparing and depositing his ballot."  This broad

12         mandate requires broad protection of ballots and ballot materials in Washington.

13   7.    The Civil Rights Act of 1960, codified as 52 U.S.C. §§ 20701-20706, requires

14         local election officials to retain and preserve all records relating to any act

15         requisite to voting for 22 months after the conduct of any general election at

16         which citizens vote for President or a member of Congress.  The purpose of the

17         Civil Rights Act retention requirements was to secure a more effective protection

18         of the right to vote by ensuring that records are available to allow the Department

19         of Justice to investigate and prosecute civil or criminal election matters under

20         federal law.  The records must be retained physically or under local officials'

21         direct administrative supervision.

22   8.    Under their constitutional authority to protect the secrecy of the ballot, the

23         Washington Legislature has adopted a comprehensive scheme governing elections

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 14

1    which balances election security and secrecy of the ballot with transparency.

2    Washington law provides specific ways in which the election process is subject to

3    public oversight, including but not limited to requiring auditors to:  maintain

4    records of voters issued a ballot and who returned a ballot available for public

5    inspection (RCW 29A.40.130); maintain cumulative precinct returns as public

6    records (RCW 29A.60.070); and make counting centers open to the public (RCW

7    29A.60.170(2)).  The legislative scheme allows a group of five or more registered

8    voters to request a recount within a specified time period (RCW 29A.64.011),

9    requires recount proceedings to be public (RCW 29A.64.030), requires an audit

10   prior to certification (RCW 29A.60.185), and requires a reconciliation report that

11   is publicly available (RCW 29A.60.235).  However, this comprehensive scheme

12   protects ballots by prohibiting any member of the public from touching a ballot

13   during the counting process or recount (RCW 29A.60.170(2), 29A.64.041(1)) and

14   requiring ballots to be sealed in containers immediately after tabulation (RCW

15   29A.60.110(1)), and prohibiting the unsealing of the ballot containers except by

16   the canvassing board, to conduct a recount, random check or audit as authorized

17   by statutes or by order of the superior court in a contest or election dispute (RCW

18   29A.60.110(2)).

19   9.    Pursuant to RCW 42.56.070(1), Washington's Public Records Act requires

20   government agencies to make public records available unless exempted by that

21   Act or "other statute which exempts or prohibits disclosure of specific

22   information or records."

23   10.    Washington courts have repeatedly held that ballots and ballot images are exempt

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1     from public disclosure under the Public Records due to the provisions of Article

2     VI, § 6 of the Washington Constitution, the comprehensive scheme set forth in

3     Title 29A RCW and regulations adopted by the secretary of state under express

4     legislative authority.  *White v. Clark County*, 188 Wash. App. 622, 627, 354 P.3d

5     38, 40  (2015), review denied, 185 Wash.2d 1009 (2016); *White v. Skagit County*,

6     188 Wash. App. 886, 355 P.3d 1178 (2015), review denied, 185 Wash.2d 1009

7     (2016); *White v. Clark County*, 199 Wash. App. 929, 934, 401 P.3d 375, 378

8     (2017)*,* review denied, 189 Wash.2d 1031 (2018).

9     11.     Under Washington's current mail voting, pursuant to RCW 29A.40.091, all

10          ballots must be accompanied by a declaration that the voter must sign.  The voter

11          must swear under penalty of perjury that he or she meets the qualifications to vote

12          and has not voted in any other jurisdiction at this election.  The voter must sign

13          the "ballot declaration" and may provide contact information such as an email

14          address or phone number.  Pursuant to RCW 29A.40.100(3), upon receipt of

15          ballot materials the county auditor must verify based on statewide standards that

16          the signature on the "ballot declaration" is the same as the signature of that voter

17          in the registration files.  Ballots are not processed unless the signature is verified.

18     12.     Pursuant to RCW 29A.08.710(1), the voter registration form is considered

19          confidential and unavailable of public inspection and copying.  Pursuant to RCW

20          29A.08.710(2), voter's names, address, political jurisdiction, gender, date of birth,

21          voting record and date of registration are available for public inspection and

22          copying, but no other information from the voter registration records or files,

23          including signatures, is available for public inspection or copying.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 16

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

13. Title 29A RCW serves as a comprehensive scheme restricting access to ballots, ballot images, ballot materials and voter signatures.

14. Pursuant to RCW 42.56.420(7), certain information relating to election security is exempt from public disclosure including records containing information about election security the public disclosure of which may increase risk to integrity of election operations. Another statute, RCW 42.56.540, allows a court to enjoin the release of public records when an examination "would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions."

15. On August 30, 2021, King County Elections received a public records request from Washington Election Integrity Coalition United, a nonprofit corporation, for disclosure of "original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes and returned ballots for the November 3, 2020 General Election."

16. Original ballots, ballot images, spoiled ballots and voter signatures contained in ballot declarations are exempt from public inspection and/or copying.

17. The release of voter signatures compromises the integrity and security of future Washington elections.

18. The release of voter signatures, which can be used to undermine and invalidate future Washington elections would substantially and irreparably damage vital governmental functions.

19. The release of voter signatures would clearly not be in the public interest and would substantially and irreparably damage voters.

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 17

1

## IV.    COUNTERCLAIM – DECLARATORY RELIEF

2    20.    King County Defendants re-allege paragraphs 1 through 19.

3    21.    An actual and justiciable case and controversy exists between the Plaintiffs and

4            Director Wise and King County regarding the request for public disclosure of

5            ballots, ballot images and ballot envelopes containing voter signatures.  Director

6            Wise and King County will suffer a concrete and imminent injury that is causally

7            connected to Plaintiffs' action.  This injury can be redressed with a favorable

8            decision.  The parties' rights and interests are direct and substantial, and the

9            determination of the parties' rights and interests will resolve the dispute.  The

10           issues that exist between the parties are genuinely adversarial in character.

11   22.    Director Wise and King County are entitled to a declaratory judgment in their

12           favor that provides that ballots, ballot images and ballot envelopes containing

13           voter signatures are exempt from public disclosure under the Public Records Act

14           because nondisclosure is required by Washington's constitution and its

15           comprehensive election scheme to protect the secrecy of the ballot and to ensure

16           election security and the integrity of election operations.

17   ## V.    COUNTERCLAIM – INJUNCTIVE RELIEF UNDER RCW 42.56.540

18   23.    King County Defendants re-allege paragraphs 1 through 19.

19   24.    The release of ballots, ballot images and ballot envelopes containing voter

20           signatures to WEICU would clearly not be in the public interest and would

21           substantially and irreparably damage any person, or would substantially and

22           irreparably damage vital governmental functions.

23   25.    Such a release of ballots, ballot images and ballot envelopes containing voter

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 18

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1    signatures would cause King County and its voters irreparable harm where any

2    available legal remedies would be inadequate to redress that harm

3    26.    The interests of King County and its voters in election integrity and security, as

4    well as the security and secrecy of voting materials under the Washington

5    Constitution, far outweigh any hardship faced by WEICU, thereby meriting

6    issuance of an injunction.

7    27.    The public interest would not be disserved by a permanent injunction.

8                        **VI.    RELIEF SOUGHT**

9    Having stated their claim against Plaintiffs, Director Julie Wise and King County

10    pray for the following relief:

11    1.    For an order by the Court declaring that, as a matter of law, Director Wise and King

12    County cannot release ballots, ballot images or ballot envelopes containing voter

13    signatures for public inspection or copying;

14    2.    For a permanent injunction under RCW 42.56.540 precluding WEICU from obtaining

15    ballots, ballot images and ballot envelopes containing voter signatures; and

16    3.    For any and all such further relief as the County may deem equitable and just.

17    WHEREFORE, King County Defendants pray that Plaintiffs take nothing by their

18    Complaint, that the Complaint be dismissed with prejudice, that King County Defendants be

19    awarded declaratory relief, injunctive relief and such further relief as the Court deems just and

20    equitable.

21    //

22    //

23    //

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 19

1    DATED this 20th day of October,  2021.

2                                    DANIEL T. SATTERBERG
                                     King County Prosecuting Attorney
3

4                                    By: *s/Ann M. Summers*
                                     ANN M. SUMMERS, WSBA #21509
5
                                     By: *s/David J. Hackett*
6                                    DAVID J. HACKETT, WSBA #21236

7                                    By: *s/Mari Isaacson*
                                     MARI ISAACSON, WSBA #42945
8
                                     Senior Deputy Prosecuting Attorneys
9                                    Attorneys for Defendants
                                     1191 Second Avenue, Suite 1700
10                                   Seattle, WA 98101
                                     Phone: (206) 296-0430/Fax: (206) 296-8819
11                                   ann.summers@kingcounty.gov
                                     david.hackett@kingcounty.gov
12                                   mari.isaacson@kingcounty.gov

13

14

15

16

17

18

19

20

21

22

23

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 20

1

2

## **CERTIFICATE OF SERVICE**

3       I hereby certify that on October 20, 2021, I electronically filed the foregoing document

4   with the Clerk of the Court using the CM/ECF E-filing system which will send notification of

5   such filing to the following:

6                                 Virginia Person Shogren
                                   VIRGINIA SHOGREN PC
7                                      961 W Oak Court
                                      Sequim, WA 98382
8                                   vshogren@gmail.com
9            Attorney for Washington Election Integrity Coalition United

           And I hereby certify that I sent a copy of the foregoing document via US Postal service to
10
    the following:
11
                                        Doug Basler
12                                    Plaintiff, Pro Se
                               1851 Central Place S. Suite 123
13                                    Kent, WA  98032

14                                   Howard Ferguson
                                      Plaintiff, Pro Se
15                                  4537 13th Avenue S
                                     Seattle, WA  98108
16
                                        Diana Bass
17                                    Plaintiff, Pro Se
                                       PO Box 7364
18                                  Bellevue, WA  98008

19                                  Timofey Samoylenko
                                      Plaintiff, Pro Se
20                                    1921 R. Street NE
                                      Auburn, WA  98002
21
                                        Amy Behope
22                                    Plaintiff, Pro Se
                                  507 SW 302nd Street
23                                Federal Way, WA  98023

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 21

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Mary Hallowell
Plaintiff, Pro Se
17505 462nd Avenue SE
North Bend, WA  98045

Samantha Bucari
Plaintiff, Pro Se
3546 S. 244th Street
Kent, WA  98032
sbucari2108@gmail.com

Ronald Stewart
Plaintiff, Pro Se
29506 51st Avenue South
Auburn, WA  98001

Lydia Zibin
Plaintiff, Pro Se
254 145th Place SE
Bellevue, WA 98007

Catherine Dodson
Plaintiff, Pro Se
42131 212th Avenue SE
Enumclaw, WA 98022

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 20th day of October, 2021.

s/Kris Bridgman
KRIS BRIDGMAN
Paralegal – Litigation Section
King County Prosecuting Attorney's Office

ANSWER AND COUNTERCLAIM
AND JURY DEMAND OF
KING COUNTY DEFENDANTS - 22