The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON,<br><br>Plaintiffs,<br><br>v.<br><br>JULIE WISE, Directory of King County Elections; KING COUNTY, and DOES 1-30, inclusive,<br><br>Defendants. | No. 2:21-cv-01394-JCC<br><br>KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11<br><br>*Noted for: December 3, 2021* |

## I. IDENTIFY OF MOVING PARTY AND RELIEF REQUESTED

Spurious and destructive allegations about election integrity attack the heart of our democracy. Making such allegations "without a valid legal basis or serious independent personal investigation into the facts [is] the height of recklessness." *O'Rourke v. Dominion Voting Sys. Inc.*, ___ F. Supp. 3d ___, 2021 WL 3400671, at *24 (D. Colo. Aug. 3, 2021). The misuse of the courts to perpetuate groundless conspiracy theories about the 2020 election like those proffered by Plaintiffs has caused two federal courts to impose sanctions under Fed. R. Civ. P. 11. *See Id.* (sanctions awarded because election "lawsuit was filed with a woeful lack of investigation into

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

the law and (under the circumstances) the facts"); *King v. Whitmer*, __ F. Supp. 3d ___, 2021 WL 3771875, at *1 (E.D. Mich. Aug. 25, 2021) (imposing sanctions on plaintiff's attorneys, Sidney Powell and others, for "a historic and profound abuse of the judicial process"). Because Plaintiffs have each signed and verified a complaint predicated on legal theories and factual averments[1] that blatantly violate Fed. R. Civ. P. 11, Julie Wise and King County ("King County Defendants") respectfully request imposition of sanctions under Rule 11 against each Plaintiff personally.

## II. FACTS

Seeking to perpetuate the "Big Lie" that has recently infected American civic life,[2] Plaintiffs' complaint alleges that Elections Director Julie Wise and King County engaged in a nefarious plot to rig the 2020 general election. Throughout their conspiracy-laden complaint, Plaintiffs allege that Director Wise used "an uncertified voting system, allowing or facilitating

---

[1] The complaint identifies certain legal claims as being brought by "Citizen Plaintiffs v. Director," while the claim under Washington's Public Records Act ("PRA"), chapter 42.56 RCW is brought solely by "Plaintiff WEiCU v. Director and County." Although Plaintiff WEICU does not join the legal claims raised by the individual Plaintiffs, it does specifically join all factual averments made in the complaint. Dkt. 1-1 at 12 (Complaint ¶49). WEICU Director Tamborine Borrelli, signed the entire complaint and personally swore to its veracity. *Id.* at 20, 23. WEICU attorney Virginia Shogren confirmed during the meet and confer that her client had joined the factual allegations in the complaint. Dkt. ___ (Hackett Decl. ¶4). Ms. Shogren has actively argued those allegations and has not filed an amended complaint since joining the case. *See* Dkt. 12 (WEICU remand motion), 12-1 (Shogren declaration). As such, this motion is brought against all Plaintiffs in this action.

[2] The Big Lie refers to efforts by former President Trump and others to claim that the 2020 election was stolen from him despite overwhelming evidence to the contrary. *See generally* Zachary B. Wolf, *The 5 Key Elements of Trump's Big Lie and How It Came to Be*, CNN (May 19, 2021) (last accessed on 10/15/2021 at https://www.cnn.com/2021/05/19/politics/donald-trump-big-lie-explainer/index.html); Alison Durkee, *"Big Lie" Election Audits Go On After Arizona: Here's What's Happening in Wisconsin, Pennsylvania-And Now Texas,"* Forbes (Sept. 26, 2021 (Last accessed on 10/18/2021 at https://www.forbes.com/sites/alisondurkee/2021/09/26/big-lie-election-audits-go-on-after-arizona-heres-whats-happening-in-wisconsin-pennsylvania-and-now-texas/?sh=2d4fe6132f43).

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430 Fax (206) 296-8819

vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification." Dkt. 1-1 at 3 (Complaint ¶5). None of Plaintiffs assert any personal knowledge in support of the complaint's rash allegations. Instead, they assert that that they "are informed and believe and theron allege . . . ." *E.g., id.* at ¶¶ 14, 15, 18, 25, 26, 34.

Despite a lack of any personal knowledge or other competent proof, Plaintiffs directly accuse Director Wise of serious malfeasance, if not criminal offenses:

- "Plaintiffs are further informed and believe and thereon allege, that in November 2020, Director personally certified the County's tabulation results generated by Uncertified Voting System for the Election, and that such act was in further error or neglect under state and federal law." *Id.* at ¶15.

- "Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election." *Id.* at ¶25

- "Plaintiffs are informed and believe and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. *Plaintiffs are informed and believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Director*." *Id.* at ¶26 (emphasis added).

- "Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1)

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by Party preference." *Id.* at ¶34.

- "Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors, and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter alia*, space for insertion and/or removal of original ballots." *Id.* at ¶ 42.

Based on these allegations, Plaintiffs seek damages and injunctive relief on various federal and state constitutional theories, as well as damages under 42 U.S.C. §1983.

Plaintiffs essentially admit that they chose to file their complaint without evidence to support their allegations even though such evidence might very well refute their claims:

> Plaintiff WEICU issued a records request for ballots ***to confirm or deny*** the conduct and seeks a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110, for a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots.

Dkt. 1-1 at 3 (Complaint ¶5; emphasis added). In later portions of their complaint, Plaintiffs aver that they have not received these ballots (*Id.* at 12-13 (Complaint ¶¶50-55), but apparently opted to file the lawsuit anyway.

Likewise, all Plaintiffs decided to verify their complaint under penalty of perjury. Each Plaintiff has filed the same verification form, which plainly indicates the limits of their knowledge and the inadequacy of their inquiry despite the serious circumstances of this case. Importantly, they admit that they have no personal knowledge apart from what they have been told: "I am informed and believe that the matters stated [in the complaint] are true and correct

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430 Fax (206) 296-8819

and on that ground I allege that the matters stated therein are true." *Id.* (Complaint at pp. 22-27). In essence, Plaintiffs swear to the allegations in the complaint merely because someone told them that the allegations were true and they believed that person.

On November 15, 2021, Defendants scheduled and participated in a meet and confer videoconference with Plaintiffs before filing this motion. Dkt. ___ (Hackett Decl. ¶3). In accord with the 21-day "safe harbor" provision in Rule 11(c), King County Defendants provided an advance copy of this Rule 11 motion by mail to Plaintiffs on October 22, 2021. *Id.* at ¶2. One Plaintiff, Amy Behope, dismissed her claims by stipulation, but the remaining Plaintiffs have opted to continue with this matter and not amend any legal claims or factual averments in the complaint.

## III. ISSUES

Should this Court impose sanctions against each Plaintiff personally under Rule 11 for the non-PRA claims in the complaint when each plaintiff signed and verified the complaint in violation of Rule 11(b)?[3]

## IV. LEGAL ARGUMENT

### A. RULE 11 APPLIES TO PRO SE PARTIES.

By its terms, Rule 11 applies to both attorneys and "unrepresented parties" who sign and file pleadings and other papers with the court. Fed. R. Civ. P. 11(b). As such, courts have applied Rule 11 "to *pro se* plaintiffs in assessing both the reasonableness of the behavior and the appropriate measure of sanctions." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). *See*

---

[3] To be clear, the King County Defendants do not seek sanctions arising from Plaintiff WEICU's PRA claims. Although incorrect as a matter of law, the PRA claims do not meet the Rule 11 standards of legal frivolity. WEICU's violation of the rule is solely the result of incorporating the factual claims in the complaint that are unrelated to the PRA claim.

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

*also W.V. ex rel. N.V. v. Encinitas Union Sch. Dist.*, 289 F.R.D. 308, 312 (S.D. Cal. 2012) (pro se litigants subject to sanctions).  Application of Rule 11 sanctions to pro se plaintiffs is especially appropriate in cases that advance election conspiracy claims in order to prevent pro se plaintiffs from operating as "cat's paws" for unscrupulous attorneys.[4]

When signing a pleading, a person "certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*" that:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** *the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law*;
> **(3)** *the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery*; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Id.* (emphasis added).  Each person who signs a complaint has a "'personal, nondelegatable responsibility' to comply with the requirements of Rule 11 before signing a complaint." *O'Rourke*, 2021 WL 3400671, at *11 (*quoting Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 127, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989)).

If a person signs and files a pleading in violation of Rule 11, "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Rule 11(c)(1).  However, Rule 11 provides the opportunity for an offending party to correct their error without facing a sanction.  In accord with Rule 11(c) "safe harbor" provisions, King

---

[4] Attorneys who have advanced similar complaints in court have faced disciplinary proceedings. For example, attorney Rudolph Giuliani has been suspended from the practice of law in New York state for communicating "demonstrably false and misleading statements to courts, lawmakers and the public at large in his capacity as a lawyer . . . in connection with [former President] Trump's failed effort at reelection in 2020." *In re the matter of Giuliani*, No. 2021-00506 at p. 2 (N.Y App. Div. May 3, 2021).

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

County Defendants served each Plaintiff with an advance copy of this motion and waited 21 days before filing the motion with the court. Dkt. ___ (Decl. of Hackett ¶2). Each Plaintiff had the opportunity to avoid sanctions by bringing themselves into compliance with Rule 11.[5] *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638–39 (9th Cir. 2010) ("Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion.").

The Ninth Circuit has explained the test for determining when a *complaint* is filed in violation of Rule 11:

> When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir.2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir.1996).

*Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005). Rule 11 sanctions are governed by "an objective standard of reasonable inquiry." *de Borja v. Razon*, 336 F.R.D. 620, 631 (D. Or. 2020). "Not all of a complaint's claims must be frivolous for Rule 11 sanctions to be appropriate." *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1080 (D. Or. 2010). Here, Plaintiff's complaint violates this standard.

**B.   THE INDIVIDUAL PLAINTIFFS HAVE VIOLATED RULE 11 BECAUSE THEY HAVE NO COLORABLE LEGAL BASIS FOR STANDING.**

The legal claims raised by individual Plaintiffs are baseless. They filed their claims despite substantial authority that they lack standing. Any reasonable and competent Plaintiffs'

---

[5] The Court also has authority to sanction both litigants and attorneys under its inherent power. *de Borja v. Razon*, 336 F.R.D. 620, 631 (D. Or. 2020).

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

inquiry should have revealed this authority. Even a cursory review of similar election conspiracy cases quickly demonstrates that the claims presented in this case fail for lack of standing. As pointed out in *O'Rourke* – a case that was available when Plaintiffs filed their complaint - "[t]he most patent deficiency in Plaintiffs' wide-ranging, scatter-shot Complaint was the individual Plaintiffs' lack of standing." 2021 WL 3400671, at *6–7. *Accord King v. Whitmer*, 2021 WL 3771875, at *20 (plaintiffs' claims barred by standing). Indeed, a "'veritable tsunami' of adverse precedent" precludes the individual Plaintiffs' standing to bring their complaint, which raises only generalized complaints about the 2020 general election that are equally applicable to every registered voter and impacted individual Plaintiffs in the same way. *O'Rourke*, 2021 WL 3400671, at *8. Because individual Plaintiffs can claim no individualized injury different from other voters, their complaint is legally deficient under Rule 11 for lack of standing and their lack of any reasonable inquiry into the law merits sanctions.

## C.    ALL PLAINTIFFS FAILED TO MAKE AN ADEQUATE FACTUAL INQUIRY

Similarly, Plaintiffs' complaint is factually baseless and unsupported by any reasonable and competent inquiry into facts. Under Rule 11, a plaintiff is required to make an inquiry into the factual basis of a complaint that is "reasonable under the circumstances." As pointed out in *O'Rourke*, a person making a reasonable inquiry into the facts should have been on notice that generalized allegations of election rigging and fraud are suspect:

> Plaintiffs' counsel should have been on notice as to the serious, publicly reported doubts as to the validity of election-rigging or election fraud allegations, and the associated importance of conducting extensive, objective, and independent due diligence before filing. Given the circumstances of this case, it was not enough to merely accept as true (or potentially true) what might be stated in the media, what had been pushed out over the Internet, or even what was included in other lawsuits filed around the country. *Some effort at independent verification by the lawyers who signed the Complaint was required*.

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

2021 WL 3400671, at *15 (emphasis added). The "circumstances" surrounding conspiratorial allegations toward the officials who conducted the 2020 general election involve a former President who refused to concede an election that he lost, who actively worked with his allies to undermine American democracy in order to disrupt and challenge future elections, and who incited an insurrection at the Capitol. *Id.* at *22

These circumstances require a heightened degree of due diligence before alleging the misconduct of election officials regarding a long-certified election: "Given the volatile political atmosphere and highly disputed contentions surrounding the election both before and after January 6, 2021, *circumstances mandated that Plaintiffs' counsel perform heightened due diligence, research, and investigation before repeating in publicly filed documents the inflammatory, indisputably damaging, and potentially violence-provoking assertions about the election having been rigged or stolen.*" *Id.* at *23 (emphasis added). Plaintiffs, who affirmatively chose to wade into these murky and fetid waters, failed a normal inquiry into the facts, much less the heightened one that was reasonable and competent under the circumstances. *See generally* Lewis and Sparks, *In Defense of the Foundation Stone: Deterring Post-Election Abuse of the Legal Process*, 55 Ga L. Rev. 1649 (Summer 2021) ("Rule 11 sanctions, statutory remedies, and other consequences must be employed when litigants baselessly challenge election results, or the courts will find themselves regularly enlisted in efforts to confer false legitimacy on misinformation campaigns.").

1. **Contrary to Rule 11, Plaintiffs Admit that they Lack Any Personal Knowledge of Their Allegations**.

As noted above, Plaintiffs' sworn verifications disavow any personal knowledge and instead rely on what some unspecified and unnamed persons have told them. This is consistent with the averments in the complaint, which similarly claim no instances of personal knowledge

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

by any Plaintiff. Without personal knowledge or any investigation into actual facts, Plaintiffs' allegations amount to nothing more than rumor and innuendo. *See O'Rourke,* 2021 WL 3400671, at *28 ("Affidavits from one hundred fifty new plaintiffs who lacked personal knowledge of any election fraud or conspiracy between Defendants, and who suffered no particularized injury, added nothing to the lawsuit."). An objectively reasonable factual inquiry under Rule 11 requires far more than simply being told something by someone and believing that it's true.

2. **Rule 11 Does Not Allow a Plaintiff to Proceed on Their "Beliefs" Alone.**

Both in the complaint and in their verifications, Plaintiffs acknowledge that the allegations in the complaint merely constitute their personal "beliefs." However, "an 'empty-head' but 'pure-heart' does not justify lodging patently unsupported factual assertions." *King v. Whitmer*, supra, *2021* WL 3771875 at *24. Plaintiffs have undertaken no factual inquiry, much less a reasonable one. As a result, they should be sanctioned for filing a complaint in violation of Rule 11. *See In re Kunstler*, 914 F.2d 505, 515–16 (4th Cir. 1990) (representing allegations in a complaint as "beliefs" does not avoid Rule 11 sanctions.).

3. **Plaintiffs Violated Rule 11 By Filing a Complaint Where Factual Allegations Are Based on a Planned Future Review of Ballots That is Foreclosed by Binding Precedent.**

In their complaint, Plaintiffs freely admit that *they cannot prove their core allegations of election fraud without access to the ballots* from the 2020 election. Dkt. 1-1 at 3 (Complaint at ¶5). They cite non-Washington law to claim that the ballots "are public records and subject to inspection." *Id.* at ¶55. However, binding Washington precedent completely forecloses Plaintiffs' access to the ballots and their so-called "audit."[6] Tabulated ballots are not subject to

---

[6] Subject to strict time limits, Washington law allows orderly challenges to election results. For

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430 Fax (206) 296-8819

public disclosure under the PRA. *White v. Clark Cty.*, 199 Wash. App. 929, 934, 401 P.3d 375, 378 (2017), *rev. denied* 189 Wn.2d 1031 (2018). Because *White* is controlling law, Plaintiffs' decision to make wild allegations of election fraud by Director Wise that they can only prove or disprove with ballots that are unavailable to them is objectively unreasonable. *See In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990) ("The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis.").

## V. CONCLUSION

Plaintiffs' complaint alleging serious misconduct in the conduct of the 2020 general election violates the requirements of Rule 11. This court should follow District Judges in Colorado and Michigan by sanctioning this behavior. Plaintiffs should be held jointly and severally liable for attorney fees and costs incurred by King County in this matter in defending against Plaintiffs' non-PRA claims.

DATED this 18th day of November, 2021.

> DANIEL T. SATTERBERG
> King County Prosecuting Attorney
>
> By: *s/ David Hackett*
> ANN SUMMERS, WSBA #21509
> DAVID J. HACKETT, WSBA #21236
> Senior Deputy Prosecuting Attorney
> Attorneys for Defendants
> 1191 Second Avenue, Suite 1700
> Seattle, WA 98101
> Phone: (206) 296-0430/Fax: (206) 296-8819
> david.hackett@kingcounty.gov

---

example, a recount under statutory procedures may be requested within two business days after the county canvassing board has declared the official results of an election. RCW 29A.64.011. No later than 10 days following election certification, an elector may contest an election by initiating a court proceeding by affidavit and claiming a wrongful act, neglect or error by elections officials. RCW 29A.68.013. Plaintiffs' request for their own "audit" falls well outside these statutory procedures and statutory limitations periods.

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send notification of such filing to the following:

Virginia P. Shogren
Virginia P. Shogren, P.C.
961 W. Oak Court
Sequim, WA 98382
vshogren@gmail.com
WEiCUattorney@protonmail.com
Counsel for Washington Election Integrity Coalition United

Kevin J. Hamilton, WSBA No. 15648
Amanda J. Beane, WSBA No. 33070
Reina A. Almon-Griffin, WSBA No. 54651
Nitika Arora, WSBA No. 54084
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
KHamilton@perkinscoie.com
ABeane@perkinscoie.com
RAlmon-Griffin@perkinscoie.com
NArora@perkinscoie.com
Attorneys for Intervenor Washington State Democratic Central Committee

And I hereby certify that I sent a copy of the document via US Postal service to the following:

Doug Basler
Plaintiff, Pro Se
1851 Central Place S. Suite 123
Kent, WA 98032

Howard Ferguson
Plaintiff, Pro Se
4537 13th Avenue S
Seattle, WA 98108

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

Diana Bass
Plaintiff, Pro Se
PO Box 7364
Bellevue, WA 98008

Timofey Samoylenko
Plaintiff, Pro Se
1921 R. Street NE
Auburn, WA 98002

Mary Hallowell
Plaintiff, Pro Se
17505 462nd Avenue SE
North Bend, WA 98045

Samantha Bucari
Plaintiff, Pro Se
3546 S. 244th Street
Kent, WA 98032
sbucari2108@gmail.com

Ronald Stewart
Plaintiff, Pro Se
29506 51st Avenue South
Auburn, WA 98001

Lydia Zibin
Plaintiff, Pro Se
254 145th Place SE
Bellevue, WA 98007

Catherine Dodson
Plaintiff, Pro Se
42131 212th Avenue SE
Enumclaw, WA 98022

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 18th day of November, 2021.

*Jennifer L Revak*
JENNIFER REVAK
Legal Assistant – Litigation Section
King County Prosecuting Attorney's Office

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819