UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON, <br><br>        Plaintiffs,<br><br>v.<br><br>JULIE WISE, Directory of King County Elections; KING COUNTY, and DOES 1-30, inclusive,<br><br>        Defendants. | No. 2:21-cv-01394-RAJ<br><br>**DECLARATION OF DAVID J. HACKETT IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS** |

I, DAVID J. HACKETT, declare under penalty of perjury under the laws of the State of Washington as follows:

1. I am a King County Senior Deputy Prosecuting Attorney and one of the assigned attorneys for King County in this case. I am over eighteen years of age. I have personal knowledge of the facts contained in this declaration and am otherwise competent to testify to the matters in this declaration.

DECLARATION OF DAVID J. HACKETT IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

2. On October 22, 2021, King County mailed a copy of its proposed Fed. R. Civ. P. 11 motion to the Plaintiffs in this matter via First Class U.S. Mail. A cover letter informed Plaintiffs that the motion was being filed under Rule 11 and that King County was seeking sanctions, but that Rule 11(c) provided them "with a 21-day period to cure the deficiencies in your complaint, dismiss it, decide to adhere to its terms, or take other action that you may deem appropriate." The letter further scheduled a zoom conference call for November 15, 2021 at 10:00 a.m. to meet and confer regarding the Rule 11 motion and informed Plaintiffs that their participation in the meet and confer was required by this Court's general order. A copy of the letter with the attached proposed Rule 11 motion is attached as Exhibit 1.

3. As scheduled, the undersigned convened a meet and confer conference by Zoom on November 15, 2021 at 10:00 a.m. For Plaintiffs, those present at the conference were WEICU Attorney Virginia Shogren, Tim Samoylenko, Doug Basler, Cathy Dodson, and Lydia Zibin. The remaining pro se Plaintiffs did not attend despite the adequate advance notice, nor did any ask to reschedule the meeting. For Defendants, Ann Summers, Mari Isaacson, Jennifer Revak and myself were present.

4. I explained the basis for Defendants' Rule 11 motion. Ms. Shogren indicated her belief that Rule 11 did not apply to Plaintiffs' Complaint because it was filed in state court. I disagreed with this analysis and pointed out that a similar version of Rule 11 applies in state court. She further stated that no motions could be heard by the District Court prior to her remand motion. I also stated my disagreement with this position. We concurred that we would not be able to reach agreement on these and other legal points. I confirmed with Ms. Shogren that WEICU was not joining the non-public record act

DECLARATION OF DAVID J. HACKETT IN
SUPPORT OF DEFENDANTS' MOTION FOR
RULE 11 SANCTIONS - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

claims in the complaint. However, Ms. Shogren pointed out that WEICU was specifically joining the factual allegations in the complaint as stated in paragraph 49. Finally, I asked the individual Plaintiffs if they had any questions or concerns about the Rule 11 motion. No one spoke. Unsure if my computer equipment was working, I posed the question again and confirmed that I was heard. Again, no one spoke.

DATED this 18th day of November, 2021.

 _____
 DAVID J. HACKETT

DECLARATION OF DAVID J. HACKETT IN
SUPPORT OF DEFENDANTS' MOTION FOR
RULE 11 SANCTIONS - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

# EXHIBIT 1
**DECLARATION OF DAVID J. HACKETT IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

**EXHIBIT 1**

# KING COUNTY PROSECUTING ATTORNEY'S OFFICE



**DANIEL T. SATTERBERG**
PROSECUTING ATTORNEY

JUSTICE
COMPASSION
PROFESSIONALISM
INTEGRITY
LEADERSHIP

October 22, 2021

Doug Basler
1851 Central Place S, Suite 123
Kent, WA 98032

Re: *WEICU, et al. v. Wise, et al.*, No. 2:21-cv-01394-RAJ

Mr. Basler,

In accord with the enclosed motion, King County believes that your complaint was signed and verified contrary to the requirements of Federal Rule of Civil Procedure 11. King County will be asking the Court to award sanctions against each of you jointly and severally. The enclosed motion details the reasons that we believe your complaint to be legally and factually frivolous. In accord with Rule 11(c), you are being provided with a 21-day period to cure the deficiencies in your complaint, dismiss it, decide to adhere to its terms, or take other action that you may deem appropriate.

On November 15, 2021, we have scheduled a Zoom call at 10:00 a.m. to meet and confer regarding King County's plan to file the attached motion to sanction plaintiffs under Rule 11. Your participation in this process is required by the Court's general order. We look forward to discussing and understanding your position. In order to join the Zoom meeting, please call the following number: (253) 215 8782. The meeting ID is 853 9223 5881. The meeting passcode is 453285.

If you would like the invitation to this meeting to be sent to you via email, please email Ms. Kris Bridgman at kris.bridgman@kingcounty.gov. If you have any difficulty, please call Ms. Bridgman at (206) 477-1261.

Thank you for your attention to this matter.

Sincerely,

David Hackett
Senior Deputy Prosecuting Attorney
Attorney for King County Defendants

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON,<br><br>Plaintiffs,<br><br>v.<br><br>JULIE WISE, Directory of King County Elections; KING COUNTY, and DOES 1-30, inclusive,<br><br>Defendants. | No. 2:21-cv-01394-RAJ<br><br>KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11<br><br>*Noted for:* |

## I. IDENTIFY OF MOVING PARTY AND RELIEF REQUESTED

Spurious and destructive allegations about election integrity attack the heart of our democracy. Making such allegations "without a valid legal basis or serious independent personal investigation into the facts [is] the height of recklessness." *O'Rourke v. Dominion Voting Sys. Inc.*, ___ F.Supp.3d ___, 2021 WL 3400671, at *24 (D. Colo. Aug. 3, 2021). The misuse of the courts to perpetuate groundless conspiracy theories about the 2020 election similar to those proffered by Plaintiffs has caused two federal courts to impose sanctions under Fed. R. Civ. P. 11. *See Id.* (Sanctions awarded because election "lawsuit was filed with a woeful lack of

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

investigation into the law and (under the circumstances) the facts."); *King v. Whitmer*, __ F.Supp.3d ___, 2021 WL 3771875, at *1 (E.D. Mich. Aug. 25, 2021) (Imposing sanctions on plaintiff's attorneys, Sidney Powell and others, for "a historic and profound abuse of the judicial process."). Because Plaintiffs have each signed and verified a complaint predicated on legal theories and factual averments that blatantly violate Fed. R. Civ. P. 11, Julie Wise and King County ("King County Defendants") respectfully request imposition of sanctions under Rule 11 against each Plaintiff personally.

## II. FACTS

Seeking to perpetuate the "Big Lie" that has recently infected American civic life,[1] Plaintiff's complaint alleges that Elections Director Julie Wise and King County engaged in a nefarious plot to rig the 2020 election. Throughout their conspiracy laden complaint, Plaintiffs[2] allege that Director Wise used "an uncertified voting system, allowing or facilitating vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification." Dkt. ___ (Complaint ¶5). None of Plaintiffs assert any personal

---

[1] The Big Lie refers to efforts by former President Trump and others to claim that the 2020 election was stolen from him despite overwhelming evidence to the contrary. *See generally* Zachary B. Wolf, *The 5 Key Elements of Trump's Big Lie and How It Came to Be*, CNN (May 19, 2021)(last accessed on 10/15/2021 at https://www.cnn.com/2021/05/19/politics/donald-trump-big-lie-explainer/index.html); Alison Durkee, *"Big Lie" Election Audits Go On After Arizona: Here's What's Happening in Wisconsin, Pennsylvania-And Now Texas,"* Forbes (Sept. 26, 2021 (Last accessed on 10/18/2021 at https://www.forbes.com/sites/alisondurkee/2021/09/26/big-lie-election-audits-go-on-after-arizona-heres-whats-happening-in-wisconsin-pennsylvania-and-now-texas/?sh=2d4fe6132f43).

[2] The complaint identifies certain claims as being brought by "Citizen Plaintiffs v. Director," while the claim under Washington's Public Records Act ("PRA"), chapter 42.56 RCW is brought by "Plaintiff WEiCU v. Director and County." Although Plaintiff WEICU's formal claim is limited to the PRA, its Director, Tamborine Borrelli, nonetheless signs the entire complaint and personally swears to the veracity of the entire complaint. As such, this motion is brought against all Plaintiffs in this action.

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

knowledge in support of the complaint's rash allegations. Instead, they assert that that they "are informed and believe and theron allege . . . ." *E.g., id.* at ¶¶ 14, 15, 18, 25, 26, 34.

Despite a lack of any personal knowledge or other competent proof, Plaintiffs directly accuse Director Wise of serious malfeasance, if not criminal offenses:

- "Plaintiffs are further informed and believe and theron allege, that in November 2020, Director personally certified the County's tabulation results generated by Uncertified Voting System for the Election, and that such act was in further error or neglect under state and federal law." *Id.* at ¶15.

- "Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election." *Id.* at ¶25

- "Plaintiffs are informed and believe and theron allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. *Plaintiffs are informed and believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Director*." *Id.* at ¶26 (emphasis added).

- "Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots case by County electors in the Election by Party preference." *Id.* at ¶34.

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

- "Plaintiffs are informed and believe and thereon allege, that Director engaged in wrongful acts, errors, and/or neglect of duty by allowing and/or facilitating loosely connected zip ties on ballot collection and/or storage boxes preventing a secure chain of custody and allowing, *inter alia*, space for insertion and/or removal of original ballots." *Id.* at ¶ 42.

Based on these allegations, Plaintiffs seek damages and injunctive relief on various federal and state constitutional theories, as well as damages under 42 U.S.C. §1983.

Plaintiffs essentially admit that they chose to file their complaint without evidence to support their allegations even though such evidence might very well refute their claims:

> Plaintiff WEiCU issued a records request for ballots **to confirm or deny** the conduct and seeks a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110, for a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor or approximately 2.1 million ballots.

Dkt. ___ (Complaint ¶5; emphasis added). In later portions of their complaint, Plaintiffs aver that they have not received these ballots, but apparently opted to file the lawsuit anyway.

Likewise, all Plaintiffs decided to verify their complaint under penalty of perjury. Each Plaintiff has filed the same verification form, which plainly indicates the limits of their knowledge and the inadequacy of their inquiry despite the serious circumstances of this case. Importantly, they admit that they have no personal knowledge apart from what they have been told: "I am informed and believe that the matters stated [in the complaint] are true and correct and on that ground I allege that the matters stated therein are true." *Id.* (Complaint at pp. 22-27). In essence, Plaintiffs swear to the allegations in the complaint merely because someone told them that the allegations were true and they believed that person.

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

### III. ISSUES

Should the court impose sanctions against each Plaintiff personally under Rule 11 for the non-PRA claims in the complaint when each plaintiff signed and verified the complaint in violation of Rule 11(b)?[3]

### IV. LEGAL ARGUMENT

**A. RULE 11 APPLIES TO PRO SE PARTIES.**

By its terms, Rule 11 applies to both attorneys and "unrepresented parties" who sign and file pleadings and other papers with the court. Rule 11(b). As such courts have applied Rule 11 "to *pro se* plaintiffs in assessing both the reasonableness of the behavior and the appropriate measure of sanctions." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). *See also W.V. ex rel. N.V. v. Encinitas Union Sch. Dist.*, 289 F.R.D. 308, 312 (S.D. Cal. 2012) (pro se litigants subject to sanctions). Application of Rule 11 sanctions to pro se plaintiffs is especially appropriate in cases that advance election conspiracy claims in order to prevent pro se plaintiffs from operating as "cat's paws" for unscrupulous attorneys.[4]

When signing a pleading, a person "certifies that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*" that:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[3] To be clear, the King County Defendants do not seek sanctions arising from Plaintiff WEICU's PRA claims. Although incorrect as a matter of law, the PRA claims do not meet the Rule 11 standards of frivolity.

[4] Attorneys who have advanced similar complaints in court have faced disciplinary proceedings. For example, attorney Rudolph Giuliani has been suspended from the practice of law in New York state for communicating "demonstrably false and misleading statements to courts, lawmakers and the public at large in his capacity as a lawyer . . . in connection with [former President] Trump's failed effort at reelection in 2020." *In re the matter of Giuliani*, No. 2021-00506 at p. 2 (N.Y App. Div. May 3, 2021).

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

      **(2)** *the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;*
      **(3)** *the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;* and
      **(4)** *the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.*

*Id.* (emphasis added). Each person who signs a complaint has a "'personal, nondelegatable responsibility' to comply with the requirements of Rule 11 before signing a complaint." *O'Rourke*, 2021 WL 3400671, at *11 (*quoting Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 127, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989)).

If a person signs and files a pleading in violation of Rule 11, "the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation." Rule 11(c)(1). However, Rule 11 provides the opportunity for an offending party to correct their error without facing a sanction. In accord with Rule 11(c) "safe harbor" provisions, the King County Defendants have served each Plaintiff with an advance copy of this motion and waited 21 days before filing the motion with the court. Dkt. \_\_\_ (Decl. of Hackett). During this period, each Plaintiff has had the opportunity to avoid sanctions by bringing themselves into compliance with Rule 11.[5] *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638–39 (9th Cir. 2010) ("Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion.").

The Ninth Circuit has explained the test for determining when a *complaint* is filed in violation of Rule 11:

---

[5] The Court also has authority to sanction both litigants and attorneys under its inherent power. *de Borja v. Razon*, 336 F.R.D. 620, 631 (D. Or. 2020).

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430 Fax (206) 296-8819

When, as here, a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir.2002) (internal quotations and citation omitted). As shorthand for this test, we use the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir.1996).

*Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005). Rule 11 sanctions are governed by "an objective standard of reasonable inquiry." *De Borja*, 336 F.R.D. at 631. "Not all of a complaint's claims must be frivolous for Rule 11 sanctions to be appropriate." *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1080 (D. Or. 2010). Here, Plaintiff's complaint violates this standard.

**B. Plaintiffs Have Violated Rule 11 Because They Have No Colorable Legal Basis For Standing.**

Plaintiffs complaint is legally baseless and it was filed despite substantial authority rejecting standing that any reasonable and competent Plaintiffs' inquiry should have revealed. Even a cursory review of similar election conspiracy cases quickly demonstrates that they fail for lack of standing. As pointed out in *O'Rourke* – a case that was available when Plaintiff's filed their complaint, "[t]he most patent deficiency in Plaintiffs' wide-ranging, scatter-shot Complaint was the individual Plaintiffs' lack of standing." 2021 WL 3400671, at *6–7. *Accord King v. Whitmer*, 2021 WL 3771875, at *20 (At inception of lawsuit, Plaintiffs' claims were barred by standing.) Indeed, a "'veritable tsunami' of adverse precedent" precludes Plaintiffs' standing to bring their complaint, which raises only generalized complaints about the 2020 election that are equally applicable to every registered voter and impacted Plaintiffs in the same way. *O'Rourke*, 2021 WL 3400671, at *8. Because Plaintiffs can claim no individualized injury different from

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

other voters, their complaint is legally deficient under Rule 11 for lack of standing and their lack of any reasonable inquiry into the law merits sanctions.

C.  **Plaintiffs Failed to Make An Adequate Factual Inquiry**

Similarly, Plaintiffs complaint is factually baseless and unsupported by any reasonable and competent inquiry into facts. Under Rule 11, a plaintiff is required to make an inquiry into the factual basis of a complaint that is "reasonable under the circumstances." As pointed out in *O'Rourke*, a person making a reasonable inquiry into the facts should have been on notice that generalized allegations of election rigging and fraud are suspect:

> Plaintiffs' counsel should have been on notice as to the serious, publicly reported doubts as to the validity of election-rigging or election fraud allegations, and the associated importance of conducting extensive, objective, and independent due diligence before filing. Given the circumstances of this case, it was not enough to merely accept as true (or potentially true) what might be stated in the media, what had been pushed out over the Internet, or even what was included in other lawsuits filed around the country. *Some effort at independent verification by the lawyers who signed the Complaint was required*.

2021 WL 3400671, at *15 (emphasis added). The "circumstances" surrounding conspiratorial challenges to the 2020 elections challenges involve a former President who refused to concede an election that he lost, who actively worked with his allies to undermine American democracy, and who incited an insurrection at the Capitol. *Id.* at *22.

These circumstances require a heightened degree of due diligence before waging a challenge to a long-certified election: "Given the volatile political atmosphere and highly disputed contentions surrounding the election both before and after January 6, 2021, *circumstances mandated that Plaintiffs' counsel perform heightened due diligence, research, and investigation before repeating in publicly filed documents the inflammatory, indisputably damaging, and potentially violence-provoking assertions about the election having been rigged or stolen*." *Id.* at *23 (emphasis added). Plaintiffs, who affirmatively chose to wade into these

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

murky and fetid waters, failed a normal inquiry into the facts, much less the heightened one that was reasonable and competent under the circumstances.  *See generally* Lewis and Sparks, *In Defense of the Foundation Stone: Deterring Post-Election Abuse of the Legal Process*, 55 Ga L. Rev. 1649 (Summer 2021) ("Rule 11 sanctions, statutory remedies, and other consequences must be employed when litigants baselessly challenge election results, or the courts will find themselves regularly enlisted in efforts to confer false legitimacy on misinformation campaigns.").

### 1. Contrary to Rule 11, Plaintiffs Admit that they Lack Any Personal Knowledge of Their Allegations.

As noted above, Plaintiffs' sworn verifications disavow any personal knowledge and instead rely on what some unspecified and unnamed persons have told them.  This is consistent with the averments in the complaint, which similarly claim no instances of personal knowledge by any Plaintiff.  Without personal knowledge or any investigation into actual facts, Plaintiff's allegations amount to nothing more than rumor and innuendo.  *See O'Rourke,* 2021 WL 3400671, at *28 ("Affidavits from one hundred fifty new plaintiffs who lacked personal knowledge of any election fraud or conspiracy between Defendants, and who suffered no particularized injury, added nothing to the lawsuit.").  An objectively reasonable factual inquiry under Rule 11 requires far more than simply being told something by someone and believing that it's true.

### 2. Rule 11 Does Not Allow a Plaintiff to Proceed on Their "Beliefs" Alone

Both in the complaint and in their verifications, Plaintiffs acknowledge that the allegations in the complaint merely constitute their personal "beliefs."  However, "an 'empty-head' but 'pure-heart' does not justify lodging patently unsupported factual assertions." *King v. Whitmer*, 2021 WL 3771875 at *24.  Plaintiffs have undertaken no factual inquiry, much less a

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

reasonable one. As a result, they should be sanctioned for filing a complaint in violation of Rule 11. *See In re Kunstler*, 914 F.2d 505, 515–16 (4th Cir. 1990) (Representing allegations in a complaint as the "beliefs" of a party does not avoid Rule 11 sanctions.).

### 3. Plaintiff's Violate Rule 11 By Filing a Complaint Where Factual Allegations are Based on a Planned Future Review of Ballots that is Foreclosed by Binding Precedent

In their complaint, Plaintiffs freely admit that *they cannot prove their core allegations of election fraud without access to the ballots* from the 2020 election. Dkt. ___ (Complaint at ¶5). They cite non-Washington law to claim that the ballots "are public records and subject to inspection." *Id.* at ¶55. However, binding Washington precedent completely forecloses Plaintiffs' access to the ballots and their so-called "audit."[6] Tabulated ballots are not subject to public disclosure under the PRA. *White v. Clark Cty.*, 199 Wash. App. 929, 934, 401 P.3d 375, 378 (2017), *rev. denied* 189 Wn.2d 1031 (2018). Because *White* is controlling law, Plaintiffs' decision to make wild allegations of election fraud by Director Wise that they can only prove or disprove with ballots that are unavailable to them is objectively unreasonable. *See In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990) ("The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis.").

---

[6] Subject to strict time limits, Washington law allows orderly challenges to election results. For example, a recount under statutory procedures may be requested within two business days after the county canvassing board has declared the official results of an election. RCW 29A.64.011. No later than 10 days following election certification, an elector may contest an election by initiating a court proceeding by affidavit and claiming a wrongful act, neglect or error by elections officials. RCW 29A.68.013. Plaintiffs request for their own "audit" falls well outside these statutory procedures and statutory limitations periods.

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819

## V. CONCLUSION

Plaintiffs' complaint challenging the 2020 election violates the requirements of Rule 11. This court should follow District Judges in Colorado and Michigan by sanctioning their behavior. Plaintiffs should be held jointly and severally liable for attorney fees and costs incurred by King County in this matter in defending against Plaintiffs' non-PRA claims.

DATED this 21st day of October, 2021.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ David Hackett*
ANN SUMMERS, WSBA #21509
DAVID J. HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney
Attorneys for Defendants
1191 Second Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 296-0430/Fax: (206) 296-8819
david.hackett@kingcounty.gov

KING COUNTY DEFENDANTS' MOTION FOR SANCTIONS
UNDER RULE 11 [No. 2:21-cv-01394-JCC] - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 296-0430  Fax (206) 296-8819