The Honorable Richard A. Jones
United States District Court Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON,<br><br>Plaintiffs,<br><br>v.<br><br>JULIE WISE, Directory of King County Elections; KING COUNTY, and DOES 1-30, inclusive,<br><br>Defendants. | No. 2:21-cv-01394-RAJ<br><br>**KING COUNTY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS UNDER RULE 11**<br><br>*Noted for December 3, 2021*<br>*Without Oral Argument* |

## I. INTRODUCTION

In responding to a Fed. R. Civ. P. 11 motion, Plaintiffs would have been expected to demonstrate how they complied with their obligations under the rule.  However, the individual Plaintiffs make no effort to demonstrate their legal standing to raise various declaratory, injunctive, and constitutional claims against the conduct of the November 2020 general election by Director Wise.  All Plaintiffs, including WEICU, fail to show that they made any inquiry, much less a reasonable one, regarding the spurious factual allegations of the complaint.  Rather

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

than demonstrating their compliance with Rule 11, Plaintiffs merely repeat those allegations verbatim as though repeating them somehow enhances their factual basis. Because Rule 11 applies to Plaintiffs and because they have violated it, this Court should grant Defendants' motion and award sanctions.

## II. LEGAL ARGUMENT

### A. THE PENDING MOTION TO REMAND DOES NOT PRECLUDE CONSIDERATION OF THIS RULE 11 MOTION

Plaintiff WEICU's claim that all motions, including this Rule 11 motion, can only be brought after a decision on its motion to remand misstates the law. WEICU neither sought nor was granted a stay of proceedings pending a decision on its motion for remand. As such, it was required to respond to Defendants' motion in full. For the reasons stated in response to WEICU's motion to remand, it fails on the merits by inexplicably overlooking the law surrounding supplemental jurisdiction. *See* Dkt. 25 (Defendant's Response to Motion to Sever and Remand).

### B. WEICU AND PRO SE PLAINTIFFS ARE WRONG THAT RULE 11 DOES NOT APPLY TO THEIR REMOVED COMPLAINT

Without citing any case law or analyzing the text of Rule 11, WEICU and Pro se Plaintiffs posit that their complaint is not subject to "federal pleading standards or Federal Rule of Civil Procedure Rule 11" because it was filed in state court and then removed. This itself is a frivolous argument.

The obligations of Rule 11 apply not only to "signing" the complaint, but also to "filing, submitting, or later advocating it." Rule 11(b). The 1993 amendments to Rule 11 added this language. As explained in the official commentary:

> However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, *but include*

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

> *reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.* For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as "presenting to the court" that contention and would be subject to the obligations of subdivision (b) measured as of that time. *Similarly, if after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as "presenting"--and hence certifying to the district court under Rule 11--those allegations.*

Rule 11 Official commentary, 1993 Amendments, subdivision (b) and (c) (emphasis added).

In *Buster v. Greisen*, 104 F.3d 1186, 1190 n. 4 (9th Cir. 1997), *abrogated on other grounds by Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102 (9th Cir. 2011), the Ninth Circuit recognized the impacts of these amendments on removed cases:

> Buster's argument that the district court could not impose sanctions based upon a complaint filed in state court ignores the 1993 amendments to Rule 11. Although prior to the amendments conduct was measured only at signing, *see Hurd v. Ralphs Grocery Co.*, 824 F.2d 806, 808 (9th Cir.1987), Rule 11 now authorizes sanctions for "presenting to the court (whether by signing, filing, submitting, or *later advocating* )" a document otherwise sanctionable. . . . Buster has continued to urge the allegations in his complaint since removal.

(Emphasis in original). *See also Galvan v. Walt Disney Parks & Resorts, U.S., Inc.*, No. CV 18-01721-AB (FFM), 2019 WL 8017806, at *2 (C.D. Cal. Dec. 20, 2019) (noting that Rule 11 applies to a removed complaint when the allegations are later advocated in federal pleadings).

Here, there is no doubt that all Plaintiffs have continued to advocate the unfounded allegations in the complaint. In responding to this motion for sanctions, Plaintiff WEICU quoted and reprinted verbatim nearly ever allegation in the complaint, including those incorporating all paragraphs in the complaint from ¶¶ 1-48. Dkt. 30 at 7-10. This pleading is signed by Ms. Shogren on WEICU's behalf. All individual Plaintiffs, except Mary Hallowell,[1] signed a joinder of WEICU's opposition to Defendants' Rule 11 motion. Dkt. 30-1 at 1-2.

---

[1] King County acknowledges that Ms. Hallowell alone has not later advocated for the factual allegations in the complaint, and thus, is not subject to Rule 11. Indeed, apart from signing the

| KING COUNTY DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 3 | **Daniel T. Satterberg**, Prosecuting Attorney<br>CIVIL DIVISION, Litigation Section<br>1191 Second Avenue, Suite 1700<br>Seattle, Washington 98101<br>(206) 477-1261  Fax (206) 296-8819 |
|---|---|

1    In addition, WEICU and attorney Shogren have actively advocated for the allegations in the complaint through the Motion to Remand.  *See* Dkt. 12 at 3 (Motion to Remand; arguing that causes of action XVII-XIX "stem purely from, and hinge upon, the findings and evidence obtained from election irregularities"); Dkt. 12-1 (Shogren Decl.; arguing that federal claims are "entirely dependent on findings of election irregularities").  In opposing the Democratic Central Committee's motion to intervene, WEICU extolled the virtues of "[a] legal action that brings transparency and truth to King County's elections process."  Dkt. 19 at 8.

In responding to Defendants' motion to dismiss, WEICU again cited paragraph 49 in the complaint, which fully incorporates paragraphs 1 through 48.  These incorporated paragraphs include all of the complaints' reckless and groundless factual averments, including the claim that Director Wise used "an uncertified voting system, allowing or facilitating vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification."  Dkt. 1-1 at 3 (Complaint ¶5).  By itself, opposing a motion to dismiss is "later advocating" under the terms of Rule 11.  *Cornfield v. Pickens*, No. CV-16-00924-PHX-ROS, 2017 WL 6527299, at *7 (D. Ariz. July 25, 2017) (unpublished).

Thus, because WEICU and eight individual Plaintiffs have consistently advocated for the claims and factual averments raised in their complaint following removal, they are subject to the strictures of Rule 11 in this proceeding.[2]

---

complaint, she has completely failed to participate in these proceedings.  She has failed to participate in any meet and confer, nor has she provided an email address for correspondence.  *See* Dkt. 18 at 1-2; Dkt. 27 at 3.

[2] Plaintiffs' notion that Washington Civil Rule 11 would permit their reckless allegations is also incorrect.  CR 11 does not allow an averment based only on "information and belief," but also requires "an inquiry reasonable under the circumstances."  Plaintiffs' complaint and their response to this Rule 11 motion reveal no inquiry at all, much less a reasonable one.  Moreover, because CR 11 is modeled after Rule 11, Washington Courts look to federal decisions for

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

### C. THE INDIVIDUAL PLAINTIFFS FILED THIS CASE WITHOUT ANY COLORABLE STANDING TO RAISE THEIR FEDERAL CLAIMS

In seeking sanctions, Defendants point to the "veritable tsunami" of authority rejecting the standing of individual plaintiffs to raise to conspiratorial challenges to the conduct of an election.  Dkt. 26 at 6-7.  The individual Plaintiffs, consistent with their violation of Rule 11, point to no cases that would support their standing to prosecute causes of action XVII – XIX (which claim constitutional violations and damages under Section 1983), or their standing to raise causes of action V, VI, VIII, IX, XI, XII, XIV, or XV (which seek declaratory judgment and injunctive relief).  In the face of Defendants' motion, they have presented no argument to support a reasonable and informed belief that their "claims . . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Rule 11(b)(2).  Sanctions are warranted because Pro se Plaintiffs lacked any nonfrivolous basis in law to claim standing to bring their generalized grievances about the conduct of the November 2020 election by Director Wise.

Rather than establish an arguable basis for standing for the bulk of their claims, pro se Plaintiffs instead assert standing to proceed under RCW 29A.68.013, which at best, applies only to causes of action IV, VII, X, XIII – the only causes of action that rely on this statute.  Standing on a few causes of action, however, does not relieve them of their Rule 11 obligations for the rest of the complaint.  Even if they had a colorable claim under RCW 29A.68.013, standing to raise one cause of action does not permit them to raise numerous other causes of action where they lack standing.  *See DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352, 126 S.Ct. 1854, 164

---

guidance on interpreting CR 11.  *Biggs v. Vail*, 124 Wn.2d 193, 196–97, 876 P.2d 448, 451 (1994); *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 218–19, 829 P.2d 1099, 1104 (1992).

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

L.Ed.2d 589 (2006) ("[O]ur standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press.").

Regardless, their claims under RCW 29A.68.013 are also frivolous. As pointed out in Defendants' motion to dismiss, any challenge under this statute is limited to 10 days after certification of the 2020 election, which happened on November 24, 2020. Dkt. 17 at 12-13. Plaintiffs offer no argument, much less a nonfrivolous one, that would bring their action within the applicable 10-day limitations period.[3]

**D. PLAINTIFFS' ALLEGATIONS BASED ON UNCRITICAL AND UNINFORMED "BELIEFS" VIOLATE RULE 11**

In responding to Defendants' motion for sanctions, Plaintiffs simply repeat their frivolous allegations verbatim without any explanation of the steps they took to ensure the veracity of those allegations. Without any proof or citation, they simply assert that they have "substantial evidence to support the allegations in the Verified Complaint obtained from multiple declarants, publicly available information, and credible informants." Dkt 30 at 10. They then state that "during discovery" they "will seek additional evidence about Director Wise's actual or constructive knowledge of the alleged wrongful acts and neglect of duty occurring during her term of office and on her 'watch.'" *Id.* at 10-11. But this falls far short of demonstrating the necessary inquiry under Rule 11 *before* making the allegations in the complaint. They needed to "show their work" to prove that their complaint complied with the reasonable inquiry necessitated by the rule, especially in the volatile context of the 2020 general election.[4]

---

[3] WEICU argues its standing to raise a PRA claim. King County explicitly made no challenge to WEICU's standing to raise its PRA claim. Dkt. 26 at 5 n.3.

[4] WEICU and attorney Shogren, who appear to be the moving force behind the complaint, admit that "WEICU has incorporated the allegations [of the complaint] into its PRA claim." Dkt. 30 at 2 n.1.
KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

Plaintiffs cannot avoid Rule 11 sanctions by making oblique references to undisclosed documents and other secret sources; this is not proof of a reasonable inquiry.

The points in Defendants' motion for sanctions stand unrefuted. Plaintiffs do not deny that they lack any personal knowledge of the serious and spurious allegations against election officials raised in their own complaint. Their own verification statements show the extent of their inquiry: someone told them that their allegations were true and they believed them. But belief in a conspiracy is not an inquiry. Moreover, they make no effort to explain how it is reasonable to make inflammatory allegations based on bare hope that those allegations will be borne out by an "audit" of ballots that are exempted from disclosure under binding PRA case law. In short, Plaintiffs fail under the Rule 11 factual inquiry standard and should be sanctioned for making reckless factual accusations in their complaint.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully asks this Court to grant its motion for Rule 11 sanctions. *See King v. Whitmer*, No. 2:20-cv-13134-LVP-RSW, Dkt. 179 (E.D. Mich. December 2, 2021) (awarding total sanction of $175,250.37 pursuant to August 25, 2021 opinion); *O'Rourke v. Dominion Voting Systems*, No. 20-cv-03747-NRN, Dkt. 169 (D.C. Col. November 22, 2021) (awarding a total of $186,952.50 in sanctions pursuant to August 3, 2021 opinion).

/ /

/ /

/ /

/ /

/ /

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

DATED this 3rd day of December, 2021.

                DANIEL T. SATTERBERG
                King County Prosecuting Attorney

By: *s/ Ann M. Summers*
ANN M. SUMMERS, WSBA #21509

*s/ David J. Hackett*
DAVID J. HACKETT, WSBA #21236

*s/ Mari Isaacson*
MARI ISAACSON, WSBA #42945

Senior Deputy Prosecuting Attorneys
Attorneys for Defendants
1191 Second Avenue, Suite 1700
Seattle, WA 98101
Phone: (206) 296-0430/Fax: (206) 296-8819
ann.summers@kingcounty.gov
david.hackett@kingcounty.gov
mari.isaacson@kingcounty.gov

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF E-filing system which will send notification of such filing to the following:

Virginia Pearson Shogren
VIRGINIA SHOGREN PC
961 W Oak Court
Sequim, WA 98382
vshogren@gmail.com
Attorney for Washington Election Integrity Coalition United

Kevin J. Hamilton, WSBA No. 15648
Amanda J. Beane, WSBA No. 33070
Reina A. Almon-Griffin, WSBA No. 54651
Nitika Arora, WSBA No. 54084
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
KHamilton@perkinscoie.com
ABeane@perkinscoie.com
RAlmon-Griffin@perkinscoie.com
NArora@perkinscoie.com
Attorneys for Intervenor Washington State Democratic Central Committee

And I hereby certify that I sent a copy of the document via US Postal service to the following:

Doug Basler
Plaintiff, Pro Se
1851 Central Place S. Suite 123
Kent, WA 98032

Howard Ferguson
Plaintiff, Pro Se
4357 13th Avenue S
Seattle, WA 98108

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

Diana Bass
Plaintiff, Pro Se
PO Box 7364
Bellevue, WA  98008
dbcalling@protonmail.com

Timofey Samoylenko
Plaintiff, Pro Se
1921 R. Street NE
Auburn, WA  98002

Mary Hallowell
Plaintiff, Pro Se
17505 462nd Avenue SE
North Bend, WA  98045

Samantha Bucari
Plaintiff, Pro Se
3546 S. 244th Street
Kent, WA  98032
sbucari2108@gmail.com

Ronald Stewart
Plaintiff, Pro Se
29506 51st Avenue South
Auburn, WA  98001

Lydia Zibin
Plaintiff, Pro Se
254 145th Place SE
Bellevue, WA 98007
lydiazib@gmail.com

Catherine Dodson
Plaintiff, Pro Se
42131 212th Avenue SE
Enumclaw, WA 98022

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

/     /

/     /

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819

1  DATED this 3rd day of December, 2021.

2

3  _____
   JENNIFER REVAK
   Legal Secretary – Litigation Section
4  King County Prosecuting Attorney's Office

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

KING COUNTY DEFENDANTS' REPLY IN SUPPORT
OF THEIR MOTION FOR SANCTIONS UNDER RULE 11 - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
1191 Second Avenue, Suite 1700
Seattle, Washington 98101
(206) 477-1261  Fax (206) 296-8819