HONORABLE LAUREN KING

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON,<br><br>      Plaintiffs,<br><br>      v.<br><br>JULIE WISE, Director of King County Elections; KING COUNTY, and DOES 1-30, inclusive,<br><br>      Defendants. | Case No. 2:21-cv-01394-LJK<br><br>SUPPLEMENTAL BRIEFING RE REMAND |

Per the Court's Order dated August 5, 2022, Plaintiff Washington Election Integrity Coalition United ("WEiCU"), without appearance, and with full reservation of rights, respectfully submits the following supplemental briefing re: remand upon review of *Polo v.*

SUPPLEMENTAL BRIEFING RE REMAND

1

*Innoventions Int'l, LLC*, 833 F.3d 1193 (9th Cir. 2016) ("*Polo*") and *Britton v. Cnty. of Santa Cruz*,

No. 19-CV-04263-LHK, 2020 WL 4197609 (N.D. Cal. 2020) ("*Britton*").

As made clear by the *Polo* and *Britton* decisions, where a Defendant asserts that a

Plaintiff lacks Article III standing for claims in a removed action, as is the situation here, the

Court lacks subject matter jurisdiction requiring remand:

> By arguing that Plaintiffs lack Article III standing, Defendants in effect concede
> that the Court lacks subject matter jurisdiction over Plaintiff's Section 1983 claim
> because standing is a requisite component of subject matter jurisdiction.

*Britton*, at pp. 6-7.  Here, as in *Britton*, Defendants are moving for dismissal on grounds

including that Plaintiffs lack standing to bring their claims for injunctive or declaratory relief

(Causes of Action IV through XV) which form the factual and legal basis for Plaintiff's

declaratory, injunctive relief and Section 1983 claims (Causes of Action XVII through XIX).

Defendants' Motion to Dismiss, Document 17, pp. 9-10. Furthermore, Defendants openly

concede, as they must, that "[A]rticle III's standing requirements applies to cases that have been

removed to federal court." Defendants' Motion to Dismiss, Document 17, p. 10, ll. 18-20 (citing

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), *Lee v. Am. Nat. Ins. Co*., 260 F.3d 997, 1008

(9th Cir. 2001)).

Where Defendants themselves argue that Plaintiffs lack Article III standing to assert their

claims, "Defendants have failed to meet their burden to establish that the Court has subject

matter jurisdiction", and "[b]oth statute and Ninth Circuit precedent . . . make clear that remand

is the only appropriate option . . . ." *Britton*, at p.7 (citing *Polo* at 1196), 28 U.S.C. §1447(c). [1]

---

[1]"Remand is the correct remedy because a failure of federal subject-matter jurisdiction means
only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by

SUPPLEMENTAL BRIEFING RE REMAND

1

2

3

4

In addition, under the *Britton* decision, the Court may not exercise supplemental

jurisdiction over WEiCU's Public Records Action based on state law (Cause of Action XVI)

where the Court lacks original jurisdiction over any other claim:

5

6

> Because supplemental jurisdiction requires that the Court have original
> jurisdiction over at least one other claim, the Court may not exercise supplemental
> jurisdiction over Plaintiffs' state law declaratory relief claim.

7

8

*Britton*, at p. 10 (citing *Del Toro v. Centene Corp.*, No. 19-CV-05163-LHK, 2020 WL 1643861,

at *6 (N.D. Cal. April 2, 2020)).

9

10

11

12

13

14

Consequently, in view of *Polo* and *Britton*, this Court lacks subject matter jurisdiction

over any claims in the Verified Complaint. Because this Court lacks subject matter jurisdiction,

WEiCU hereby stipulates to full remand of all claims in the Verified Complaint notwithstanding

its present Motion to Sever and Remand claims under 28 U.S.C. §1441(c)(2). *Polo*, at 1194, 28

U.S.C. §1447(c).

15

16

17

Respectfully submitted,

VIRGINIA P. SHOGREN, P.C.

18

19

Dated: August 15, 2022

By: Virginia P. Shogren, Esq.

20

21

22

961 W. Oak Court
Sequim, WA 98382
360-461-5551
WEiCUattorney@protonmail.com

23

Attorney for Plaintiff WEiCU

24

25

26

27

the constraints of Article III." *Polo* at 1196, citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617
(1989).

28

SUPPLEMENTAL BRIEFING RE REMAND

CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, I electronically filed the following with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the counsel of record as indicated:

SUPPLEMENTAL BRIEFING RE REMAND

Ann M. Summers
David J.W. Hackett
Mari Isaacson
(Counsel for Defendants)

Kevin Hamilton
Reina Almon-Griffin
Amanda Beane
(Counsel for Proposed Intervenor)

And I hereby certify that I caused to be served the document via email provided by the following parties who are non CM/ECF participants:

Doug Basler
Howard Ferguson
Diana Bass
Timofey Samoylenko
Mary Hallowell
Samantha Bucari
Ronald Stewart
Lydia Zibin
Catherine Dodson


Dated: August 15, 2022          *s/ Virginia P. Shogren*
                                Virginia P. Shogren
                                961 W. Oak Court
                                Sequim, WA 98382
                                360-461-5551

SUPPLEMENTAL BRIEFING RE REMAND

4